UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Joseph F. Hutchison, *et al.*, | ) | Case No. 1:01-789 |
| | ) | |
| Plaintiffs, | ) | (Judge Beckwith) |
| | ) | |
| -v- | ) | |
| | ) | |
| Fifth Third Bancorp, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT FIFTH THIRD BANCORP'S ANSWER TO
PLAINTIFFS' SECOND AMENDED COMPLAINT**

Defendant Fifth Third Bancorp ("Defendant" and/or "Fifth Third"), by and through counsel, hereby answers Plaintiffs Joseph F. Hutchison and John A Buccheid's Second Amended Complaint, as follows:

1.  Defendant denies the allegations in paragraph 1 to the extent plaintiffs claim to be representatives of a class. Defendant further denies that either of the plaintiffs were beneficiaries, intended or otherwise, of any contract. Defendant denies the remainder of paragraph 1.

2.  Defendant admits that it is an Ohio corporation doing business in Ohio. Fifth Third further states that the Affiliation Agreement speaks for itself.

3.  Defendant denies that this is a proper class action, as alleged in paragraph 3.

4.  Defendant denies the allegations in paragraph 4 and specifically states that this action is not a proper class action.

5.  Defendant denies the allegations in paragraph 5.

6. Defendant denies the allegations in paragraph 6 and specifically states that the named plaintiffs are not typical of the class.

7. Defendant denies the allegations in paragraph 7.

8. Defendant admits that Suburban established an ESOP, as alleged in paragraph 8, but denies all other allegations not specifically admitted.

9. Defendant admits the allegations in paragraph 9 that there are limits on the amount of contributions that may be made to an ESOP, but denies all other allegations not specifically admitted.

10. Defendant admits, as alleged in paragraph 10, that there were limits on the amount of contributions to the ESOP, but denies all other allegations not specifically admitted.

11. Defendant admits that there were meetings between the parties, but denies that there are class members, as alleged in paragraph 11, and denies all other allegations not specifically admitted.

12. Defendant denies the allegations in paragraph 12.

13. Defendant denies the allegations in paragraph 13 and specifically states that the Affiliation Agreement speaks for itself.

14. Defendant denies the allegations in paragraph 14. Moreover, the copy of the Affiliation Agreement attached to the Complaint is incomplete.

15. Defendant denies the Plaintiffs' characterization of the Affiliation Agreement in paragraph 15 and specifically states that the Affiliation Agreement speaks for itself.

16. Defendant admits that some factors were unknown when the Affiliation Agreement was signed, but denies all other allegations in paragraph 16 not specifically admitted.

17. Defendant denies the allegations in paragraph 17 and specifically states that no such distribution was triggered under the express terms of the Affiliation Agreement.

18. Defendant admits the acquisition closed, but denies all other allegations in paragraph 18 not specifically admitted.

19. Defendant denies the allegations in paragraph 19 and specifically states that Suburban prepared the timetable described in the Affiliation Agreement.

20. Defendant admits that all shares in the reserves could not be legally allocated, but denies all other allegations in paragraph 20 not specifically admitted.

21. Defendant denies the allegations in paragraph 21 and specifically states that it was Suburban that created the timetable and its predictions.

22. Defendant denies the allegations in paragraph 22 and specifically states that the Affiliation Agreement speaks for itself.

23. Defendant denies Plaintiffs' efforts to characterize the terms of the Affiliation Agreement in paragraph 23; the Affiliation Agreement speaks for itself.

24. Defendant denies the allegations in paragraph 24 and specifically states that Suburban had the full responsibility for seeking IRS approval. Defendant further states that the Affiliation Agreement speaks for itself.

25. Defendant denies the allegations in paragraph 25 and specifically states that no reversion or transfer of assets occurred.

26. Defendant denies the allegations in paragraph 26 and specifically states that no such distribution is required, nor contemplated.

27. Defendant denies the allegations in paragraph 27 and specifically states that Fifth Third became the sponsor of the ESOP after the merger. Fifth Third admits that the ESOP was later amended fully within Fifth Third's rights to amend.

28. Defendant denies the allegations in paragraph 28 to the extent Plaintiffs contend that such demand was sufficient to exhaust administrative remedies under applicable law.

29. Defendant denies the allegations in paragraph 29.

30. Defendant denies the allegations in paragraph 30 to the extent Plaintiffs allege that Fifth Third has any obligation to Plaintiffs.

31. Defendant offers no response to paragraph 31 because it contains no allegation.

32. Defendant denies the allegations in paragraph 32.

33. Defendant denies the allegations in paragraph 33.

34. Defendant denies the allegations in paragraph 34.

35. Defendant denies the allegations in paragraph 35.

36. Defendant denies the allegations in paragraph 36.

37. Defendant denies the allegations in paragraph 37.

38. Defendant denies the allegations in paragraph 38.

39. Defendant denies the allegations in paragraph 39.

40. Defendant denies the allegations in paragraph 40.

41. Defendant denies the allegations in paragraph 41.

42. Defendant denies the allegations in paragraph 42.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fails to join indispensable parties and/or names persons in the case caption who are not parties to this action.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs have failed to exhaust their administrative remedies before filing suit.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the applicable statute of limitation.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrines of laches, waiver, ratification, acquiescence, payment, release and/or estoppel, and accord and satisfaction.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fails because the necessary conditions precedent have not occurred under the terms of the Affiliation Agreement.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims fail because of a lack of standing.

WHEREFORE, Defendant demands that the Second Amended Complaint be dismissed and judgment be entered in its favor, and that Defendant recover its costs, reasonable attorneys' fees, and all further relief to which it may be entitled.

      /s/ Sue A. Erhart
Patrick F. Fischer (0039671)
Sue A. Erhart (0066639)
1400 Provident Tower
One East Fourth Street
Cincinnati, Ohio 45202
Tel: (513) 639-3929
Fax: (513) 579-6457
serhart@kmklaw.com
pfischer@kmklaw.com
Attorneys for Defendant,
Fifth Third Bancorp

OF COUNSEL:

KEATING, MUETHING & KLEKAMP, PLL
1400 Provident Tower
One East Fourth Street
Cincinnati, Ohio 45202
(513) 579-6400

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing DEFENDANT FIFTH THIRD BANCORP'S ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT was served upon Richard G. Meyer and Todd V. McMurtry, Deters, Benzinger & LaVelle, P.S.C., 207 Thomas More Parkway, Crestview Hills, Kentucky 41017-2596, via the Court's electronic service list, this 21st day of December, 2004.

      /s/ Sue A. Erhart

1359711.1