**KEATING, MUETHING & KLEKAMP, P.L.L.**
ATTORNEYS AT LAW

1800 PROVIDENT TOWER
ONE EAST FOURTH STREET
CINCINNATI, OHIO 45202
TELEPHONE (513) 579-6400
TDD (513) 579-6461

FILE COPY

JEAN L. MUETHING
RONALD P. KLEKAMP
TIMOTHY A. GARRY
GARY P. KREIDER
DON R. GARDNER
MICHAEL J. BURKE
LOUIS F. GILLIGAN
HERBERT B. WEISS
JOSEPH P. ROUSE
RICHARD O. SIEGEL
JOSEPH L. TRAUTH, JR.
JAMES R. WHITAKER
J. DAVID ROSENBERG
ROBERT W. MAXWELL II
J. NEAL GARDNER
RICHARD L. CREIGHTON, JR.
PAUL V. MUETHING
JEROME C. RANDOLPH
JAMES E. BURKE
KEVIN E. IRWIN
TIMOTHY B. MATTHEWS

WILLIAM J. KEATING, JR
WILLIAM A. POSEY
JOSEPH P. MELLEN
MARK J. WEBER
GREGORY M. UTTER
ROBERT E. COLETTI
JAMES M JANSING
PATRICK F. FISCHER
DAVID K. MONTGOMERY
JAMES R. MATTHEWS
MICHAEL F. BIGLER
VIVIAN M. RABY
EDWARD E. STEINER
STEPHEN M. GOODSON
ROBERT G. SANKER
LISA WINTERSHEIMER MICHEL
W. KEITH NOEL
DANIEL J. DONNELLON
BRIAN M. BABB
LAURA L. WARREN

GAIL GLASSMEYER PRYSE
PAMELA MORGAN HODGE
KENNETH P. KREIDER
LAURA S. PETRIE
DANIEL E. IZENSON
GAIL T. KING
MARY ELLEN MALAS
MICHAEL L. SCHEIER
JODY KLEKAMP STACHLER
PAUL D. DORGER
MARK A. WEISS
JOSEPH M. CALLOW, JR.
DOUGLAS L. HENSLEY
ALAN S. PERSHTMAN
THOMAS E. FROOMAN

R. PATRICK DeWINE
STEVEN C. COFFARO
MICHAEL A. LOFTIS
HEATHER L. THURSTON
F. MARK REUTER
JENNIFER FRALEY HIEATT
MICHAEL P. BACEVICH
LAUREN WEINER COHN
CHRISTOPHER J. SKUFCA
CAMILLE K. KUSHMAN

WILLIAM J. KEATING
SHERYL M. LINNE
COUNSEL

*ALSO ADMITTED IN KENTUCKY

FACSIMILE (513) 579-6477

**ATTACHMENT "B"**

July 1, 1997

Direct Dial: (513) 579-6482

*Via Facsimile No. (202) 822-0140*
Mr. Daniel L. Hogans
Housley Kantarian & Bronstein, P.C.
Suite 700
1220 19th Street, N.W.
Washington, D.C. 20036

        RE:    <u>Suburban Bancorporation, Inc. ESOP</u>

Dear Dan:

    Pursuant to our telephone conference today, enclosed is a copy of paragraph 18 of your proposed 1997 ESOP Amendment with my handwritten changes. Essentially, the first paragraph would end with the sentence "The Plan shall terminate immediately thereafter." The remaining material in that first paragraph would be deleted, and the second paragraph would be deleted.

    Please note that these comments are limited to the termination issue, and I understand that other amendments may be necessary to implement the written description and timetable you will be proposing to close out the ESOP. In addition, I may provide you with other comments on the amendment after I have reviewed it in detail. I expect to complete that review either later today or tomorrow.

    In the meantime, please give me a call if you have any questions or comments.

                Very truly yours,

                KEATING, MUETHING & KLEKAMP, P.L.L.

                BY: *Stephen M. Goodson*
                      Stephen M. Goodson

ams
Enclosure
cc:  Mr. Paul L. Reynolds (via fax w/encl.)
      Mr. Daniel M. Keefe (via fax w/encl.)
      Ms. Lori Murdock (via fax w/encl.)

EXHIBIT 31
Deponent Reynolds
Date 6-6-05  Rptr. SD
WWW.DEPOBOOK.COM

SU1787

478816.1



1997 ESOP Amendment
Page 5

18. Section 17.1 of the Plan shall be amended by adding the following as its second paragraph:

*doesn't allow it for p/e 6/30/9Y*

> Notwithstanding any other provision of this Plan to the contrary, upon June 30, 1998, the outstanding balance of any Acquisition Loan or loans shall be discharged, either from the proceeds of the sale of unallocated Qualifying Employer Securities held as collateral under the Acquisition Loan or through the transfer of a number of such securities in satisfaction of some or all of the amount due under the Acquisition Loan, to the full extent that Annual Additions resulting therefrom do not exceed applicable limits under Code Section 415, as determined under Internal Revenue Service Private Letter Rulings 9648054 and 9426048. Qualifying Employer Securities released from collateral as a result of such partial or complete discharge of the Acquisition Loan shall be allocated to Participants' Accounts in accordance with Section 5.1 of the Plan. If all Acquisition Loans are discharged pursuant to this paragraph as of June 30, 1998, the Plan shall terminate on such date provided that to the extent that any Acquisition Loan cannot be discharged fully on such date due to the limitations of this paragraph, the remaining Acquisition Loan shall be discharged as soon as possible thereafter (subject to annual limits on Annual Additions applicable under Code Section 415). The Plan shall terminate immediately thereafter, and any unallocated assets remaining after the Acquisition Loan discharge shall in the discretion of Fifth Third Bancorp (i) be allocated in accordance with Section 5.1 of the Plan, (ii) be allocated pursuant to another tax-qualified retirement plan maintained by Fifth Third Bancorp, or (iii) revert to Fifth Third Bancorp.
>
> To the extent that unallocated assets remaining after the discharge of an Acquisition Loan are not allocated to Participants, Fifth Third Bancorp shall pay (out of corporate assets and not Plan assets) an amount equal to the value of such unallocated assets, reduced by expenses incurred, to Participants in the Plan as of the effective time of the merger of the Company into Fifth Third Bancorp. Such payment shall be distributed to such Participants pro rata based on their Account balances on June 30, 1997.
>
> Upon the Plan's termination, each Participant maintaining an Account under the Plan shall become 100% vested in the entire balance of his or her Account (including any allocation following the repayment of the Acquisition Loan). Participants' Accounts will be distributed as soon as is practicable after the effective date of the Plan's termination, provided that