**EXHIBIT "G"**

# HOUSLEY KANTARIAN & BRONSTEIN, P.C.
SUITE 700
1220 19TH STREET, N. W.
WASHINGTON, D. C. 20036

TELEPHONE
(202) 822-9611

TELECOPIER
(202) 822-0140

ALLAN D. HOUSLEY*
HARRY K. KANTARIAN
LEONARD S. VOLIN
GARY R. BRONSTEIN
JAMES C. STEWART
J. MARK POERIO*
HOWARD S. PAIBRS
K. SCOTT HBL
CYNTHIA R. CROSS
JOEL E. RAPPOPORT
JOAN S. GUILFOYLE*
DANIEL L. HOGANS*
KATHLEEN H. KIM
LI IE. D KEEGAN*
EVAN M. SLIBEL
PETER R. LEE*

*NOT ADMITTED IN DC

\* Via Telecopy \*

July 11, 1997

Stephen M. Goodson, Esquire
Keating, Muething & Klekamp, P.L.L.
1800 Provident Tower
Cincinnati, Ohio 45202

Re: <u>Suburban Bancorporation, Inc.</u>
    Employee Stock Ownership Plan

Dear Steve:

As discussed, attached is the updated 1997 Amendment to the above-referenced plan. New language is highlighted by double underline. I believe that the 1997 Amendment now incorporates all of your proposed changes and hope that you will confirm this as soon as possible. Unless you disagree, the attached amendment will be submitted for approval at Suburban's July 16, 1997 Board of Directors Meeting.

Also with the completion of this amendment, (i) the VCR Application should be ready for filing and we would like to proceed with that filing on Monday, July 14, 1997, and (ii) Suburban will proceed with the contributions and loan discharge contemplated by the amendment and the schedule for ESOP termination which we recently forwarded to you. Please advise us if there is any objection to these items.

I look forward to discussing any of these matters with you and as always, please do not hesitate to call with any questions.

Very truly yours,

Daniel L. Hogans

DLH:jp:1756
Enclosure
cc: Christopher L. Henn, Vice President and CFO
    <u>Suburban Bancorporation, Inc.</u>
    Paul L. Reynolds, Esquire
      Senior Vice President and General Counsel
      Fifth Third Bank
    Leonard S. Volin, Esquire
    J. Mark Poerio, Esquire

SU1764

SUBURBAN BANCORPORATION, INC.
EMPLOYEE STOCK OWNERSHIP PLAN

---

1997 Amendment

---

WHEREAS, Suburban Bancorporation, Inc. (the "Company") maintains the Suburban Bancorporation, Inc. Employee Stock Ownership Plan (the "Plan"); and

WHEREAS, in connection with the Company's upcoming merger into Fifth Third Bancorp, the Company must terminate the Plan and allocate its assets to Plan participants; and

WHEREAS, the Board deems it to be in the best interest of the Company, its subsidiaries, and their employees to amend the Plan (i) to effect its termination, and (ii) to conform the Plan to the provisions of tax legislation enacted in 1996.

NOW THEREFORE, pursuant to Section 16.1 of the Plan, the Plan is hereby amended as follows, effective July 1, 1997, except as otherwise provided below.

1. Section 1.10 of the Plan shall be amended by inserting the words ", provided that the provisions of this paragraph shall not apply to Plan Years beginning after December 31, 1997" after the words "Plan Year" in its second paragraph.

2. Section 1.10 of the Plan shall be further amended by deleting the third paragraph in its entirety.

3. Section 1.17 of the Plan shall be deleted in its entirety and Section 1.18 shall be renumbered as Section 1.17.

4. The Plan shall be amended to add new Section 1.18 which shall provide as follows:

    1.18  "Five-Percent Owner" shall mean any person who owns (or is considered as owning within the meaning of Section 318 of the Code) more than five percent of the outstanding stock of the Company or stock possessing more than five percent of the total combined voting power of all stock of the Company.

5. Section 1.20 of the Plan shall be amended in its entirety to provide as follows:

    1.20  "Highly Compensated Employee" means an Employee who is (1) a Five-Percent Owner of the Employer at any time during the current or preceding Plan Year or (2) had Compensation for the preceding Plan Year in excess

SU1758

1997 ESOP Amendment
Page 2

of $80,000 (as adjusted by the Commissioner of the Internal Revenue Service in the same manner as under Section 415(d)) of the Code, and was in the top 20% of the Employees ranked by Compensation for the preceding Plan Year.

6. The first paragraph of Section 1.22 of the Plan shall be revised in its entirety to provide as follows:

1.22 "Leased Employee" means any person (other than an Employee) who pursuant to an agreement between the Employer and any other person ("Leasing Organization") has performed services for the Employer (or for the Employer and related persons determined in accordance with Section 414(n)(6) of the Code) on a substantially full time basis for a period of at least one year, and such services are performed under the primary direction or control of the Employer. The control test does not apply to relationships that have been determined by the Internal Revenue Service, before August 20, 1996, to not involve Leased Employees. Contributions or benefits provided a Leased Employee by the Leasing Organization which are attributable to services performed for the Employer shall be treated as provided by the Employer.

7. Section 1.25 of the Plan shall be amended in its entirety as follows:

1.25 "Non Highly Compensated Employee" means an Employee who is not a Highly Compensated Employee.

8. Section 1.40 of the Plan shall be amended by adding new subsection (h) to provide as follows:

(h) Notwithstanding any provision of this Plan to the contrary, contributions, benefits, and Service credit with respect to qualified military service will be provided in accordance with Section 414(u) of the Code.

9. Section 2.1 of the Plan shall be amended by inserting the following at the end thereof:

Notwithstanding the foregoing, (i) if a Participant terminates employment after March 13, 1997 and becomes an employee of Fifth Third Bancorp or a subsidiary of Fifth Third Bancorp prior to the effective time of the merger of the Company into Fifth Third

1997 ESOP Amendment
Page 3

> Bancorp, such Participant shall continue to participate in the Plan, with service for and compensation paid by Fifth Third Bancorp or its subsidiaries counted as Service for and Compensation by the Employer, and (ii) participation in the Plan shall be limited to individuals who are Participants immediately prior to the effective time of the Company's merger into Fifth Third Bancorp.

10. Section 2.2 of the Plan shall be amended by inserting the following at the end thereof:

> Notwithstanding the foregoing, for Plan Years beginning after June 30, 1997, a Participant shall be entitled to share in any allocation of the Company's contribution for a particular Plan Year if and only if the Participant completes 1 (one) or more Hours of Service during the Plan Year.

11. Section 5.2 of the Plan shall be amended by adding new subsection (d) to provide as follows:

> (d) For Plan Years beginning after December 31, 1997, the term "Compensation" for purposes of this Section 5.2 will have the meaning set forth in Section 1.10 hereof. Notwithstanding the foregoing or any other provision of this Section 5.2, and for purposes of this Section 5.2 only, Compensation for a Participant who is Totally Disabled is the compensation such Participant would have received for the Plan Year if the Participant had been paid at the rate of compensation paid immediately before becoming Totally Disabled, with such imputed compensation being available to all Totally Disabled Participants for a fixed or determinable period and being nonforfeitable when made.

12. Section 5.2 of the Plan shall be further amended by adding a new subsection (e) immediately at the end thereof:

> (e) Notwithstanding any other provision of this Plan to the contrary, in the event that a Participant has an excessive annual addition to his or her Account, and in addition to participating in the Plan, the Participant is participating in one or more other defined contribution plans maintained by the Employer, annual additions under such other plans shall be reduced, in accordance with the terms of such plans and to the extent permitted thereby, before any reduction to the Participant's annual additions credited under this Plan.

SU1760

1997 ESOP Amendment
Page 4

13. Section 5.3 of the Plan shall be amended by adding new subsection (c) immediately at the end thereof:

> (c) For Plan Years beginning after December 31, 1999, this Section 5.3 will be deleted from the Plan in its entirety.

14. The first paragraph of Section 7.6 of the Plan shall be amended in its entirety to provide as follows:

> 7.6 **Distribution - Required Payment Date**. Notwithstanding any other provision of this Plan to the contrary, the payment of a Participant's benefit will commence not later than April 1 of the calendar year following the later of the calendar year in which the Employee attains age 70-1/2 or the calendar year in which the Employee retires, provided that in the case of a Participant who is a Five-Percent Owner of the Employer, payment of the Participant's benefit will begin by April 1 of the calendar year following the calendar year in which he attains age 70-1/2. Each Participant shall thereupon receive his or her benefits in a lump sum in accordance with Section 7.3.

15. Section 10.6 of the Plan shall be amended effective July 1, 1996 by adding the following at the end thereof:

> Notwithstanding the foregoing, if a Participant terminates employing during a Plan Year beginning after June 30, 1996, such Participant may elect to defer distribution of the vested portion of his or her Account, irrespective of whether the value of such vested portion has ever exceeded $3,500.

16. Section 10.9 of the Plan shall be amended by deleting the words "or Treasury Regulations Section 1.401(a)(9)-1 or Section 1.401(a)(9)-2".

17. Section 11.7.5 of the Plan shall be amended by adding the following new sentence at the end thereof.

> For Plan Years beginning after December 31, 1997, "Compensation" under Section 11 shall be determined under Section 1.10 of the Plan.

1997 ESOP Amendment
Page 5

18. Section 17.1 of the Plan shall be amended by adding the following as its second paragraph:

> Notwithstanding any other provision of this Plan to the contrary, upon June 30, 1997 and June 30, 1998, the outstanding balance of any Acquisition Loan shall be discharged, either from the proceeds of the sale of unallocated Qualifying Employer Securities held as collateral under the Acquisition Loan or through the transfer of a number of such securities in satisfaction of some or all of the amount due under the Acquisition Loan, to the full extent that Annual Additions resulting therefrom do not exceed applicable limits under Code Section 415, as determined under Internal Revenue Service Private Letter Rulings 9648054 and 9426048. Qualifying Employer Securities released from collateral as a result of such partial or complete discharge of the Acquisition Loan shall be allocated to Participants' Accounts in accordance with Section 5.1 of the Plan. If all Acquisition Loans are discharged pursuant to this paragraph as of June 30, 1998, the Plan shall terminate on such date provided that to the extent that any Acquisition Loan cannot be discharged fully on such date due to the limitations of this paragraph, the remaining Acquisition Loan shall be discharged as soon as possible thereafter (subject to annual limits on Annual Additions applicable under Code Section 415) and the Plan shall terminate immediately following the complete discharge of the Acquisition Loan.
>
> Upon the Plan's termination, each Participant maintaining an Account under the Plan shall become 100% vested in the entire balance of his or her Account (including any allocation following the repayment of the Acquisition Loan). Participants' Accounts will be distributed as soon as is practicable after the effective date of the Plan's termination, provided that such distributions shall not occur prior to the receipt of a determination by the Internal Revenue Service that the Plan is tax qualified upon its termination.

19. Nothing contained herein shall be held to alter, vary or affect any of the terms, provisions, or conditions of the Plan, other than as stated above.

SU1762

HOOSLEY KANTARIAN...    513 579 6457;# 8/ 8

1997 ESOP Amendment
Page 6

       WHEREFORE, on this _____ day of _____, 1997, the Company hereby executes this 1997 Amendment to the Plan.

                                        SUBURBAN BANCORPORATION, INC.

                                        By_____
                                             Its President

_____
Date                                     Attest: _____ (Seal)

[175\ESOP\ESOP97.AMD]

SU1763