**KEATING, MUETHING & KLEKAMP, P.L.L.**

ATTORNEYS AT LAW | 1400 PROVIDENT TOWER • ONE EAST FOURTH STREET • CINCINNATI, OHIO 45202
TEL. (513) 579-6400 • TDD (513) 579-6461 • www.kmklaw.com

STEPHEN M. GOODSON
DIRECT DIAL: 513-579-6482
FACSIMILE: 513-479-6457
E-MAIL: SGOODSON@KMKLAW.COM

August 20, 1999

Mr. Christopher L. Henn
6626 Village Field Drive
Mason, Ohio 45040

RE: Suburban Bancorporation, Inc. Employee Stock Ownership Plan
and Affiliation Agreement with Suburban Bancoporation, Inc.

Dear Mr. Henn:

Paul Reynolds asked that I respond to your letter (undated) to him questioning Fifth Third's actions with respect to the Suburban Bancorporation, Inc. Employee Stock Ownership Plan (the "Suburban ESOP").

You and I also had a telephone discussion concerning this topic on July 20, 1999. In that telephone conversation, you suggested that Fifth Third may have violated the Affiliation Agreement with Suburban because Fifth Third "folded" the ESOP into its general plan and distributed the remainder of the ESOP assets to other Fifth Third employees. I explained to you that Fifth Third's actions with respect to the Suburban ESOP were permitted by the Affiliation Agreement. Your position that the ESOP assets were to go only to former Suburban employees was a position Suburban took during negotiations of the Affiliation Agreement. Fifth Third did not agree with this and the Affiliation Agreement provided instead that Suburban would "develop a written description and timetable which shall be provided to and approved by Fifth Third and its counsel, setting forth all actions necessary to" close out the Suburban ESOP. "Upon development and approval by Fifth Third of said written description and timetable," Suburban was permitted to take such actions as described in the timetable as were approved by Fifth Third.

Accordingly, rather than providing for an allocation of all assets to Suburban employees, the Affiliation Agreement simply provided for the development of an agreed timetable and description for handling the Suburban ESOP.

SU1897

Mr. Christopher L. Henn
August 20, 1999
Page 2

      As I explained to you by telephone on July 20, 1999, Fifth Third's actions violated neither the Affiliation Agreement nor the written description and timetable prepared by Suburban and its counsel.

      In your letter, you again state that the assets of the ESOP "have been merged into other retirement plans of Fifth Third." You go on to state that it was agreed in the Affiliation Agreement that if the Suburban ESOP merged into any other Fifth Third plans after the June 30, 1998 plan year, former Suburban employees would be paid by Fifth Third from corporate assets the value of the plan assets that were not allocated to Suburban employees.

      In response to these assertions, please note that the Suburban ESOP was *not* merged into any other plan of Fifth Third. Instead, Fifth Third amended the Suburban ESOP to allow other Fifth Third employees to participate. Perhaps this clarification is sufficient to satisfy you that Fifth Third is not obligated to pay any amount to former Suburban employees. In any event, even if Fifth Third had merged the Suburban ESOP into another of its plans, a payment to former Suburban employees would not be required by the terms of the Affiliation Agreement as you contend.

      The provisions of the Affiliation Agreement you are relying on would have become operative only if "upon development of the written description and timetable . . . the parties agree[d] in good faith that allocation of all the remaining shares of stock held in the ESOP's suspense account would violate the Code's section 415 limitations . . . ." In such a case, Suburban was required to "apply to the IRS for approval . . . of a transaction . . . whereby the excess shares (or cash value thereof) (i.e., those shares remaining after fully utilizing the section 415 limits . . . ) either revert to Fifth Third or are transferred to an employee benefit plan of Fifth Third."

      Enclosed is a copy of the agreed "Descriptive Timetable for Termination of Suburban Bancorporation, Inc. ESOP" ("Agreed Timetable") that was developed by Suburban and approved by Fifth Third as required by the Affiliation Agreement. As you can see, in this Agreed Timetable, paragraph 2. B., the parties did *not* agree that the allocation of ESOP shares as of June 30, 1998 would violate Code section 415. Instead, Suburban and its counsel projected that the allocation would fully utilize the remaining ESOP shares without violating Code section 415. In addition, Suburban did *not* apply to the IRS for approval of a transaction whereby the assets would revert to Fifth Third or be transferred to an employee benefit plan of Fifth Third.

      Since the parties did not agree in the Agreed Timetable that the section 415 limits would be exceeded with the June 30, 1998 allocation and since Suburban did not apply to the IRS for approval of a transaction whereby the assets would revert to Fifth Third or would be transferred to another employee benefit plan of Fifth Third, the provisions of the Affiliation Agreement stating what the consequence of such actions would be (payment to former Suburban employees) have no effect. Note in particular that the Agreed Timetable does not purport to limit Fifth Third's discretion

SU1898

Mr. Christopher L. Henn
August 20, 1999
Page 3

concerning the handling of the Suburban ESOP in the event the June 30, 1998 allocation was not able to fully utilize all remaining shares.

    I hope you now agree that Fifth Third's actions were in compliance with both the Affiliation Agreement and the Agreed Timetable. If you continue to believe otherwise and if you believe you have standing under the Suburban ESOP, you may make a claim for benefits under the Suburban ESOP and/or make an appeal of a denial of benefits. Enclosed are copies of sections 12.9 and 12.10 of the Suburban ESOP describing the claims and appeals procedures.

                              Very truly yours,

                              KEATING, MUETHING & KLEKMAP, P.L.L.

                              By: *[signature]*
                                    Stephen M. Goodson

mmo

Enclosures

cc:   Paul L. Reynolds
      James F. Girton

693192.1