EXHIBIT "O"

## SUBURBAN BANCORPORATION, INC.
## EMPLOYEE STOCK OWNERSHIP PLAN

### 1999 Amendment No. 2

WHEREAS, the Fifth Third Bank (the "Employer") as successor to Suburban Federal Savings Bank, maintains the Suburban Bancorporation, Inc. Employee Stock Ownership Plan (the "Plan"); and

WHEREAS, the power of amendment is reserved in Section 16.1 of the Plan.

NOW THEREFORE, the Plan is hereby amended as follows, effective as of July 1, 1998:

1. Section 17.1 of the Plan is amended by deleting the text added by paragraph 18 of the 1997 Amendment to the Plan and a new Section 17.4 is added to the Plan to read as follows:

   17.4  Termination of the Plan.

   (a) Plan Years Ending June 30, 1997 and June 30, 1998.
   Notwithstanding any other provision of this Plan to the contrary, upon June 30, 1997 all Participants' Accounts shall be immediately and fully vested. On June 30, 1997 and June 30, 1998, the outstanding balance of any Acquisition Loan shall be discharged, either from the proceeds of the sale of unallocated Qualifying Employer Securities held as collateral under the Acquisition Loan or through the transfer of a number of such securities in satisfaction of some or all of the amount due under the Acquisition Loan, to the full extent that Annual Additions resulting therefrom do not exceed applicable limits under Code Section 415, as determined under Internal Revenue Service Private Letter Rulings 9648054 and 9426048. Qualifying Employer Securities released from collateral as a result of such partial discharge of the Acquisition Loan shall be allocated to Participants' Accounts in accordance with Section 5.1 of the Plan, subject to such limitations under Code Section 415. As of June 30, 1998 all remaining Qualifying Employer Securities were not able to be released from the Loan Suspense Account and allocated in accordance with the foregoing due to the limitations of Code Section 415 as determined under the Internal Revenue Service Private Letter Rulings referred to above. In order to effectuate the



SU0083

termination of the Loan Suspense Account and the Plan, the Qualifying Employer Securities, the Acquisition Loan and the Loan Suspense Account shall be administered as provided in Section 17.4(b) below.

(b) <u>Plan Year Ending June 30, 1999</u>. Notwithstanding any other provision of the Plan to the contrary, the outstanding balance of the Acquisition Loan shall be fully discharged and the remaining Qualifying Employer Securities in the Loan Suspense Account shall be allocated as of June 30, 1999 as follows:



(i) Each individual who was a Participant in the Plan immediately prior to the effective time of Suburban Bancorporation, Inc.'s merger into Fifth Third Bancorp and who received any Compensation during the Plan Year ending June 30, 1999 shall receive an allocation to his Account equal to three percent (3%) of his Compensation for such Plan Year. The allocation shall be made using Qualifying Employer Securities in the Loan Suspense Account based on the fair market value of such Qualifying Employer Securities at such time as The Fifth Third Bank Pension and Profit Sharing Committee (or its delegate) shall determine.

(ii) Any Qualifying Employer Securities in the Loan Suspense Account remaining after the allocation under (i) above shall be allocated equally among the Accounts of all Qualifying Participants as hereinafter defined, such that each Qualifying Participant shall receive the same number of shares.

(iii) For purposes hereof, "Qualifying Participant" means an individual who meets all of the following requirements:

(A) as of June 30, 1999 he is in the employment of Fifth Third Bank or any other subsidiary of Fifth Third Bancorp which has adopted The Fifth Third Bancorp Master Profit Sharing Plan (hereinafter referred to as "Master Profit Sharing Plan"); and

(B) as of May 3, 1999, he has credit for at least one "Vesting Year" as defined in the Master Profit Sharing Plan but less than three such Vesting Years; and

SU0084

  (C) as of May 3, 1999, he is not an assistant cashier, assistant vice president, vice president, senior vice president, executive vice president, affiliate president or president; and

  (D) he is not eligible to receive an allocation under (i) above.

 (c) <u>Plan Termination</u>. After the allocation referred to above, the Plan shall terminate. Upon the Plan's termination, each Participant maintaining an Account under the Plan shall become 100% vested in the entire balance of his or her Account (including any allocation following the repayment of the Acquisition Loans). Participants' Accounts will be distributed as soon as is practicable after the effective date of the Plan's termination, provided that such distribution shall not occur prior to the receipt of a determination by the Internal Revenue Service that the Plan is tax qualified upon its termination.

2. Section 2.1 of the Plan is amended by changing the clause numbered "(ii)" to read as follows:

(ii) participation in the Plan prior to July 1, 1998 shall be limited to the individuals who are Participants immediately prior to the effective time of the Company's merger into Fifth Third Bancorp.

3. Section 2.1 is amended by adding the following thereto:

Effective July 1, 1998, a Qualifying Participant as defined in Section 17.4 of the Plan, shall be considered a Participant.

4. Section 12.1 is amended to read as follows:

12.1 <u>Administrative Committee</u>. The Plan shall be administered by the Fifth Third Bank Pension and Profit Sharing Committee (the "Committee") which shall be responsible for carrying out the provisions of the Plan, and which shall be the Plan Administrator and Named Fiduciary as these terms are defined under ERISA. The Committee may delegate any of its duties to others as it deems appropriate. This includes, but shall not be limited to, its role in the claims procedure and claims review procedure under Sections 12.9 and 12.10.

SU0085

IN WITNESS WHEREOF, Fifth Third Bank has caused this 1999 Amendment No. 2 to be adopted on the date first above written.

COMPANY

FIFTH THIRD BANK (Successor to Suburban Federal Savings Bank)

By: ___*Paul L. Reynolds*___
PAUL L. REYNOLDS,
Director of Legal/Human Resources

681583.1

- 4 -

SU0086