EXHIBIT A
TO PLAINTIFFS'
SUMMARY
JUDGMENT
RESPONSE
MEMORANDUM

# ERISA CIRCUIT COURT CASES
# PLAIN AND ORDINARY MEANING
# RULE OF CONSTRUCTION

**Filiatrault v. Comverse Technology, Inc.**, 275 F.3d 131 (1st Cir. 2001)

>The provisions of an ERISA-regulated employee benefit plan must be interpreted under principles of federal common law. We think it obvious that federal common law embodies commonsense principles of contract interpretation. Thus, straightforward language in an ERISA-regulated plan should be accorded its plain, ordinary, and natural meaning. Id. at 135.

>Settled principles of construction forbid the balkanization of contractual language for interpretive purposes. Here, the plaintiff's construction wrests the phrase "series of related transactions" from its contextual moorings. Id. at 136.

**Perreca v. Gluck**, 295 F.3d 215 (2nd Cir. 2002)

>As a general matter, unambiguous language in an ERISA plan must be interpreted and enforced in accordance with its plain meaning. This Court will review the Plan as a whole, giving terms their plain meanings. Id. at 223.

>[I]t is also a cardinal principle of contract construction that a document should be read to give effect to all its provisions and to render them consistent with each other. Id. at 224.

**Dewitt v. Penn-Del Directory Corp.**, 106 F.3d 514 (3rd Cir. 1997)

>A plan administrator may have discretion when interpreting the terms of the plan; however, the interpretation may not controvert the plain language of the document. Id. at 520.

> We must uphold a plan interpretation even if we disagree with it, so long as the administrator's interpretation is rationally related to a valid plan purpose and is not contrary to the plain language of the plan. Id.

**Kress v. Food Employers Labor Relations Ass'n., 391 F.3d 563 (4th Cir. 2004)**

> [T]he plain language of an ERISA plan must be enforced in accordance with its literal and natural meaning. Id. at 568.

**Baker v. Metropolitan Life Ins. Co., 364 F.3d 624 (5th Cir. 2005)**

> If an administrator interprets an Employee Retirement Income Security Act (ERISA) plan in a manner that directly contradicts the meaning of the plan language, the administrator has abused his discretion even if there is neither evidence of bad faith nor of a violation of any relevant administrative regulations. Id. at 630.

**Perez v. Aetna Life Ins. Co., 150 F.3d 550 (6th Cir. 1998)**

> Because the Plan is governed by ERISA, we apply federal common law rules of contract interpretation in making our determination. Pitcher v. Principal Mut. Life Ins. Co., 93 F.3d 407, 411 (7th Cir.1996). In developing federal common law rules of contract interpretation, we take direction from both state law and general contract law principles. Regents of the Univ. of Michigan v. Agency Rent-A-Car, 122 F.3d 336, 339 (6th Cir.1997). The general principles of contract law dictate that we interpret the Plan's provisions according to their plain meaning, in an ordinary and popular sense. Id. Other circuits agree with this plain meaning approach to interpretation of ERISA contract provisions. Pitcher, 93 F.3d at 411 (interpreting ERISA-regulated policy " '[i]n an ordinary and popular sense as would a person of average intelligence and experience ....' ") (quoting Meredith v. Allsteel, Inc., 11 F.3d 1354, 1358 (7th Cir.1993)); Bartlett v. Martin Marietta Operations Support, Inc. Life Ins. Plan, 38 F.3d 514, 517 (10th Cir.1994) (applying plain meaning analysis); Hughes v. Boston Mut. Life Ins. Co., 26 F.3d 264, 268 (1st Cir.1994) (giving language in an ERISA-regulated insurance policy its "natural meaning"). In applying this plain meaning analysis, we "must give effect to the unambiguous terms of an ERISA plan." Lake v. Metropolitan Life Ins. Co., 73 F.3d 1372, 1379 (6th Cir.1996).

**Kamler v. H/N Telecommunication Services, Inc., 305 F.3d 672 (7th Cir. 2002)**

> In interpreting an ERISA plan, we apply the federal common law rules of contract interpretation. These rules require us to interpret terms of ERISA plans in an ordinary and popular sense as would a person of average intelligence and experience. Id. at 680.

**Adams v. Continental Cas. Co., 364 F.3d 952 (8th Cir. 2004)**

> When reviewing an Employee Retirement Income Security Act (ERISA) plan de novo, we interpret the terms of the plan by giving the language its common and ordinary meaning as a reasonable person in the position of the plan participant, not the actual participant, would have understood the words to mean. Id. at 954.

**Padfield v. AIG Life Ins. Co., 290 F.3d 1121 (9th Cir. 2002)**

> Under the federal common law of ERISA, we interpret terms in ERISA insurance policies in an ordinary and popular sense as would a person of average intelligence and experience. Id. at 1125.

**Administrative Committee v. Willard, 393 F.3d 1119 (10th Cir. 2004)**

> In interpreting an ERISA plan, the court examines the plan documents as a whole and, if unambiguous, construes them as a matter of law. In doing so, we give the language its common and ordinary meaning as a reasonable person in the position of the [plan] participant, not the actual participant, would have understood the words to mean. Id. at 1123.

**Bedinghaus v. Modern Graphis Arts, 15 F.3d 1027 (11th Cir. 1994)**

> In interpreting employee benefits plan, natural meaning of disputed unambiguous disputed term is deemed to be conclusive evidence of intent of parties.

69898.2