# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

| | | |
|---|---|---|
| **JOSEPH F. HUTCHISON, *et al.*,** | ) | **Case No. 1:01-789** |
| | ) | |
| **Plaintiffs,** | ) | **(Judge Beckwith)** |
| | ) | |
| **-v-** | ) | **DEFENDANT FIFTH THIRD** |
| | ) | **BANCORP'S MOTION TO STRIKE** |
| **FIFTH THIRD BANCORP,** | ) | **PLAINTIFFS' MOTION FOR CLASS** |
| | ) | **CERTIFICATION, OR IN THE** |
| **Defendant.** | ) | **ALTERNATIVE, MOTION TO STAY** |
| | ) | **FURTHER BRIEFING, WITH** |
| | ) | **ATTACHED MEMORANDUM IN** |
| | ) | **SUPPORT** |

Pursuant to Local Rule 23.3, Defendant Fifth Third Bancorp ("Fifth Third") moves this Court for an order striking Plaintiffs' motion for class certification (*T.d. 63*) and the class allegations in this litigation. As explained in the attached memorandum in support, Plaintiffs' motion is untimely and was filed in violation of Local Rule 23. Plaintiffs have waived any right to seek class certification in this litigation and Fifth Third should not be required to unnecessarily expend fees and costs briefing the class certification issue.

Alternatively, Fifth Third requests this Court to stay briefing of the motion. If the Court is going to consider the motion, Fifth Third would need time to conduct class-related discovery before filing its opposition memoranda – which it did not do prior to the discovery deadline because Plaintiffs did not timely file a motion for class certification. Fifth Third does not want to reopen discovery and does not want to amend the current scheduling order and vacate the current trial date, but Fifth Third would be unjustly prejudiced if it has to respond to the pending motion without the benefit of limited class-related discovery. Therefore, if the Court does not strike the motion, Fifth Third reluctantly requests that the Court rescind the current scheduling order,

reopen discovery solely for Fifth Third to conduct class-related discovery, and set a briefing schedule after the conclusion of class-related discovery.

The grounds for this motion are more fully explained in the attached memorandum in support

Respectfully submitted,

/s/ Patrick F. Fischer
Patrick F. Fischer (0039671)
Sue A. Erhart (0066639)
Christy M. Nageleisen (0076600)
One East Fourth Street, Suite 1400
Cincinnati, Ohio 45202
Tel: (513) 579-6459
Fax: (513) 579-6457
pfischer@kmklaw.com
serhart@kmklaw.com
cnageleisen@kmklaw.com
Attorneys for Defendant,
Fifth Third Bancorp

OF COUNSEL:

KEATING MUETHING & KLEKAMP PLL
One East Fourth Street
Suite 1400
Cincinnati, Ohio 45202
(513) 579-6400

<u>**MEMORANDUM IN SUPPORT**</u>

## I.    <u>INTRODUCTION</u>

This is absurd.  Four years after Plaintiffs filed their initial complaint, two years after Plaintiffs filed their second amended complaint, two months after the **close** of discovery, and after all deposition have been taken, Plaintiffs file a motion for class certification for the first time in this litigation.

Plaintiffs' motion utterly ignores Local Rule 23.3, which explicitly requires that plaintiffs file such a motion within 120 days "after the filing of a pleading asserting the existence of a class." *S.D. Ohio Loc. R. 23.3*.  Plaintiff failed to timely file pursuant to Local Rule 23.3, failed to seek an extension of this deadline, and failed to otherwise seek leave of Court.  The motion is tardy and should be stricken without any further expenditure of Fifth Third's or the Court's resources.

Alternatively, if the Court is going to consider the motion, Fifth Third reluctantly requests that the Court vacate the scheduling order and trial date, allow Fifth Third to conduct limited class-related discovery, and establish a briefing schedule after the close of class-related discovery.  Discovery in this litigation closed more than two months ago.  No class discovery was pursued by Fifth Third because Plaintiffs did not move for class certification.  *See Affidavit of Patrick Fischer* (attached as Exhibit A).  Only after discovery closed did opposing counsel even inform Fifth Third's counsel that it intended to file a Motion for Class Certification.  *Id.* at ¶4.  And, it was only after all deposition had been taken that Plaintiffs actually filed such a Motion.  *Id.* at ¶5.  To now seek class certification four years into the litigation and after the close of discovery is unfairly prejudicial to Fifth Third in the absence of appropriate class-related discovery.

## II.    BACKGROUND

The factual background of this litigation is outlined in Fifth Third's pending motion for summary judgment (*T.d. 71*), which Fifth Third incorporates by reference. The motion is dispositive of this litigation and moots the class certification issue entirely.

This is a lawsuit brought by two alleged former participants in the Suburban Bancorporation, Inc. ("Suburban") Employee Stock Ownership Plan ("Suburban ESOP") against Fifth Third Bank. The only claim at issue in this litigation is a single count of breach of fiduciary duty under ERISA. The Operative Complaint (Plaintiff's Second Amended Complaint, filed June 11, 2003) contains class allegations, but no motion for class certification was filed prior to June of 2005 – four years after the litigation was filed.

## III.    DISCUSSION

### A.    Plaintiffs' Motion for Class Certification Must Be Stricken Because It Violates S.D. Local Rule 23.3

Pursuant to Local Rule 23.3, Plaintiffs were required to move for class certification within 120 days of filing of the pleading that asserted class allegations: "[u]nless the Court otherwise orders, the party asserting a class action **shall**, within one hundred twenty (120) days after the filing of a pleading asserting the existence of a class, move for a determination under Rule 23(c)(1), Fed.R.Civ.P., as to whether the action is maintainable as a class action and, if so, the membership of the class." (Emphasis added.) In other words, if a party makes class allegations, the party "**shall**" move to certify the class within 120 days. No such motion had ever been filed in this case prior to June 25, 2005.[1] Such a motion was filed only 1335 days after the

---

[1] The Rule implies that a party may file a motion out-of-time under the Court's discretion. However, due to the mandatory language and the absence of any listed exception, such a motion must be received prior to the 120 day deadline. Without an Order from the Court, there is no exception to Local Rule 23.3's deadline. The Local Rule is mandatory ("shall") in nature, and does not use terms or phrases like "may," or "except for good cause shown." Some court's local

lawsuit was initiated (October 9, 2001, *T.d. 1, Att. A*), 745 days after the Second Amended Complaint was filed (June 11, 2003, *T.d. 27*), and 71 days after the extended discovery deadline had closed (May 15, 2005) (*See Calendar Order*, December 29, 2004, *T.d. 53*).

Plaintiffs never asked the Court (or Fifth Third) for an extension of the Rule 23.3 deadline. Plaintiffs never asked for a briefing schedule on class certification. Plaintiffs never obtained leave of court to file a motion for class certification. The filing of the motion is a blatant disregard of the applicable local rules, and Plaintiffs offer no reason or excuse for the delay.

Plaintiffs' motion for class certification and any and all class allegations should be stricken from the record.

### B. Plaintiffs' Failure to Comply with Local Rule 23, In and of Itself, is Grounds to Deny the Motion Without Any Further Briefing _____

As the Court is well aware, Plaintiffs have the burden to prove that that this litigation is appropriate for class action treatment and that all relevant requirements of Rule 23 are met – including adequate representation under Rule 23(a)(4). *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 625 (1997). **Importantly, federal courts have concluded that a party cannot fairly and adequately protect the interests of the class, as required by Rule 23(a)(4), where that party's counsel failed to timely move for class certification.** *See East Texas Motor Freight System, Inc. v. Rodriguez*, 481 U.S. 395, 404-05 (1977) (holding that the failure of plaintiffs' attorneys to move for class certification prior to trial was a "strong indication that they would not

_____

rules do contain exceptions to the 120 day requirement for class certification motions. More specifically, some courts allow the party seeking class certification to obtain an extension of the 120 day requirement for good cause shown. *See e.g.,* W.D.N.Y. R. 23(d), (g); N.D. Ind. Local R. 23.1(b); E.D. Pa. Local R. 23.1(c); E.D. Ark. Local R. 23.1. However, this Court does not provide any such exception – even though other Local Rules for this District contain exceptions for "good cause." *See e.g.,* Rules 7.1(b)(3); 7.2 (a)(2); 16.2; 83.4(d). Thus, even if Plaintiffs could articulate some reason for the delay, Local Rule 23.3 does not allow for any extension of the 120 day deadline.

'fairly and adequately protect the interests of the class"). *See also Walker v. Columbia University*, 62 F.R.D. 63, 64 (S.D.N.Y. 1974) (holding that "the failure of plaintiffs' attorneys to make a timely motion, despite clear and unambiguous language of the rule, leads us to the conclusion that they will not 'fairly and adequately protect the interests of the class,' as required by Rule 23(a)(4)").

This Court can take judicial notice of the fact that Plaintiffs failed to comply with Local Rule 23.3 and failed to timely file their motion for class certification. This failure, in and of itself, is grounds to deny the motion without further briefing

> **C. If the Court Does Not Strike or Deny the Motion, Fifth Third Alternatively Requests that the Court Allow Fifth Third To Stay Briefing And Allow It to Conduct Limited Class-Related Discovery Before Filing Its Opposition Memorandum**
>
>> **1. Fifth Third will be unduly prejudiced if it has to respond to the motion without having the opportunity to conduct class-related discovery**

Discovery in this case closed on May 16, 2005 and the deadline for filing dispositive motions passed on June 30, 2005.[2] When Plaintiffs failed to timely file their motion for class certification **years ago**, there was no need for Fifth Third to conduct any class-related discovery prior to the discovery deadline, and it did not do so. Fifth Third would be clearly prejudiced if the Court condones Plaintiff's failure to comply with the local rules and allows briefing on class certification without appropriate class-related discovery. If the Court is going to consider this untimely motion, the Court respectfully must do so in the context of rescinding the current scheduling order and trial date, allowing Fifth Third to conduct specific, limited class-related discovery, and establishing a briefing schedule after the close of discovery.

---

[2] By agreement, the parties extended some depositions and discovery as permitted under the Court's Rule.

To be clear, Fifth Third objects to consideration of the motion and to the re-opening of discovery as it will incur significant unnecessary costs if forced to re-depose the Plaintiffs and conduct class-related discovery at this time.  Fifth Third believes the Court should strike the motion to certify and grant its dispositive motion for summary judgment, or, at worst, maintain the November, 2005 trial date to bring closure to this four-year old litigation.[3]  Nevertheless, Fifth Third makes this alternative request under the circumstances given the undue prejudice of having to address class certification issues without the benefit of any class related discovery.

### 2.    The Need for Additional Discovery Is Reflected in Plaintiffs' Deficient Motion for Class Certification

A cursory review of the motion for class certification itself illustrates various factual issues on what discovery is needed.

Plaintiffs bear the burden of proving that a proposed class meets the requirements of Rule 23(a) (numerosity, commonality, typicality, and adequate representation).  *See e.g., General Tel. Co. v. Falcon*, 457 U.S. 147, 161 (1982); *In re American Medical Systems, Inc.* ["AMS"], 75 F.3d 1069, 1079 (6th Cir. 1996).  Plaintiffs also bear the burden of proving that the proposed class meets one of the requirements of Rule 23(b).  *In re AMS*, 75 F.3d at 1079.  Plaintiffs fail to meet both of these burdens in their motion to certify.  Not only do Plaintiffs fail to identify factual support for the Rule 23(a) factors, but Plaintiffs concede that they cannot meet any Rule 23 requirement as they neither identify which **type** of class they seek to have certified nor do they even attempt to define the purported class they seek to represent.

---

[3]   Fifth Third speculates that delay is exactly what Plaintiffs want.  It would be ironic and improper for these two Plaintiffs, who brought this lawsuit four years ago to be "rewarded" with the opportunity to delay a trial or cause Defendant to incur additional fees and expense at this time, all because Plaintiffs failed to file a motion required to be filed years ago.

### a.    Plaintiffs Cannot Provide Evidence Sufficient to Satisfy the Numerosity Requirement

In order to meet the numerosity factor, Plaintiffs must affirmatively prove that *joinder of the entire class as named plaintiffs is impractical*. Fed. R. Civ. P. 23(a)(1); *In re AMS*, 75 F.3d at 1079. Numerosity is not simply a numbers game. When the class members are small in number, easily identifiable, and geographically close in proximity, the impracticability test is **not** met. *See, e.g., SPG Inv. Assocs. v. Berry Petroleum Corp.*, 1988 Fed. Sec. L. Rep. 93, 657 (D. Minn 1987); *Doe v. Renfrow*, 475 F. Supp. 1012, 1028 (N.D. Ind. 1979). Plaintiffs ignore this standard and put forth no factual support to demonstrate that joinder is impracticable. Instead, Plaintiffs claim that because 67 class members allegedly exist, the numerosity factor is automatically met. In doing so, Plaintiffs totally ignore the appropriate "numerosity" standard by making no attempt to explain why they believe the circumstances surrounding this case make joinder "impracticable." In fact, it is believed that all of the putative class members are located in or near this judicial district, and discovery would bear this out.

Further, Fifth Third believes that class discovery would demonstrate that all former Suburban employees who were participants in the Suburban ESOP are capable of filing individual actions, either separately or in conjunction with similarly situated former Suburban ESOP participants. Such individual actions could be filed in this Court and, probably, could easily be consolidated or added by amendment as individual plaintiffs. Additionally, joinder of the individual suits or of additional named plaintiffs probably could easily accomplish the same goals of a class action, without the need for certification and representation of absent class members. If that is the case, then Plaintiffs would suffer no hardship or inconvenience if joinder was required.

Evidence uncovered in class discovery would demonstrate that joinder is not impracticable in this case.

> **b.    Plaintiffs Cannot Provide Evidence Sufficient to Meet the Commonality Factor**

The "commonality" factor requires Plaintiffs to prove the existence of a common question of fact or law that causes a class action proceeding to be a superior method of proceeding. *In re AMS*, 75 F.3d at 1080-81. Although Plaintiffs allege a general course of conduct applicable to the purported class as a whole, Plaintiffs do not show that common issues of fact or law exist.

Without having performed any class discovery, Fifth Third can glean from some of the recovered documents that significant differences exist between the individuals in the alleged class. For instance, the record shows that both Plaintiffs are former Suburban executives who signed Termination and Release Agreements ("Release(s)") with Fifth Third. Each of the Plaintiffs' Releases demonstrate that their Releases were executed pursuant to different agreements existing between each Plaintiff and Fifth Third. For instance, while Hutchison's Release was executed pursuant to an existing Employment Agreement, Buccheid's Release was executed pursuant to a Severance Agreement that was executed before the merger. Because class discovery was never engaged, Fifth Third has no access to either Hutchison's Employment Agreement or Buccheid's Severance Agreement, the Agreements of which may have given Plaintiffs certain rights and imposed certain restrictions under the Suburban ESOP that would differ between each other. For instance, the Agreements may have created a difference in the two Plaintiff's abilities to receive distributions under the plan and to bring suit against Fifth

Third and/or Suburban regarding plan distributions.[4]  More importantly however, it is possible that these Agreements gave Plaintiffs certain rights and imposed certain restrictions that differ entirely from the rights and restrictions of non-executive participants who never signed such documents with Suburban.

In reality, Fifth Third believes that class discovery would demonstrate that Fifth Third's subsequent payment of excess funds from the Suburban ESOP affected several small groups of former Suburban ESOP participants differently.  Fifth Third believes that class discovery would show that the former Suburban ESOP participants would fall in the following seven groups: (1) former Suburban ESOP participants – such as Plaintiffs – that signed employment contracts with Suburban (while others did not); (2) former Suburban ESOP participants that signed severance agreements with Suburban (while others did not); (3) former Suburban ESOP participants – such as Plaintiffs – that signed termination and release agreements with Suburban (while others did not); (4) former Suburban ESOP participants – such as Plaintiffs – that were highly paid Suburban executives (while many others were not); (5) former Suburban ESOP participants – such as Plaintiffs – that never worked for Fifth Third (while others did go to work for Fifth Third); (6) former Suburban ESOP participants who began working for Fifth Third at the time of the merger, and were still employed by Fifth Third when the 1997 plan year ended on June 30, 1998; and (7) former Suburban ESOP participants who worked for Fifth Third after the merger, but terminated their employment with Fifth Third prior to the 1997 plan year ending on June 30, 1998.

---

[4] Indeed, the Releases signed by both Plaintiffs release and discharge Suburban and Fifth Third from having to make payments to Plaintiffs regarding Plaintiffs' employment and termination thereof – including distribution from the Suburban ESOP.  *See Release Agreement of Hutchison*, attached as Exhibit B (Ex. 15 to Hutchison Depo.) and *Release Agreement of Buccheid*, attached as Exhibit C (Ex. 5 to Buccheid Depo.)  These Releases also expressly prohibit Plaintiffs from being able to sue Suburban and/or Fifth Third regarding said payments.

Fifth Third may have very different defenses against the different individuals, or groups of individuals, that the Plaintiffs are attempting to certify as a class. However, it is impossible to determine the extent of those differences without engaging in class-related discovery. Plaintiffs cannot provide evidence, nor can Fifth Third provide an adequate defense, as to whether there exists a common question of fact or law without engaging in additional discovery.

> **c.     Plaintiffs Cannot Provide Evidence Sufficient to Satisfy the Typicality Factor**

A class representative's claim must also be typical of the class it seeks to represent, requiring the class representative to show that its claim arises from the same course of conduct that gives rise to the claims of the absent class members. *In re AMS*, 75 F.3d at 1082. "A necessary consequence of the typicality requirement is that the representative's interests will be aligned with those of the represented group, and in pursuing his own claims, the named plaintiff will also advance the interests of the class members." *In re AMS*, 75 F.3d at 1082.

Plaintiffs make two conclusory and unsupported assertions as to why their claims are allegedly typical of the class they seek to represent. First, Plaintiffs allege that "each putative class member's legal rights are identical under the Affiliation Agreement." Plaintiffs' Class Certification Memorandum, pg. 14 (*T.d. No. 63*.) Second, Plaintiffs allege that "the named Plaintiffs have no interests adverse to the interests of the other putative class members." *Id.* These are mere allegations without proof.

Also, even without discovery, Plaintiffs' motion glaringly fails to address the requirement that their claims must advance the interests of the purported class. In truth, as shown below: (1) Plaintiffs' interests are not identical – or even similar - to the putative class members, (2)

Plaintiffs' interests are not aligned with the purported class, and (3) Plaintiffs' claims will not advance the interests of the class.  (*See* Plaintiffs' Class Certification Memorandum pg. 14.)[5]

### d.    Due to Lack of Evidence, Plaintiffs Cannot Even Identify Which Type of Class the Class Members Might Satisfy

Rule 23(b) expressly provides that a class action can be maintained only if:  (1) the prerequisites of Rule 23(a) are satisfied, **and** (2) the requirements of either Rule 23(b)(1), Rule 23(b)(2), or Rule 23(b)(3) are met.  *Fed. R. Civ. P. 23(b)*.  Not surprisingly, even though Plaintiffs' motion discusses the Rule 23(a) requirements and mentions that Rule 23(a), Rule 23(b)(2), and Rule 23(b)(3) requirements are "easily met" (*see* Plaintiffs' Class Certification Memorandum, pg. 8), Plaintiffs altogether fail to provide any evidence in support of how the Rule 23(b)(2)[6] requirements and/or Rule 23(b)(3) requirements have been met.[7]

Further, Plaintiffs have no evidence to support their contention that Rule 23(b)(3) is easily met.  This Rule has two primary requirements:  Plaintiffs must prove that "questions of

---

[5]  Even despite the lack of class discovery, Plaintiffs' typicality argument fails because the inherent differences between the former Suburban ESOP members demonstrate that the two Plaintiffs differ significantly from the rest of the class.  For instance, the Employment Agreements, Severance Agreements and Releases that the two Plaintiffs and other Suburban executives signed most likely created rights and restrictions for these individuals that must differ from the rights and restrictions of those of former Suburban ESOP participants who did not sign any such Agreement or Release.  Further, the Plaintiffs did not go to work with Fifth Third, while many former lower-level Suburban employees did become employees of Fifth Third.  Hence, Plaintiffs' interests are not typical of the interests of:  (1) former Suburban ESOP participants who did not sign employment contracts, releases, and/or severance agreements; (2) former Suburban ESOP participants who went to work for Fifth Third after the merger, and were still employed with Fifth Third at the end of the 1997 plan year; and (3) former Suburban ESOP participants who went on to work for Fifth Third after the merger, but terminated their employment with Fifth Third prior to the end of the 1997 plan year.

[6]  Granted, Fifth Third fails to see how Rule 23(b)(2) applies.  Plaintiffs' Second Amended Complaint seeks money damages only.  (*See* Second Amended Complaint ¶¶ 40-42. )  Given the fact that Plaintiffs are not seeking injunctive or declaratory relief on behalf of the purported class as a whole, Plaintiffs proposed class does not satisfy Rule 23(b)(2) – contrary to Plaintiffs' assertion that the Rule 23(b)(2) are requirements are easily met.

[7]  Plaintiffs briefly discuss the Rule 23(b)(3) standard in conjunction with its Rule 23(a) "commonality" analysis.  Nonetheless, Plaintiffs do not explain how and why any of the Rule 23(b) categories purportedly apply.

law or fact common to the members of the class" must "predominate over any questions affecting only individual members," and that a class action proceeding is "superior to other available methods for the fair and efficient adjudication of the controversy." F. R. Civ. P. 23(b)(3). Plaintiffs fail to prove either requirement. As discussed above, Plaintiffs cannot prove that common questions of fact or law even exist, let alone that they predominate over individual questions of fact and law. Second, given the fact that it is very likely that small and distinct groups of former Suburban ESOP participants exist, joinder is most likely not impracticable. Consequently, Plaintiffs fail to prove that a class action is not "superior to other available methods for the fair and efficient adjudication of the controversy." *See* F. R. Civ. P. 23(b)(3).

## IV.    <u>CONCLUSION</u>

For the foregoing reasons, Fifth Third respectfully requests that the Court strike Plaintiff's motion for class certification for violating Local Rule 23.3 or deny the motion without further briefing based on the untimely submission.

Alternatively, if the Court does not strike or deny the motion and Fifth Third is required to respond on the merits, Fifth Third reluctantly requests that the Court rescind the current scheduling order and vacate the trial date; allow Fifth Third only to conduct limited class-related discovery for ninety days; and establish an appropriate briefing schedule after the close of class discovery.

Respectfully submitted,

/s Patrick F. Fischer
Patrick F. Fischer (0039671)
Sue A. Erhart (0066639)
Christy M. Nageleisen (0076600)
One East Fourth Street
Suite 1400
Cincinnati, Ohio 45202
Tel: (513) 579-6459
Fax: (513) 579-6457
pfischer@kmklaw.com
serhart@kmklaw.com
cnageleisen@kmklaw.com
Attorneys for Defendant,
Fifth Third Bancorp

OF COUNSEL:

KEATING MUETHING & KLEKAMP PLL
One East Fourth Street
Suite 1400
Cincinnati, Ohio 45202
(513) 579-6400

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing DEFENDANT FIFTH THIRD BANCORP'S MOTION TO STRIKE PLAINTIFFS' MOTION FOR CLASS CERTIFICATION WAS filed electronically and served upon William J. Moran, Jr., Deters, Benzinger & LaVelle, P.S.C., 3500 Carew Tower, 441 Vine Street, Cincinnati, Ohio 45202 and John R. Kirk and Richard G. Meyer, Deters, Benzinger & LaVelle, P.S.C., 207 Thomas More Parkway, Crestview Hills, KY 41017 by hand delivery, this 29th day of July, 2005.

/s Patrick F. Fischer

Patrick F. Fischer

1477081.2