## TERMINATION AND RELEASE AGREEMENT

This Agreement (the "Agreement") is made and entered into as of the 25TH day of July, 1997, by and between **FIFTH THIRD BANCORP**, an Ohio corporation ("Buyer") and Joseph F. Hutchison ("Individual").

### RECITALS

WHEREAS, Buyer has this date acquired the business and assets of **SUBURBAN BANCORPORATION** and its subsidiaries ("Suburban");

WHEREAS, Suburban and its subsidiaries are engaged in the savings bank business (the "Business");

WHEREAS, Individual is an Executive Officer of Suburban and, pursuant to an existing Employment Agreement (the "Employment Contract"), will receive a significant pecuniary benefit from the sale of Suburban to Buyer; and,

WHEREAS, in connection with the purchase of the Business and the assets of Suburban by Buyer, Buyer and Suburban have entered into an Affiliation Agreement, dated as of March 13, 1997, (the "Acquisition Contract").

### AGREEMENT

NOW, THEREFORE, in consideration of the mutual promises and covenants herein contained and in accordance with the Acquisition Contract, IT IS AGREED AS FOLLOWS:

1. **TERMINATION OF CONTRACT.** Individual and Suburban acknowledge that the Employment Contract between them shall be deemed terminated as of the date hereof and that as of that date they shall have no further employment or contractual relationship. Individual waives any right or claim to reinstatement as an employee of Suburban.

2. **TERMINATION OF EMPLOYMENT.** In connection with termination of such Employment Contract, Individual and Suburban agree that Individual shall no longer be employed and shall no longer serve as President and Chief Executive Officer and a Director, effective as of the date hereof.

3. **PAYMENT.** Simultaneously upon execution of this Agreement Suburban has paid to Individual the amount of $538,343.00, as provided in the Employment Contract. Attached hereto as Exhibit A is an itemization of the amounts being paid.



EXHIBIT 15 5/19/05

B- HU0313

SU0610

4. **CONFIDENTIALITY.** Fifth Third and Individual agree that the terms and conditions of this Agreement shall remain confidential as between the parties and shall not be disclosed to any other person except as required by law or as the parties may mutually agree. Without limiting the generality of the foregoing, neither Fifth Third nor Individual will respond to or in any way participate in or contribute to any public discussion, notice or other publicity concerning, or in any way relating to, the execution or the terms and conditions of this Agreement except as required by law or as the parties may mutually agree. Without limiting the generality of the foregoing, Fifth Third and Individual specifically agree that neither of them shall disclose information regarding this Agreement to any current or former employee of Suburban except as required by law or as the parties may mutually agree. Fifth Third and Individual hereby agree that disclosure by either in violation of the foregoing shall constitute and be treated as a material breach of this Agreement.

5. **GENERAL RELEASE AND DISCHARGE.** Except for those obligations created by or arising out of this Agreement, Individual, on behalf of himself and all others claiming under him, hereby covenants not to sue and fully releases and discharges Suburban and Buyer with respect to any further payments to be made to the Individual under the Employment Contract or with respect to the termination thereof or arising out of or in any way connected with the Individual's termination of employment hereunder.

6. **FULL FORCE AND EFFECT.** It is the intention of Individual and Fifth Third, in executing this Agreement, that the same shall be given full force and effect according to each and all of its express terms and provisions.

7. **COVENANT NOT TO DISCLOSE.** Individual agrees that he will not, directly or indirectly (without the Buyer's prior written consent), use for himself or use for, or disclose to, any party other than the Buyer, any secret, proprietary or confidential information or data that is not otherwise publicly available regarding the Business of Suburban, including that of its subsidiaries, or any secret, proprietary or confidential information or data that is not otherwise publicly available regarding the costs, uses, methods, applications, operations or customers of Suburban.

8. **SEVERABILITY.** Any provision of this Agreement which is deemed invalid, illegal or unenforceable in any jurisdiction shall, as to that jurisdiction and subject to this paragraph, be ineffective to the extent of such invalidity, illegality or unenforceability, without affecting in any way the remaining provisions hereof in such jurisdiction or rendering that or any other provisions of this Agreement invalid, illegal, or unenforceable in any other jurisdiction. If any covenant should be deemed invalid, illegal or unenforceable because its scope is considered excessive, such covenant shall be modified so that the scope of the covenant is reduced only to the minimum extent necessary to render the modified covenant valid, legal and enforceable.

B- HU0314

SU0611

9. **COMPLETE AGREEMENT.** This Agreement contains the entire agreement between the parties hereto with respect to the matters described herein and supersede all previous oral and written discussions, agreements or understandings between the parties hereto regarding such matters.

10. **GOVERNING LAW.** This Agreement shall be governed by, and construed and enforced in accordance with, the laws of the State of Ohio.

11. **INJUNCTIVE RELIEF.** The parties hereto agree that damages would be an inadequate remedy for Buyer in the event of breach or threatened breach of this Agreement, specifically, but not exclusively, breach or threatened breach of Sections 4 and 7 hereof, and thus, in any such event, either with or without pursuing any potential damage remedies, Buyer may immediately obtain and enforce an injunction prohibiting Individual from violating this Agreement.

IN WITNESS WHEREOF, the parties have hereunto set their hands as of the date first set forth hereinabove.

FIFTH THIRD BANCORP

By: _____
Robert P. Niehaus
Executive Vice President

INDIVIDUAL

_____
Name: Joseph F. Hutchison

suburban.006km\plr\3-12-97

B- HU0315

SU0612

# SUBURBAN FEDERAL SAVINGS BANK
## Severance Benefit Calculations

### Overall Results

| Officer | Unreduced Severance per Employ/Sev Agree. | Reduction for Deemed Parachutes MRP and Dividends | Severance Benefit Payable from Bank |
|---|---|---|---|
| Hutchison | $560,458 | $22,115 | $538,343 |
| Henn | $234,694 | $11,370 | $223,323 |
| Buchhied | $219,643 | $11,370 | $208,272 |

### Past Compensation Levels and Unvested Awards

W-2 Income

| | 1992 | 1993 | 1994 | 1995 | 1996 |
|---|---|---|---|---|---|
| Hutchison | $158,941 | $139,574 | $204,790 | $223,914 | $210,001 |
| Henn | $49,634 | $55,463 | $88,591 | $101,178 | $97,598 |
| Buchhied | $46,073 | $52,521 | $86,195 | $95,701 | $86,806 |

Unvested Awards that Accelerate upon Change in Control

| | MRP Awards Vesting Date | # of Shares |
|---|---|---|
| Hutchison | 9/30/97 | 3548 |
| | 9/30/98 | 3549 |
| Henn | 9/30/97 | 1837 |
| | 9/30/98 | 1837 |
| Buchheid | 9/30/97 | 1837 |
| | 9/30/98 | 1837 |

### Critical Assumptions

Closing date of Corporate Sale:            25-Jul-97

Annual Discount Rate (per treas. regs.):   7.18%          For present value calculations

Sale price per share of common stock:      $22.65

| Severance Benefit before Reduction for Deemed Parachutes |
|---|

Pursuant to each officer's employment/severance agreement with the Bank, their severance benefit equals 2.99 times base amount LESS the deemed parachute payments calculated in the next section.

| Officer | Base Amount* | 2.99 times Base Amount |
|---|---|---|
| Hutchison | $ 187,444 | $560,458 |
| Henn | $ 78,493 | $234,694 |
| Buchheid | $ 73,459 | $219,643 |

* Base Amount equals average W-2 income received from the Bank over the five years preceding the year in which the change in control closes; compensation for Mr. Hutchison and Mr. Henn is annualized for 1992.

| Deemed Parachutes from All Accelerations of Vesting |
|---|

**Outstanding MRP Awards**

| | Vesting Date | (A) # Months Accelerated | (B) Value from Waived Service | (C) Future Value | (D) Present Value | (E) Value of Immediate Payment | (F) Deemed Parachute |
|---|---|---|---|---|---|---|---|
| Hutchison | 9/30/97 | 2 | $1,607 | $80,362 | $79,409 | $953 | $2,560 |
| | 9/30/98 | 14 | $11,254 | $80,385 | $73,944 | $6,441 | $17,695 |
| Henn | 9/30/97 | 2 | $832 | $41,608 | $41,115 | $493 | $1,326 |
| | 9/30/98 | 14 | $5,825 | $41,608 | $38,274 | $3,334 | $9,159 |
| Buchheid | 9/30/97 | 2 | $832 | $41,608 | $41,115 | $493 | $1,326 |
| | 9/30/98 | 14 | $5,825 | $41,608 | $38,274 | $3,334 | $9,159 |

**Dividends on MRP Awards**

| | Vesting Date | (A) # Months Accelerated | (B) Value from Waived Service | (C) Future Value | (D) Present Value | (E) Value of Immediate Payment | (F) Deemed Parachute |
|---|---|---|---|---|---|---|---|
| Hutchison | 9/30/97 | 2 | $148 | $7,383 | $7,295 | $88 | $235 |
| | 9/30/98 | 14 | $1,034 | $7,383 | $6,791 | $592 | $1,625 |
| Henn | 9/30/97 | 2 | $70 | $3,515 | $3,473 | $42 | $112 |
| | 9/30/98 | 14 | $492 | $3,515 | $3,234 | $282 | $774 |
| Buchheid | 9/30/97 | 2 | $70 | $3,515 | $3,473 | $42 | $112 |
| | 9/30/98 | 14 | $492 | $3,515 | $3,234 | $282 | $774 |

**Explanatory Notes to Both of the Above Tables**

Column (B) equals (C) times (A) times 1%, per applicable treasury regulations.

Column (E) equals (C) minus (D)

Column (F) equals (B) plus (E)