UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **JOSEPH F. HUTCHISON,** *et al.*, | ) | Case No. 1:01-cv-789 |
| | ) | |
| Plaintiffs, | ) | (Judge Beckwith) |
| | ) | |
| -v- | ) | |
| | ) | **DEFENDANT FIFTH THIRD** |
| **FIFTH THIRD BANCORP,** | ) | **BANCORP'S MEMORANDUM IN** |
| | ) | **OPPOSITION TO PLAINTIFFS'** |
| Defendant. | ) | **MOTION FOR RECONSIDERATION** |

On June 26, 2005, Plaintiffs filed a Motion for Reconsideration asking this Court to reverse its March 11, 2003 Order (*T.d. 64*) that properly held Plaintiffs' state-law claims were preempted under the Employment Retirement Income Security Act of 1974 ("ERISA"). 29 U.S.C. 1001, *et seq.* Plaintiffs contend that a recent opinion handed down by the Sixth Circuit, *Penny/Ohlmann/Nieman, Inc. v. Miami Valley Pension Corp.*, 399 F.3d 692 (6th Cir. 2005) ("*PONI*") – which simply applied 1997 and 1995 Supreme Court precedent – and an unpublished opinion by the Northern District of Ohio, *Toledo Blades Newspaper Unions-Blade Pension Plan v. Inv. Performance Serv., LLC*, 2005 U.S. Dist. LEXIS 11542 (N.D. Ohio June 15, 2005) ("*Toledo Blades*"), somehow resurrect their breach of contract claim. Plaintiffs are simply wrong. Nothing in either of these opinions changes the application of ERISA preemption to the facts of this case: **a plan participant has no legal standing to bring a breach of contract claim against either a fiduciary or a non-fiduciary.** The Court correctly reached this conclusion in its March 11, 2003 Order and the conclusion is still legally correct today.

Plaintiffs are desperately seeking to re-characterize and re-invent their arguments, recognizing that their existing ERISA breach of fiduciary claim is doomed for failure. This

recognition does not justify or support the filing of a motion for reconsideration under the circumstances. As noted by the Court in *Gessler v. Ford Motor Co.*, an opinion cited by Plaintiffs in their Motion for Reconsideration, ". . . in order to promote finality of decisions and judgments, [a Court] should not consider [a motion for reconsideration] when the moving party merely disagrees with the court's decision and attempts to reorganize and refocus its previous evidence and legal analysis." 185 F.Supp.2d 724, 729 (W.D. Ky. 2001). Plaintiffs' motion for reconsideration should be denied.

## I.     STATEMENT OF FACTS

For a general background of this dispute, Fifth Third directs the Court to Fifth Third's Motion for Summary Judgment, filed on June 30, 2005. (*T.d. 71*). Fifth Third's memorandum in support details the events leading up to this lawsuit. Currently, the only claim at issue in this litigation is a single count alleged in the Second Amended Complaint: a claim for breach of fiduciary duty, alleged under ERISA.[1] While the original Complaint and First Amended Complaint alleged multiple state-law claims, these claims were dismissed prior to the Second Amended Complaint.

## II.    PROCEDURAL HISTORY

Plaintiffs originally filed suit against Firth Third in the Hamilton County, Ohio Court of Common Pleas, alleging state-law claims for breach of contract, conversion, intentional misrepresentation, negligent misrepresentation, unjust enrichment, and breach of the covenant of good faith and fair dealing, and a claim for breach of fiduciary duty under ERISA. *See*

---

[1] It appears from the Complaint that the ERISA claim is only a claim for breach of fiduciary duty. Paragraphs 38 and 39 state, respectively, "Fifth Third breached their its duties to Class Members, including Plaintiffs, insofar as they were intended beneficiaries of the resulting plan" and "[a]s a direct and proximate result of Fifth Third's breach of its fiduciary duties, Plaintiffs have suffered damages as more fully addressed below." The Complaint does not allege claims for benefits or equitable relief under ERISA.

Complaint, 10/29/2001; *T.d. 1, Att. A*). Less than one month later, Fifth Third removed the case to this Court because Plaintiff's complaint stated a federal claim under ERISA. (*T.d.* 1). In an attempt to bring the case back into state court, Plaintiffs filed a "Notice of Partial Dismissal," which purportedly dismissed the ERISA claim and related allegations. (*T.d. 5*) Shortly thereafter, Plaintiffs filed a motion to remand the case to state court, arguing that the dismissal of the ERISA claim left the Court without subject matter jurisdiction over the remainder of the complaint. (*T.d. 6*). The Court refused to remand the Complaint in its August 6, 2002 Order, holding that ERISA completely preempted the state-law claims because all of the claims related to an employee benefit plan. (*T.d. 9*).

After the filing of the August, 2002 Order, Fifth Third moved to dismiss the Complaint because, as Plaintiffs had dismissed the sole ERISA claim in an attempt to have the case remanded back to state Court, all of the remaining claims were based in state-law and, thus, preempted by ERISA. Motion to Dismiss, Aug. 15, 2002 (*T.d. 11*). Meanwhile, however, Plaintiffs filed a Motion to Amend the Complaint in order to re-allege their ERISA claim and to avoid dismissal of their entire case. Motion to Amend, Sept. 30, 2002 (*T.d. 15*). On March 11, 2003, the Court granted Fifth Third's Motion to Dismiss and ordered that all of the state-law claims be dismissed. Order (*T.d. 11*). Plaintiffs then abandoned their Motion to file the First Amended Complaint, which re-alleged all state-law and ERISA law claims, and – instead – moved to amend their Complaint to reinstate only the ERISA claim and to remove the state-law claims. Motion to File Second Amended Complaint, April 10, 2003 (*T.d. 25*). The Motion to File was granted. Order, June 11, 2003 (*T.d. 26*). Fifth Third then moved to Dismiss the Second Amended Complaint, but this Motion was denied. Order, Nov. 4, 2004 (*T.d. 46*).

Plaintiffs are now moving this Court to reconsider its March 11, 2003 Order that dismissed all of Plaintiffs' state-law claims, namely those for breach of contract, conversion, intentional misrepresentation, negligent misrepresentation, unjust enrichment, and breach of the covenant of good faith and fair dealing. (*T.d. 64*). Plaintiffs base their reconsideration motion on an alleged "change in the law," allegedly identifiable in the opinions *Penny/Ohlmann/Nieman, Inc. v. Miami Valley Pension Corp.*, 399 F.3d 692 (C.A.6 2005) and *Toledo Blades Newspaper Unions-Blade Pension Plan v. Inv. Performance Serv., LLC*, 2005 U.S. Dist. LEXIS 11542 (ND Ohio June 15, 2005). These cases, however, do not change the law applicable to the facts of the case.

## III. ARGUMENT

As the Sixth Circuit has recognized, the Federal Rules of Civil Procedure do not contemplate "motions to reconsider." *Smith v. Hudson*, 600 F.2d 60, 62 (6th Cir. 1979). A motion that asks the Court to reconsider or reverse its prior holding may be treated as a motion to alter or amend a judgment under Rule 59(e). A motion under Rule 59(e), however, is not an opportunity to reargue a case. *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998). Such a motion should only be entertained if a change in controlling law has occurred, new evidence that was not available through due diligence at the time of the ruling becomes available, there is a need to correct clear legal error, or to prevent manifest injustice. *Gessler v. Ford Motor Co.*, 185 F.Supp.2d at 729 (*citing Birmingham v. Sony Corp. of America, Inc.*, 820 F.Supp. 834, 856 (D.N.J 1992)); *see also GenCorp. Inc., v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999).

A. **The Case Law Cited in Support of Plaintiffs' "Motion for Reconsideration" Fails to Establish a Recent Change in Controlling Law**

Despite catch phrases like "recent significant change" and "noticeable shift," nothing in the *PONI* or *Toledo Blades* cases alters the application of ERISA preemption to this case – where a plan participant is attempting to assert a breach of contract case against either a fiduciary or non fiduciary.

    1. **The Sixth Circuit's PONI Decision Does Not Announce New Limits on ERISA Preemption applicable to this litigation**

In *PONI*, a plan sponsor (not a plan participant) brought state law claims against a plan trustee ("Bank") and a non-fiduciary service provider when it learned that the Savings Plan and ESOP it sponsored violated Internal Revenue Code §416, which prohibits disproportionate distributions of employee-benefits to highly-compensated employees over lower-paid employees. 399 F.3d at 695. The Sixth Circuit held that all state-law claims were preempted by ERISA because the Bank was a fiduciary as plan trustee, even though the bank performed recordkeeping services to the Savings Plan itself. *Id.* at 696, 699. On the other hand, the Court held that the Plan sponsor could bring state-law contract claims against the record-keeper because the contract between the sponsor and the record-keeper addressed only non-fiduciary ("record-keeping") services in connection with the plan and because the state-law claims against the record-keeper neither "fall within any of three recognized categories which courts have generally found ERISA preemption," (*see infra*), nor implicate "relations among the traditional ERISA plan entities." *Id.* at 700.

The Sixth Circuit relied upon *N.Y. State Conference of Blue Cross & Blue Shield Plans v. Travelers Ins. Co.*, 514 U.S. 645, a **1995** opinion. That 1995 doctrine provides the appropriate approach for determining when a state-law claim is preempted: ERISA preempts state-laws that

(1) "mandate employee benefit structures or their administration;" (2) provide "alternate enforcement mechanisms;" or (3) "bind employers or plan administrators to particular choices or preclude uniform administrative practice, thereby functioning as a regulation of an ERISA plan itself." *PONI*, 399 F.3d at 698 (*citing Coyne & Delany Co. v. Selman*, 98 F.3d 1457, 1468 (4th Cir. 1996.)) Furthermore, in reaching the conclusion that the claims against the non-fiduciary record-keeper were not preempted, the Court noted that its decision aligns with case law holding that preemption does not exist when a state-law claim affects only a relationship not governed by ERISA. *Id.* at 698 (*citing Smith v. Provident Bank*, 170 F.3d 609, 617 (6th Cir. **1999**) ("where an ERISA plan's relationship with another entity is not governed by ERISA, it is subject to state-law"); *see also, Marks v. Newcourt Credit Group, Inc.*, 342 F.3d 444, 453 (6th Cir. 2003) ("breach of contract claim not preempted where the conduct at issue related to the 'employment contract irrespective of the plan' even though resolution of the claim affected the plaintiff's right to plan benefits.") The Court also noted that the decision is in alignment with long standing precedent from other Circuits, that hold that "ERISA does not preempt state-law claims brought against non-fiduciary service providers in connection with professional services rendered to an ERISA plan." *Id.* at 698 (*citing Gerosa v. Savasta & Co.,* 329 F.3d 317, 330 (2d Cir.), *cert. denied*, 540 U.S. 967 (2003) and *cert. denied*, 540 U.S. 1074 (2003); *Ariz. State Carpenters Pension Trust Fund v. Citibank*, 125 F.3d 715, 724 (9th Cir.); *Coyne & Delaney Co. v. Selman,* 98 F.3d 1457, 1466 (4th Cir. 1996); *Airparts Co. v. Custom Benefit Servs.*, 28 F.3d 1062, 1066 (10th Cir. 1994.)).

  Plaintiffs' argument that *PONI* somehow establishes new law or a "different" scope of preemption analysis is simply inaccurate. Not only does *PONI* not establish any new controlling law, but also the case simply has no relevance to this litigation. Nothing in *PONI* changes

ERISA preemption analysis to somehow allow a plan participant to assert state law breach of contract claims against anyone under any circumstances.

Even if *PONI* changed the scope of preemption, if this Court decided to exercise jurisdiction over Plaintiffs' alleged contract claims, that jurisdiction would undoubtedly "affect the structure, the administration, or the type of benefits provided by the plan." *Id.* at 701 (citing *Airparts Co.,* 28 F.3d at 1066.) and would still lead to preemption of the claims asserted. Plaintiffs entire complaint, whether based upon breach of contract or breach of fiduciary duty under ERISA, is based upon allegations that Fifth Third mismanaged the ESOP and specifically allowed unintended beneficiaries to receive employee benefits. Further, throughout their Motions for Reconsideration and Summary Judgment, Plaintiffs argue that the Suburban ESOP was breached because it specifically provided that the ESOP was for the benefit of employees who were previously employed by Suburban Federal Savings Bank. These allegations, whether direct or implied, sharply contrast the reasoning in *PONI,* which stated that the plaintiffs could maintain a state-law claim against the non-fiduciary record-keeper because such a claim did not include an "allegation that any of the plan's terms have been breached." *PONI*, 398 F.3d. at 701. The claims asserted in this case are not factually similar in any way to the non-preempted claims in *PONI.*

        2.    The Northern District of Ohio's Unpublished Opinion *Toledo Blades* Does Not Announce New Limits on ERISA Preemption

*Toledo Blades* does not establish new law, much less **new controlling** law, on the scope of ERISA preemption. *Toledo Blades* involved a suit by an employee benefit plan (again, not a plan participant) and its trustees against an investment advising corporation, its individual employees, and a growth investment manager for ERISA-based breach of fiduciary duty claims and state-law claims for negligent provision of investment advice. 2005 U.S. Dist. LEXIS

11542, *3-*4. Yet in *Toledo Blades* – the case most heavily cited by Plaintiffs for their contention that the plan beneficiaries may bring state-law breach of contract claims – the court specifically held that a state-law claim for breach of contract by beneficiaries against a fiduciary or a non-fiduciary **will be preempted**. The court held that a plan – but specifically not plan participants or fiduciaries – may bring "garden variety" state-law claims that will not be preempted:

> When an entity entitled to bring an action under [ERISA Section 502(a)(2)] sues a non-fiduciary on a state-law claim alleging wrongs for which ERISA provides relief, **the state action is preempted, despite the unavailability of an ERISA remedy due to the defendant's status as a non-fiduciary.**

*Id.* at *21-22. The court distinguished between a plan bringing a claim and plan beneficiaries bringing a claim, holding quite clearly that while a plan may bring "garden-variety state-law claims against non-fiduciaries," plan beneficiaries' (like the Plaintiffs in the case at bar) state-law claims are preempted by ERISA. *Id.* Relying on *Smith*, the court stated that a participant's state-law actions will be preempted by ERISA, even in situations where ERISA does not provide a remedy. *Id.* at *25 (". . . while a beneficiary, as an entity with a cause of action for breach of fiduciary duty as to the plan under § 502(a)(2), could sue neither fiduciaries nor non-fiduciaries on state-law claims based on actions that would amount to a breach of fiduciary duty under ERISA, an ERISA plan itself could sue non-fiduciaries on identical claims."). [2]

---

[2] This holding arose directly out of the Sixth Circuit's **1999** opinion in *Smith v. Provident Bank*, 170 F.3d 609. Prior to embarking on its analysis of whether ERISA preempted the state-law claims alleged by both the plan trustees and the plan itself, the Court set forth the standard for determining whether preemption should or should not apply. This section of the opinion extensively, and almost exclusively, cites language from the *PONI* decision. However, all of the *PONI* language cited includes direct citations to the Supreme Court's **1995** *Travelers* decision and the Supreme Court's **1997** decision *Cal. Div. Of Labor Standards Enforcement v. Dillingham Constr., N.A.,* 519 U.S. 316, 335. 2005 U.S. Dist LEXIS 11542, *19-*20 ("The Sixth Circuit has recently noted the Supreme Court's narrowing of ERISA's preemptive scope,

In the present case, the "plan" is not bringing the claim (whether one assumes the Suburban ESOP or the Affiliation Agreement to be the plan). Instead, Plaintiffs are seeking individual relief in their capacity as plan participants. In arguing that the Affiliation Agreement is a contract, not a plan, and that Fifth Third is not a fiduciary, not only are Plaintiffs withdrawing the ERISA claim of breach of fiduciary duty, but they are conceding that any state-law claim for breach of contract is preempted by ERISA. The Motion for Reconsideration must be denied for this reason alone.[3]

---

which the Supreme Court had previously described as "conspicuous for its breadth" and "deliberately expansive." As the Sixth Circuit has explained, the Supreme Court now instructs that the words "relate to" must not be taken to their "most logical extension," or else "pre-emption would never run its course,'" because, as Justice Scalia has noted,, "'everything is related to everything else.'"). Furthermore, the *Toledo Blades* opinion gives a long dissertation on the Sixth Circuit's 1999 holding in *Smith* and analogizes the *Smith* facts to the facts of *Toledo Blades*.[2] In 1999 in *Smith*, the Sixth Circuit held that, while both a beneficiary's state-law claims for breach of fiduciary duty against ERISA fiduciaries and non-fiduciaries are preempted, only a plan's state-law claims against ERISA fiduciaries are preempted. *Id.* at *25 (*citing Smith*, 170 F.3d at 614-617)  A plan's state-law claims against ERISA non-fiduciaries are not preempted. *Id.* None of this supporting case law is new.

[3] It should also be noted that the case *sub judice* is also distinguishable from *Marks,* which is cited by Plaintiffs in support of their Motion for Reconsideration. In *Marks*, the Court refused to preempt a breach of contract claim based upon an employment contract, even though an employee benefit plan was mentioned in the complaint. 342 F.3d at 454. The plaintiff in that case relied upon the employee-benefit plan only for the purpose of articulating "specific, ascertainable damages." *Id.* The crux of plaintiff's allegations, however, was that the employer, without cause, altered his employment duties and reduced his compensation in breach of his employment contract, irrespective of the plan. *Id.* Clearly, the Plaintiffs in this case allege more than just a breach of the Affiliation Agreement. Even assuming *arguendo* only that if the operative Complaint only alleged a breach of contract claim, and not an ERISA claim, the Suburban ESOP would be implicated for more than just determining damages. Not only would the ESOP necessarily be involved because of Plaintiffs' claims that the ESOP was only for the benefit of former Suburban employees, but it would also be involved for the purposes of determining whether the shares in the suspense account could have been distributed to only Suburban employees without violating Section 415 of the Internal Revenue Code, who were the "participants," and also to determine whether Fifth Third had the authority to terminate the Suburban ESOP.

## IV. CONCLUSION

Fifth Third respectfully requests that this Court deny Plaintiffs' Motion for Reconsideration. The law has **not** changed in the Sixth Circuit, giving this Court no grounds to reconsider its March 2003 Order. Further, even assuming *arguendo* that ERISA preemption is more limited than it once was, ERISA law still preempts the Plaintiffs' potential breach of contract claims, if any because a plan participant still has no legal standing to bring a breach of contract claim against either a fiduciary or a non-fiduciary. Hence, the Motion for Reconsideration must be denied.

Respectfully submitted,

/s Patrick F. Fischer
Patrick F. Fischer (0039671)
Sue A. Erhart (0066639)
Christy M. Nageleisen (0076600)
One East Fourth Street, Suite 1400
Cincinnati, Ohio 45202
Tel: (513) 579-6459
Fax: (513) 579-6457
pfischer@kmklaw.com
serhart@kmklaw.com
cnagelsien@kmklaw.com
Attorneys for Defendant,
Fifth Third Bancorp

OF COUNSEL:

KEATING MUETHING & KLEKAMP PLL
One East Fourth Street
Suite 1400
Cincinnati, Ohio 45202
(513) 579-6400

## **CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing DEFENDANT FIFTH THIRD BANCORP'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION FOR RECONSIDERATION was filed electronically and served upon William J. Moran, Jr., Deters, Benzinger & LaVelle, P.S.C., 3500 Carew Tower, 441 Vine Street, Cincinnati, Ohio 45202 and John R. Kirk and Richard G. Meyer, Deters, Benzinger & LaVelle, P.S.C., 207 Thomas More Parkway, Crestview Hills, KY 41017, by mail, this 29th day of July, 2005.

                                              /s Patrick F. Fischer
                                              Patrick F. Fischer

1472905.1