UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **JOSEPH F. HUTCHISON,** *et al.*, | ) | Case No. 1:01-cv-789 |
| | ) | |
| Plaintiffs, | ) | (Judge Beckwith) |
| | ) | |
| -v- | ) | |
| | ) | **DEFENDANT FIFTH THIRD** |
| **FIFTH THIRD BANCORP,** | ) | **BANCORP'S REPLY MEMORANDUM** |
| | ) | **IN SUPPORT OF ITS MOTION FOR** |
| Defendant. | ) | **SUMMARY JUDGMENT** |

Joseph H. Hutchison and John A. Buccheid's (collectively "Plaintiffs") opposition memorandum to Fifth Third Bancorp's ("Fifth Third") motion for summary judgment fails to raise a single argument or fact not yet maintained by the Plaintiffs in at least one of their recent motions.[1] Instead of raising any new issue, they continue to distort Fifth Third's responsibility under the Affiliation Agreement – "rely[ing] solely on . . . two provisions both for their ERISA breach of fiduciary duty claim and for their common law breach of contract claim. . ." *See Plaintiffs' Opposition Memorandum, at 2, n. 1.* They further dwell on their repeated arguments that a "transfer" of assets occurred from the Suburban Federal ESOP to a plan sponsored by Fifth Third; that the Suburban Federal ESOP creates an actual plan (despite the fact that they are seeking to have the ESOP identified as a contract **not preempted** by ERISA); that Fifth Third breached its fiduciary duty; and that a "resulting plan" was, somehow, created.

---

[1] Although Fifth Third did not request oral argument in its original motion for summary judgment, it intends to request such argument by separate motion. (*T.d.* 71) When the original motion was filed, Fifth Third did not anticipate the extensive motion practice that has taken place in the last month. It, therefore, did not request oral argument. In order to streamline the issues for the Court, however, Fifth Third would like to have oral argument on this motion and/or on all of the recently-filed motions and memoranda in support and in opposition.

All of these issues have been addressed, at length, by both parties. For the sake of brevity and so as not to further belabor the arguments, Fifth Third briefly addresses only Plaintiffs' arguments that (1) a transfer occurred; and (2) the Affiliation Agreement – in some way – amends the Suburban Federal ESOP[2].

A. **NO TRANSFER FROM ONE PLAN TO ANOTHER OCCURRED**

By merely adding participants to the Suburban Federal ESOP, Fifth Third did not "transfer" funds to any other plan.[3] In fact, Plaintiffs do not allege that Fifth Third was individually responsible for transferring funds from one plan to another. Instead, Plaintiffs engage in a baseless "substance over form" analysis, claiming that by adding Fifth Third employees as participants to the Suburban Federal ESOP, Fifth Third "substantively" achieved a transfer even though its employees were not required to rollover their share of the ESOP into a Fifth Third plan.

This suffered reasoning is incongruous and not based on the facts found in the record. First, precedent shows that no "transfer" occurred. As noted in Defendants' opposition memorandum to summary judgment, the United States Supreme Court has ruled that the amendment of a plan to add new participants is **not** the same as the creation of a second plan and a transfer of assets to that second plan. *Hughes Aircraft Co. v. Jacobson*, 525 U.S. 432, 442 (1999). Furthermore, the Treasury Department Regulations explicitly disagree with Plaintiffs'

---

[2] Fifth Third adopts and incorporates by reference its Memoranda in Opposition to Plaintiffs' Motions for Summary Judgment and Reconsideration ("opposition memorandum to summary judgment" and "opposition memorandum to reconsideration") (*T.d.* 81 and 82).

[3] As recognized by all parties throughout this litigation, the Suburban Federal ESOP could not be terminated as planned in June of 1998. Had it been terminated, IRC § 415 would have been violated. While Plaintiffs seem to want to deny this fact – as stated in their opposition memorandum on page 4 – they cannot deny that their own witnesses agree to that fact. For instance, Christopher Henn noted in his deposition that the Suburban Federal ESOP was not terminated by June 30th, 1998 because § 415 limits would have been violated. pg. 50-51, lines 4 -14.

contention that a "participant rollover" is the same as a "transfer." *See* opposition memorandum to summary judgment, pg. 15.  Second, even if the plain meaning of transfer should control, a transfer still did not occur.  Webster's dictionary defines "transfer" as "the conveyance of right, title, or interest in either real or personal property from one person to another by sale, gift, or other process." *Webster's Third New Int'l Dictionary,* p. 2427 (1993).  Fifth Third conveyed none of the Suburban Federal ESOP's assets to any other plan.  Rather, by terminating the plan, Fifth Third transferred assets from the Suburban Federal ESOP to all of the plan participants.  Those participants were individuals, not plans.  While some of those participants **may have** later transferred their assets into a plan sponsored by Fifth Third by rolling-over their assets, Fifth Third had no hand in that decision.  This was an individual decision for each participant.  In fact, only some of the Suburban Federal employees that participated in the Suburban Federal ESOP were hired by Fifth Third after the merger, so it was impossible for all of the assets to be rolled over into a Fifth Third plan.  Obviously, as a matter of fact and law, no transfer from the Suburban ESOP plan to another Fifth Third plan ever occurred.[4]

In addition to distorting the meaning of the word "transfer," Plaintiffs distort the purpose of the Affiliation Agreement by arguing that it is an "amendment" of the Suburban Federal ESOP itself.  The Affiliation Agreement is not such an amendment; it is an agreement that was drafted for the purpose of controlling Fifth Third's acquisition of Suburban Federal, some of which addressed the handling of the ESOP. (That portion of the Agreement provided alternate

---

[4] Although this Court need not even consider Plaintiffs' exaggerated exposition on the plain meaning doctrine of contract construction, it should be noted that a case briefed by Plaintiffs, *West v. AK Steel Corporation Retirement Accumulation Pension Plan*, is completely off-point. 318 F.Supp.2d 579 (SD Ohio 2004).  In that case, the parties disagreed on the definition of "accrued benefit." *Id. at* pg. 584-85.  The plan argued that the Treasury Regulation definition of "accrued benefit" applied, while the Plaintiff argued that the definition of "accrued benefit," which was actually contained in the plan, applied. *Id.*  The Court determined that the definition contained in the plan document, itself, was the controlling interpretation. *Id.*

sets of instructions depending upon the results of Suburban Federal's calculation of whether excess shares would remain in the Suburban Federal ESOP as of June 30, 1998.) Not only is the Affiliation Agreement not a plan, it is not an amendment to the Suburban Federal ESOP. In fact, rather than amending the Suburban Federal ESOP, the Affiliation Agreement gave the authority to Fifth Third to amend the plan after the merger. *See* Affiliation Agreement, Section II, Q. 11. (Attached as Tab 7 to *Appendix of Exhibits*). Section II, Q. 11, specifically provides that:

> . . . Suburban Bancorp or Thrift Subsidiary has all power and authority necessary to amend or terminate each Benefit Plan without incurring any penalty or liability provided that, in the case of an employee pension benefit plan (as defined in section ? (2) of ERISA), benefits accrued as of the date of amendment or termination are not reduced.

*Id.* Hence, the Affiliation Agreement is a contract relating to the Suburban Federal ESOP, but it is not the actual plan or an amendment to the plan. For this reason, ERISA preempts Plaintiffs' state-law contract claims because the Court's jurisdiction over such claims would undoubtedly "affect the structure, the administration, or the type of benefits provided by the plan." *Penny/Ohlmann/Nieman, Inc. v. Miami Valley Pension Corp.*, 399 F.3d 692, 701 (C.A.6 2005) (*citing Airparts Co. v. Custom Benefit Servs.*, 28 F.3d 1062, 1066 (10th Cir. 1994.))

    **B.**    **LEGALLY AND FACTUALLY, THE AFFILIATION AGREEMENT CREATED NO RESULTING PLAN**

With respect to Plaintiffs' other arguments, Plaintiffs cannot support their contention that Fifth Third breached a fiduciary duty owed to the plan participants or that the Affiliation Agreement creates a "resulting plan."[5] As fully addressed in Fifth Third's opposition memorandum to plaintiff's motion for summary judgment, Fifth Third did not breach either the general duty of loyalty, as set forth in 29 U.S.C. 1104, or any specific duty of loyalty set forth in

---

[5] It should also be noted that Fifth Third never addressed this claim in its Motion for Summary Judgment – as Plaintiffs point out on page 12 of their opposition memorandum – because Plaintiffs did not identify the grounds for this claim until they filed their Motion for Summary Judgment on July 6, 2005. (*T. d.* 75).

29 U.S.C. 1106. Fifth Third properly interpreted the amendment authority granted it by the Affiliation Agreement concluded that: it had the authority to add additional participants and adding participants prior to amending the plan did not result in a breach of any duty of loyalty. Also, as addressed in Fifth Third's opposition memorandum to plaintiff's motion for summary judgment, the Affiliation Agreement cannot lead to the implementation of a "resulting plan." In order for a written document to amount to an amendment of an ERISA plan, the document must contain "amendatory language" demonstrating that the document was intended to amend the plan. *Cinelli v. Security Pacific Corp.*, 61 F.3d 1437, 1442 (9th Cir. 1995). Rather than containing "amendatory language," the document grants Fifth Third the authority to amend the plan after the merger. *See supra, at* 4. It is illogical to suggest that the Affiliation Agreement does exactly what it grants Fifth Third the authority to do **after** Fifth Third becomes the Suburban Federal ESOP's sponsor.

### C. CONCLUSION

For the foregoing reasons and the reasons set forth in Fifth Third's Motion for Summary Judgment and Memorandum in Opposition to Plaintiffs' Motion for Summary Judgment, Fifth Third respectfully requests that this Court grant Defendants' Motion for Summary Judgment.

          Respectfully submitted,

          /s Patrick F. Fischer
          _____
          Patrick F. Fischer (0039671)
          Sue A. Erhart (0066639)
          Christy M. Nageleisen (0076600)
          One East Fourth Street
          Suite 1400
          Cincinnati, Ohio 45202
          Tel: (513) 579-6459
          Fax: (513) 579-6457
          pfischer@kmklaw.com
          serhart@kmklaw.com
          cnagelsien@kmklaw.com
          Attorneys for Defendant,
          Fifth Third Bancorp

OF COUNSEL:

KEATING MUETHING & KLEKAMP PLL
One East Fourth Street
Suite 1400
Cincinnati, Ohio 45202
(513) 579-6400

## CERTIFICATE OF SERVICE

     I hereby certify that a copy of the foregoing FIFTH THIRD BANCORP'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT was filed electronically and served upon William J. Moran, Jr., Deters, Benzinger & LaVelle, P.S.C., 3500 Carew Tower, 441 Vine Street, Cincinnati, Ohio 45202 and John R. Kirk and Richard G. Meyer, Deters, Benzinger & LaVelle, P.S.C., 207 Thomas More Parkway, Crestview Hills, KY 41017 by mail, this 8th day of August, 2005.

          /s Patrick F. Fischer
          _____
          Patrick F. Fischer