UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **JOSEPH F. HUTCHISON, et al.** | : | CASE NO. 1:01cv00789 |
| | : | |
| Plaintiffs | : | (Judge Beckwith) |
| | : | |
| v. | : | |
| | : | |
| **FIFTH THIRD BANCORP** | : | |
| | : | |
| Defendant | : | |

### REPLY TO DEFENDANT'S
### MEMORANDUM IN OPPOSITION
### TO PLAINTIFFS' MOTION FOR RECONSIDERATION

Come now the Plaintiffs, by counsel, and submit the following reply memorandum in support of their motion for reconsideration of the ERISA preemption issue.

### INTRODUCTION

Fifth Third is pulling out all stops to defeat Plaintiffs' request that the Court reinstate their state law breach of contract claim. (Doc. 64) Thus in its response memorandum, Defendant exclaims:

> Plaintiffs are desperately seeking to re-characterize and re-invent their arguments recognizing that their existing ERISA breach of fiduciary claim (sic) is doomed for failure.

(Doc. 81, p. 1) What Fifth Third adamantly refuses to recognize is that, as described in a

recent district court opinion, there has been a marked change in Sixth Circuit ERISA preemption case law:[1]

> The Sixth Circuit has recently noted the Supreme Court's narrowing of ERISA's preemptive scope, which the Supreme Court had previously described as 'conspicuous for its breadth' and 'deliberately expansive.'
>
> The Sixth Circuit therefore has determined that: ERISA preempts state laws that (1) mandate employee benefit structures or their administration; (2) provide alternate enforcement mechanisms to employees; or (3) bind employers or plan administrators to particular choices or preclude uniform administrative practice, thereby functioning as a regulation of an ERISA plan itself.

Toledo Blade Newspaper Unions-Blade Pension Plan v. Investment Performance Services, 373 F. Supp. 2d. 735, 744 (N.D. Ohio 2005) (interior quote marks omitted). This is a far cry from the Sixth Circuit's traditional preemption formula cited as recently as 2004:

> We have recognized the broad sweep of the Act's preemption provision in relation to state law claims based upon an improper denial of benefits, noting that "virtually all state law claims relating to an employee benefit plan are preempted by ERISA."

Ramsey v. Formica Corporation, 398 F.3d 421, 424 (6th Cir. 2004), citing and quoting from Cromwell v. Equicor-Equitable HCA Corp., 944 F.2d 1272 (6th Cir. 1991).

---

[1] Thus, it is the Sixth Circuit which has "reinvented" and "re-characterized" the standards of ERISA preemption in this Circuit, but probably not out of desperation.

Fifth Third is correct in noting that this very recent shift in Sixth Circuit case law is based upon Supreme Court ERISA preemption cases decided in the mid to late 1990s. However, the Supreme Court since 1981 has decided twenty ERISA preemption cases, finding or rejecting ERISA preemption in so many varied contexts and with varying rationales that no Circuit Court of Appeals could be faulted for not immediately seizing upon a departure from previous decisions, where those earlier decisions focused on a literal construction of the preemption statute. See the summaries of Supreme Court cases in Attachment A. In light of this complex array of Supreme Court cases, a federal district court could certainly consider Cromwell, *supra*, to be controlling authority in this Circuit, just as the Sixth Circuit itself did in 2004 in Ramsey, *supra*.

In fact, prior to Penny/Ohlmann/Nieman, Inc. v. Miami Valley Pension Corp., 399 F.3d 692 (6th Cir. 2005) (hereinafter "PONI"), this Court was following established Circuit Court precedent in citing Cromwell, at Fifth Third's urging, for the proposition that the "scope of ERISA preemption is broad and subsumes virtually any state law claim which relates to an employee benefit plan."[2] See the Order of August 6, 2002, p. 4. (Doc. 9)  It would therefore be a "manifest injustice" under Gessler v. Ford Motor

---

[2] Thus the Cromwell broad preemption construction eliminating virtually all state law claims was cited in Caffey v. Unum Life Insurance Co., 302 F.3d 576, 582 (6th Cir. 2002); Tinsley v. General Motors Corporation, 227 F.3d 700, 703 (6th Cir. 2000); and Central States, Southeast and Southwest Areas Pension Fund v. Mahoning National Bank, 112 F.3d 252, 255 (6th Cir. 1997). Each of these cases, despite Travelers Insurance, dismissed state law claims on the basis of Cromwell's broad rubric.

Company, 185 F.Supp.2d 724 (W.D. Ky. 2001), a case cited by both sides, to deny Plaintiffs' motion for reconsideration on the basis that ERISA preemption law was clearly settled in the Sixth Circuit prior to PONI.

Aside from the issue raised by Fifth Third of whether there are even grounds for this Court to grant a motion for reconsideration, the balance of its response memorandum addresses three issues: 1) whether Plaintiffs' have standing to assert a breach of contract claim; 2) whether the breach of contract claim is based solely on the Affiliation Agreement; 3) and whether Plaintiffs' may assert a state law breach of contract claim and an ERISA breach of fiduciary duty claim in the alternative, as Plaintiffs' have done in their motion and memorandum for summary judgment. (Doc. 75)

## LEGAL ISSUES

### I. AS THIRD PARTY BENEFICIARIES OF SECTION V.E(1) OF THE AFFILIATION AGREEMENT, PLAINTIFFS HAVE STANDING TO ASSERT THEIR BREACH OF CONTRACT CLAIM.

Fifth Third is mistaken when it adamantly states, "a plan participant has no legal standing to bring a breach of contract claim against either a fiduciary or non-fiduciary." (Doc. 81, p. 1) It is badly mistaken in arguing that the "Court correctly reached this conclusion in its March 11, 2003 Order," which did not even mention the legal standing issue, much less agree with Defendant's unusual commingling of common law and ERISA issues. (Doc. 24)

In regard to the standing issue, Plaintiffs are asserting their breach of contract claim, if reinstated under PONI, under Ohio third-party beneficiary case law:

> In order for a third person to enforce a promise made for his benefit, it must appear that the contract was made and entered into directly or primarily for the benefit of such third person.

American Rock Mechanics, Inc. v. Thermex Energy Corp., 80 Ohio App.3d 53, 58 (1992) (case citations omitted). Indeed, this Court has already noted that the pre-merger participants in the Suburban ESOP are intended beneficiaries of Section V.E(1) of the Agreement, quoting the relevant part of the Agreement as follows:

> … except as specifically set forth herein or as contemplated in Section V.D, V.E.1, … none of the provisions hereof shall be binding upon or inure to the benefit of any other person, firm or corporation whomsoever.

See the Order of November 2, 2004, p. 5 (Doc. 46), quoting the third-party beneficiary language of Section XI of the Affiliation Agreement. Without question, therefore, Plaintiffs have standing to bring a breach of contract action.

With regard to the preemption issue, plan participants are not *per se* prohibited from bringing state law claims against non-fiduciaries. Thus in Marks v. Newcourt Credit Group, Inc., 342 F.3d 444 (6th Cir. 2003), the Sixth Circuit permitted a plan participant to bring a breach of contract claim against the plan sponsor/employer, which was not acting in a fiduciary role. Moreover, in a number of cases the U.S. Supreme Court has permitted plan participants to pursue state law claims that are not

preempted by ERISA.  See these cases in Attachment A.  Thus, the Sixth Circuit and the U.S. Supreme Court have permitted plan participants to bring state law claims, if not preempted by ERISA, against non-fiduciaries.

Likewise, in PONI the negligence claim against the trustee record-keeper was preempted, whereas the same claim against the non-fiduciary record-keeper was not.[3] 399 F.3d at 697.  Granted, in the case at hand, unlike the non-fiduciary record-keeper in PONI, Fifth Third was not acting in the role of a non-fiduciary service provider.  As a result, this case does not fit into the handful of service provider cases cited in Fifth Third's memorandum.  (Doc. 81, p. 6)  In fact, based upon Marks and PONI, the watershed issue in this case is whether Fifth Third was acting in a fiduciary role in transferring the Suburban ESOP assets without compensating Plaintiffs.  If so, Plaintiffs have a viable ERISA claim rather than a contract claim.  On the other hand, if the refusal to pay Plaintiffs for the use of Plan assets did not implicate a fiduciary responsibility, in that event Plaintiffs have a viable state law breach of contract claim.

## II.     PLAINTIFFS' BREACH OF CONTRACT CLAIM IS BASED SOLELY ON THE AFFILIATION AGREEMENT AND NOT THE SUBURBAN ESOP.

In attempting to distinguish Plaintiffs' breach of contract claim from the similar

---

[3] There is no suggestion in PONI that all state law claims brought plan participants against non-fiduciaries would automatically be subject to ERISA preemption.  In fact, PONI suggests that such claims would not be preempted unless they meet one of the three categories from Travelers.

non-preempted claim in <u>Marks</u>, *supra*, Fifth Third argues:

> Clearly, the Plaintiffs in this case allege more than just a breach of the Affiliation Agreement.

<u>See</u> Defendant's response memorandum, p. 9, n. 3. (Doc. 81) To the contrary, this Court has already held that Plaintiffs' claim is "not related to the interpretation of the ERISA plan," but rather it is dependent upon the "interpretation of the Affiliation Agreement between Fifth Third and Suburban Federal Bancorporation." <u>See</u> the Order of March 11, 2003, p. 13. (Doc. 24) Although that conclusion was expressed in the context of Plaintiffs' ERISA claim, it is just as cogent to Plaintiffs' breach of contract claim. As in <u>Marks</u>, it is only the amount of Plaintiffs' breach of contract damages that requires reference to the Suburban ESOP. Since each of the 1,633 non-Suburban Fifth Third employees allowed into the Plan received 4 shares of Fifth Third stock, the damages calculation is totally independent of any Plan interpretation.

In <u>Marks</u> and herein, the untoward conduct at issue "may constitute a breach of … contract irrespective of the plan" and therefore the claims are not subject to ERISA preemption. 342 F.3d at 453. Fifth Third is making up three non-issues in this case to distance the case at hand from <u>Marks</u>. (Doc. 81, p. 9, n. 3) Yet each of these issues may be resolved by reference to Section V.E(1) without interpreting the Plan. Granted, Plaintiffs do claim "that the ESOP was only for the benefit of former Suburban employees." (<u>Id</u>.) However, it is Section V.E(1) that provides the enforcement mechanism, requiring Fifth Third to compensate Plaintiffs if the ESOP assets are

7

transferred out of the Plan.  Secondly, the issue "whether Fifth Third had the authority to terminate the Suburban ESOP" is another such non-issue.  (Id.)  Certainly Fifth Third did have this authority as the successor sponsor/trustee.  But by Section V.E(1) it could not do so through a reversion or transfer of Plan assets **without compensating Plaintiffs**.  The third trumped up issue is "whether the shares in the suspense account could have been distributed to only Suburban employees without violating § 415 of the Internal Revenue Code."  (Id.)  Through discovery, Plaintiffs learned why a § 415 surplus was created by June 30, 1998, accounting for the distribution to non-Suburban employees.  Since the value of the stock between the time of the merger and the anticipated termination date had increased by 75%, by reverse math there were approximately 6,600 shares in the suspense account, having a value of approximately $500,000, which could not be allocated within § 415 limits.  As a result, Plaintiffs are not (and never have been) challenging Fifth Third's inability to terminate the Plan within § 415 limits by June 20, 1998.  In sum, as this Court said long ago, Plaintiffs' claims herein are not based on the Plan, but strictly on the interpretation of the Affiliation Agreement.  Therefore, under the rationale of Marks and the narrowed scope of preemption under PONI, Plaintiffs have a viable state law breach of contract claim.

III.   **PLAINTIFFS ARE ASSERTING *ALTERNATIVE* CLAIMS FOR BREACH OF FIDUCIARY DUTY UNDER ERISA AND BREACH OF CONTRACT UNDER STATE COMMON LAW.**

In Toledo Blade Newspaper Unions-Blade Pension Plan v. Investment

Performance Services, LLC, 373 F.Supp.2d 735 (2005), the District Court correctly pointed out that a plaintiff cannot assert a state law claim, even against a non-fiduciary, when plaintiff has a remedy available under ERISA:

> When an entity entitled to bring an (ERISA) action … sues a non-fiduciary on a state-law claim alleging wrongs for which ERISA provides relief, the state action is preempted, despite the unavailability of an ERISA remedy due to the defendant's status as a non-fiduciary.

Id. at 744. For this reason, and because their state law breach of contract claim has been dismissed by interlocutory order, Plaintiffs in their summary judgment memorandum have stated their ERISA and breach of contract claims in the alternative. Thus Plaintiffs do not dispute Fifth Third's argument (previously acknowledged by Plaintiffs) that if ERISA provides a remedy under Section V.E(1) of the Affiliation Agreement, Plaintiffs do not have a viable claim that Defendant owes breach of contract damages under this Section. This is the mere re-labeling prohibition of ERISA preemption case law. Id. at 746.

As also stated in Plaintiffs' summary judgment memorandum, discovery in this case disclosed that in the merger negotiations Fifth Third rejected Suburban's proposed Plan amendment whereby Fifth Third would pay Plaintiffs for any § 415 surplus assets to ensure termination of the Plan by June 30, 1998. See ¶¶ 31-32 of the Henn affidavit and Exhibit P. Instead, the parties agreed to similar language, but not as a Plan amendment. Thus the similar language was set out in Section V.E(1), as an obligation

separate and apart from the Plan. Based upon this indisputable sequence of events, in their motion for summary judgment, Plaintiffs abandoned their position that Section V.E(1) itself created a separate ERISA plan, for which admittedly there would be no trustee and no actual pension benefits. Instead, Plaintiffs argued in their motion that Fifth Third breached its fiduciary duty under § 404, for which the Court should impose the equitable remedy of a resulting or constructive plan, the ERISA equivalent of a resulting or constructive trust. Fifth Third has objected that such a remedy is not available for a damages claim.

    As a result, it is obvious that a breach of contract claim under Section V.E(1) is much more straightforward than an ERISA claim based on Section V.E(1). It is just as obvious that such a breach of contract claim is not a mere re-labeling of an ERIS breach of fiduciary duty claim under § 404. Rather, the breach of contract claim is available if there is no available ERISA remedy for lack of a plan trustee, if Fifth Third was not acting in a fiduciary role in transferring Plan assets without paying for them, or if a trust remedy cannot be imposed for monetary relief.

    In the final analysis, for the Court to conclude that Plaintiffs' state law breach of contract claim is not preempted, the Court must find that ERISA does not provide relief for Fifth Third's breach of Section V.E(1) of the Affiliation Agreement. This was Plaintiffs' position in their motion for reconsideration and in their motion for summary judgment. Thus, in their motion for reconsideration, but not in their motion for

summary judgment, Plaintiffs incorporate Defendant's arguments that a breach of Section V.E(1) of the Affiliation Agreement cannot form the basis of an action "for which ERISA provides relief." Toledo Blade, *supra*, p. 744.

Respectfully submitted,

/s/ **Richard G. Meyer**
Richard G. Meyer
William J. Moran, Jr.  #0059707
John R. Kirk
*Trial Attorneys for Plaintiffs*
Deters, Benzinger & LaVelle, P.S.C.
441 Vine Street, Suite 3500
Cincinnati, Ohio 45202-3007
Tel.: 513-241-4110  /  Fax: 513-241-4551
E-mail: rmeyer@dbllaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on August 9th, 2005, I electronically filed the foregoing memorandum in support of motion for reconsideration with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Patrick F. Fischer and Sue A. Erhart of Keating, Muething & Klekamp, P.L.L.

s/ **Richard G. Meyer**

70627.11