ATTACHMENT "A"

# UNITED STATES SUPREME COURT
# <u>ERISA PREEMPTION CASES</u>

1) <u>Aetna Health, Inc. v. Davila</u>, 542 U.S. 200 (2004)
   **PREEMPTED**
   **Holding:**  Claims asserting the improper handling of health care benefit claims against an ERISA plan, based upon a Texas state statute, were completely preempted by ERISA, thereby ensuring a national uniform enforcement mechanism.
   **Claimant:**  Plan participant and beneficiary.

2) <u>Rush Prudential HMO, Inc. v. Moran</u>, 536 U.S. 355 (2002)
   **NOT PREEMPTED**
   **Holding:**  In a 5 to 4 decision, it was held that ERISA does not preempt the independent medical review option provided by an Illinois state statute when benefits are denied, since an independent medical review is not an alternate enforcement mechanism.  Dissent by Thomas, Scalia, Rehnquist and Kennedy.
   **Claimant:**  Patient/Participant.

3) <u>Egelhoff v. Egelhoff</u>, 532 U.S. 141 (2001)
   **PREEMPTED**
   **Holding:**  Under the "broadly expansive" preemption language of ERISA, the designation of a spouse as the beneficiary of a non-probate asset being automatically revoked upon divorce under a Washington state statute has a connection with ERISA plans and is therefore expressly preempted to the extent it applies to an ERISA plan.
   **Claimant:**  Beneficiary/Spouse of Participant.

4) <u>UNUM Life Insurance Co. of America v. Ward</u>, 526 U.S. 358 (1999)
   **NOT PREEMPTED**
   **Holding:**  California's notice-prejudice rule "regulate[d] insurance" within meaning of ERISA's saving clause and thus a participant's untimely claim escaped ERISA preemption, and a state statute mandating certain plan language is not an alternate enforcement mechanism under the ERISA preemption provision.
   **Claimant:**  Plan participant.

5) <u>Boggs v. Boggs</u>, 520 U.S. 833 (1997)
   **PREEMPTED**
   **Holding:**  In a 5 to 4 decision, without having to decide whether "relates to" supports this decision, the Court held that ERISA preempts state community property law because it provides its own enforcement mechanism.
   **Claimant:**  Plan participant's spouse (beneficiary)

6) <u>Cal. Div.Labor Standards Enfmt. v. Dillingham Constr.</u>, 519 U.S. 316 (1997)
   **NOT PREEMPTED**
   **Holding:** A state law which requires contractors in public projects to pay prevailing wages to employees in apprenticeship programs that had not received state approval but allows the payment of lower apprenticeship wages to employees participating in state-approved programs was not preempted by ERISA, since it "is indistinguishable from New York's surcharge program" at issue in <u>Travelers</u>.
   **Claimant:** Plan fiduciaries.

7) <u>DeBuono v. NYSA-ILA Medical and Clinical Services Fund</u>, 520 U.S. 806 (1997)
   **NOT PREEMPTED**
   **Holding:** ERISA does not preclude New York from imposing a gross receipts tax on ERISA funded medical centers pursuant to New York Health Facility Assessment (HFA). The HFA operates in a field that has been traditionally occupied by the states and the HFA is not the type of state law that Congress intended ERISA to supersede.
   **Claimant:** Trustees

8) <u>New York State Conference of Blue Cross & Blue Shield Plans v. Travelers Insurance Company</u>, 514 U.S. 645 (1995)
   **NOT PREEMPTED**
   **Holding:** ERISA does not preempt a New York state statute that requires hospitals to collect surcharges from patients covered by commercial insurers, but not from patients insured by a Blue Cross/Blue Shield plan. Court rejected a literal construction of "relates to" in ERISA preemption provision.
   **Claimant:** Plan fiduciaries.

9) <u>John Hancock Mutual Life Insurance Co. v. Harris Trust and Savings Bank</u>, 510 U.S. 86 (1993)
   **PREEMPTED**
   **Holding:** An insurance company was a fiduciary for ERISA purposes with respect to amounts in an account and did not guarantee any benefits to employees of the company that had originally contributed the funds to the account. The amounts in the account represented amounts in excess of those required by the insurance company to meet its obligations under benefits guaranteed to employees of the company that the company did not withdraw because it believed that the insurance company's withdrawal calculations unfairly penalized it for withdrawing funds.
   **Claimant:** Plan fiduciary.

10) <u>The District of Columbia v. The Greater Washington Board of Trade</u>, 506 U.S. 125 (1992)
    **PREEMPTED**
    **Holding:** An ordinance requiring that employers provide employees receiving workers' compensation benefits the same health insurance as they provides to other employees was preempted by ERISA.
    **Claimant:** Plan fiduciary.

11) <u>Ingersoll-Rand Company v. McClendon</u>, 498 U.S. 133 (1990)
   **PREEMPTED**
   **Holding:** ERISA preempts state common-law actions claiming that an employee was unlawfully discharged to prevent his attainment of benefits under a plan covered by ERISA, stating that the key to § 514(a) is found in the words "relate to" since Congress used the words in their broad sense, rejecting more limited preemption language that would have made the clause applicable only to state laws relating to the specific subjects covered by ERISA and used equally broad language in defining the "State law" that would be preempted to include all laws, decisions, rules, regulations, or other State action having the effect of law.
   **Claimant:** Plan participant.


12) <u>FMC Corporation v. Holliday</u>, 498 U.S. 52 (1990)
   **PREEMPTED**
   **Holding:** A state law barring subrogation by a health plan to the recovery of a plan member in a motor-vehicle tort action was preempted under ERISA as it applied to a self-insured health plan.
   **Claimant:** Plan fiduciary.


13) <u>Massachusetts v. Morash</u>, 490 U.S. 107 (1989)
   **NOT PREEMPTED**
   **Holding:** A state law requiring the payment of accrued vacation pay to terminated employees was not preempted by ERISA stating that Congress' primary concern was with the mismanagement of funds accumulated to finance employee benefits and the failure to pay employees benefits from accumulated funds.
   **Claimant:** Plan fiduciary.


14) <u>Mackey v. Lanier Collection Agency</u>, 486 U.S. 825 (1988)
   **PREEMPTED**
   **Holding:** A state law that prohibited the garnishment of any employee benefit plan subject to ERISA except for purposes of alimony or child support was preempted by § 514(a) of ERISA which provides that ERISA supersedes any state law relating to employee benefit plans.
   **Claimant:** Collection action by creditor.


15) <u>Fort Halifax Packing Company, Inc. v. Coyne</u>, 482 U.S. 1 (1987)
   **NOT PREEMPTED**
   **Holding:** A state statute requiring an employer who closes a factory to pay severance pay of a week's pay for each year of service was not preempted by ERISA which provides that any state law that relates to an employee benefit plan is superseded since the statute did not relate to an employee benefit plan.
   **Claimant:** Plan fiduciary.

16) <u>Metropolitan Life Insurance Company v. Taylor</u>, 481 U.S. 58 (1987)
   **PREEMPTED**
   **Holding:** An employee's common-law contract and tort claims were preempted by ERISA and fell within provision establishing exclusive federal cause of action for resolution of suits by beneficiaries to recover benefits from covered plan.
   **Claimant:** Plan participant.

17) <u>Pilot Life Insurance Company v. Dedeaux</u>, 481 U.S. 41 (1987)
   **PREEMPTED**
   **Holding:** The Fifth Circuit held that a state court action for improper processing of an employee benefit claim was preempted by § 514(a) of ERISA (11 U.S.C.A. § 1144(a)) since the action related to an employee benefit plan and was not covered by the insurance-savings clause (29 U.S.C.A. § 1144(b)). Accordingly, the judgment of the Court of Appeals is reversed.
   **Claimant:** Plan participant.

18) <u>Metropolitan Life Insurance Company v. Massachusetts</u>, 471 U.S. 724   (1985)
   **NOT PREEMPTED**
   Massachusetts' mandated-benefit law is a "law which regulates insurance" and so is not preempted by ERISA as it applies to insurance contracts purchased for plans subject to ERISA.
   **Claimant:** Plan insurer.

19) <u>Shaw v. Delta Air Lines, Inc.</u>, 463 U.S. 85 (1983)
   **PREEMPTED**
   New York's Human Rights Law was held preempted with respect to ERISA benefit plans only insofar as it prohibits practices that are lawful under federal law.
   **Claimant:** Plan participant.

20) <u>Alessi v. Raybestos-Manhattan</u>, 451 U.S. 504 (1981)
   **PREEMPTED**
   **Holding:** A state law forbidding the offset of workers' compensation payments against pension benefits was preempted by ERISA which provides that state laws relating to employee benefits plan are superseded.
   **Claimant:** Plan participants.

**70893**.9
8/9/2005 6:51 PM

4