UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **JOSEPH F. HUTCHISON,** *et al.*, | ) | Case No. 1:01-789 |
| | ) | |
| Plaintiffs, | ) | (Judge Beckwith) |
| | ) | |
| -v- | ) | DEFENDANT FIFTH THIRD |
| | ) | BANCORP'S REPLY MEMORANDUM |
| **FIFTH THIRD BANCORP,** | ) | IN SUPPORT OF ITS MOTION TO |
| | ) | STRIKE PLAINTIFFS' MOTION FOR |
| Defendant. | ) | CLASS CERTIFICATION, OR IN THE |
| | ) | ALTERNATIVE, MOTION TO STAY |
| | ) | <u>FURTHER BRIEFING</u> |

Not until **four years after** Plaintiffs filed their initial complaint, not until **two years after** Plaintiffs filed their second amended complaint, and not until **two months after** the close of discovery, Plaintiffs formally – for the first time in this litigation – moved for class certification pursuant to Federal Rule of Civil Procedure 23. (*See T.d. 80.*) Plaintiffs' motion clearly violates S.D. Ohio Local Rule 23.3, which exists to aid in the enforcement of the policies set forth in Fed. R. Civ. P. 23(c)(1)(A).[1] Hence, Plaintiffs have waived their right to move for class certification and their motion for class certification should be stricken.

Plaintiffs argue that, despite their rule violations, the motion for class certification is somehow timely in light of the Court's November 2, 2004 Order (*T.d. 46.*) This argument is baseless. First, an "extended" pre-discovery motion practice does not relieve Plaintiffs of their responsibility to abide by the Federal Rules and this Court's Local Rules. Further, even if the 120 day time limit set forth in Local Rule 23.3 was not triggered until this Court's November 2,

---

[1] Currently, Fed. R. Civ. P. 23(c)(1)(A) requires a district court to determine class action status early in the case and reads "When a person sues . . . as a representative of a class, the court **must – at an early practicable time –** determine by order whether to certify the action as a class action." (emphasis added.) Plaintiffs filed no such motion requesting such an order on class issues prior to the end of discovery.

2004 Order was entered, **Plaintiffs still did not file their motion within 120 days of the November 2, 2004 Order.** In effect, Plaintiffs waited until after discovery closed to "bushwack" Fifth Third on the class issue. Plaintiffs' arguments do not justify their violation of the Federal and Local Rules. Likewise, the Court should not waste any further time and resources on Plaintiffs' motion and should strike the motion as untimely.

I. **PLAINTIFFS' MOTION FOR CLASS CERTIFICATION UNEQUIVOCALLY VIOLATES S.D. OH LOCAL RULE 23.3**

In their Memorandum in Opposition to Defendant's Motion to Strike (*T.d. 86*), Plaintiffs concede that they failed to abide by Local Rule 23.3, which requires Plaintiffs to move for class certification within 120 days of filing a pleading that asserted class allegations. Plaintiffs do not justify: (1) their failure to seek an extension of the Local Rule 23.3 deadline; (2) their failure to seek a briefing schedule on class certification; or (3) their failure to seek leave of court to file a motion for class certification out-of-time. Instead, they argue that Local Rule 23.3 does not apply to them because this Court did not rule that valid class claims *might* exist until November 2, 2004. Plaintiffs provide no law to support this argument, which completely ignores the basic premise of Federal Rule 23(c) and Local Rule 23.3 – to guard against class certification motions brought at late stages in litigation. The Local Rule makes clear that class certification does not happen automatically; the rules clearly place the burden on the party asserting such allegations to move affirmatively for class certification. Plaintiffs' failure to take affirmative steps is a waiver of their right to file a motion for class certification. (*Fed. R. Civ. P. 23(c)(1)(A); Local Rule 23.3.*)

Even if Local Rule 23.3 was not triggered until this Court entered its last Order on November 2, 2004, Plaintiffs still violated the Rule because they exceeded the 120-day rule by nearly four months. Plaintiffs' filed their motion for class certification on or about June 24,

2005, thus the 120-day deadline ran on or about March 2, 2005. As addressed in Defendant's Motion to Strike, no exception to Local Rule 23.3's deadline exists. The Local Rule is mandatory ("shall") in nature, and does not use terms or phrases like "may" or "except for good cause shown." Plaintiffs have not abided by the spirit or the letter of the Federal Rules or the Local Rules and, thus, Defendant's Motion to Strike should be granted.

## II.    FIFTH THIRD WILL BE UNDULY PREJUDICED IF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION IS GRANTED

Pursuant to Local Rule 23.3, Plaintiffs have an affirmative duty to move for class certification and, in order to succeed on its Motion to Strike, Fifth Third does not need to prove prejudice by the filing of a tardy motion for class certification. Despite this fact, Fifth Third will be prejudiced if Plaintiffs' Motion is considered without class discovery. Because Plaintiffs failed to timely file their motion for class certification, Fifth Third had no need to conduct class-related discovery.

If such discovery had taken place, Fifth Third believes it would have been able to demonstrate that class treatment is inappropriate in this case. Fifth Third bases this contention on certain discovered documents. As Plaintiffs highlight in their Memorandum in Opposition, the two Plaintiffs and Christopher Henn signed Severance Agreements and Termination and Release Agreements. However, it is unknown whether other "putative class members" may have signed such Agreements and whether those Agreements might avail Fifth Third with certain defenses against those putative class Plaintiffs. This postulation is far from being "based on a dead issue." Just as discovery would be necessary on this issue, it would be necessary to determine the *present* addresses of all the "putative class members." Clearly, additional discovery is necessary to determine whether class certification is appropriate in this case.

Moreover, Plaintiffs have not attempted to define the class it seeks to certify, nor have they identified the type of class it seeks to certify. Without such a class definition nor a specified type of class, Fifth Third could not perform any in depth discovery on class issues because Fifth Third would not know what facts to discovery or even inquire upon. To certify a class without permitting discovery on the class definition or class type is obviously unfair and prejudicial to Fifth Third. This Court should not countenance such an unjust result.

Based upon the current evidence in the record, Fifth Third also believes that class discovery would demonstrate that Fifth Third's subsequent payment of excess funds from the Suburban ESOP affected several diverse small groups of former Suburban ESOP participants in very different ways. Fifth Third believes that class discovery would, in effect, demonstrate the existence of several potential "subclasses," none of which would individually satisfy the various class action prerequisites, including numerosity. As addressed in Fifth Third's Motion to Strike, potential subclasses could possibly include the following groups of individuals: (1) some former Suburban ESOP participants – such as Plaintiffs – that signed "employment" contracts with Suburban (while others did not); (2) other former Suburban ESOP participants that signed "severance" agreements with Suburban (while others did not); (3) some former Suburban ESOP participants – such as Plaintiffs – that signed "termination and release" agreements with Suburban (while others did not); (4) a few former Suburban ESOP participants – including the two Plaintiffs – that were highly paid Suburban executives (while many others were not); (5) some former Suburban ESOP participants – such as Plaintiffs – that never worked for Fifth Third (while others did go to work for Fifth Third); (6) some former Suburban ESOP participants who began working for Fifth Third at the time of the merger, and were still employed by Fifth Third when the 1997 plan year ended on June 30, 1998; and (7) other former Suburban ESOP

participants who worked for Fifth Third after the merger, but terminated their employment with Fifth Third prior to the 1997 plan year ending on June 30, 1998. Because no previous motion to certify a class was ever filed, Fifth Third could not take discovery on these differences many class issues, either. The prejudice to Fifth Third is clear. The Court should strike the Motion to Certify.

### III.   CONCLUSION

For the foregoing reasons, Fifth Third respectfully requests that the Court strike Plaintiff's motion for class certification for violating Federal Rule 23(c) and/or Local Rule 23.3 or deny the motion without further briefing based on the untimely submission. Alternatively, if the Court does not strike or deny the motion, and Fifth Third is required to respond on the merits, to avoid clear prejudice Fifth Third reluctantly, but strongly, requests that the Court rescind the current scheduling order and vacate the trial date; allow Fifth Third to conduct class-related discovery for ninety days; and establish an appropriate briefing schedule after the close of class discovery.

    Respectfully submitted,

/s Patrick F. Fischer
Patrick F. Fischer (0039671)
Sue A. Erhart (0066639)
Christy M. Nageleisen (0076600)
One East Fourth Street
Suite 1400
Cincinnati, Ohio 45202
Tel: (513) 579-6459
Fax: (513) 579-6457
pfischer@kmklaw.com
serhart@kmklaw.com
cnageleisen@kmklaw.com
Attorneys for Defendant,
Fifth Third Bancorp

OF COUNSEL:

KEATING MUETHING & KLEKAMP PLL
One East Fourth Street
Suite 1400
Cincinnati, Ohio 45202
(513) 579-6400

## CERTIFICATE OF SERVICE

      I hereby certify that a copy of the foregoing DEFENDANT FIFTH THIRD BANCORP'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO STRIKE PLAINTIFFS' MOTION FOR CLASS CERTIFICATION was filed electronically and served upon William J. Moran, Jr., Deters, Benzinger & LaVelle, P.S.C., 3500 Carew Tower, 441 Vine Street, Cincinnati, Ohio 45202 and John R. Kirk and Richard G. Meyer, Deters, Benzinger & LaVelle, P.S.C., 207 Thomas More Parkway, Crestview Hills, KY 41017 by ordinary US Mail this 7th day of September, 2005.

      /s Patrick F. Fischer

      Patrick F. Fischer