```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF OHIO
                        WESTERN DIVISION
```

Joseph F. Hutchison,         )
et al.,                      )
                             )
            Plaintiffs,      ) Case No. 1:01-CV-789
                             )
    vs.                      )
                             )
                             )
Fifth Third Bancorp,         )
                             )
            Defendant.       )

O R D E R

This matter is before the Court on Plaintiff Joseph F. Hutchison, et al.'s motion for reconsideration (Doc. No. 64). For the reasons set forth below, Plaintiff's motion is not well-taken and is **DENIED**.

This lawsuit arises out of a merger between Defendant Fifth Third Bancorp ("Fifth Third") and Suburban Banccorporation, Inc. ("Suburban"). In a prior order, the Court described the factual background of the parties' dispute as follows:

> Plaintiffs' Second Amended Complaint alleges that in 1997, Suburban merged with Fifth Third. Prior to the merger, Suburban and Fifth Third entered into an Affiliation Agreement, which controlled the effect of the merger on the Suburban ESOP. At the time of the merger, the parties were aware that Fifth Third had no plans to continue the Suburban ESOP after the merger. Since some important factors concerning termination of the Suburban ESOP were unknown when the Affiliation Agreement was signed, the Agreement addressed the effect of the merger on the Suburban ESOP. If all of the ESOP shares could be allocated within the Section 415 limits, the ESOP would be terminated on June 30, 1998 and all assets distributed to the ESOP members.

> The Affiliation Agreement also anticipated the possibility that the ESOP could not be terminated by the projected date, causing excess shares to remain in the Plan. In that event, the Agreement stated that if Fifth Third either accepted the excess assets or transferred them to a Fifth Third plan, regardless of whether an IRS approval letter was issued, then Fifth Third would distribute the equivalent amount of the excess to the Plaintiffs.
>
> The Suburban ESOP was not terminated as of June 30, 1998. Plaintiffs allege that, rather than distributing the excess assets to them, Fifth Third amended the Suburban ESOP to permit Fifth Third employees to participate in the plan, contrary to the Affiliation Agreement.

Doc. No. 46, at 3-4 (internal footnote and record citations omitted).

Plaintiffs originally filed a complaint against Fifth Third in the Hamilton County, Ohio Court of Common Pleas. The original complaint asserted state law claims against Fifth Third for breach of contract, conversion, intentional misrepresentation, negligent misrepresentation, unjust enrichment, and breach of the covenant of good faith and fair dealing. The complaint also contained a complaint for breach of fiduciary duty pursuant to the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, et seq. Fifth Third then removed the case to federal court on the basis of Plaintiffs' ERISA claim.

Plaintiffs then purported to dismiss their ERISA claim and moved to remand the case to state court. The Court, however, found that Plaintiffs' remaining state law claims were completely

preempted by ERISA. The Court, therefore, denied the motion to remand. See Doc. No. 9. Plaintiffs then filed an amended class action complaint (Doc. No. 15) which asserted the same seven claims as the original complaint.

In the interim, Fifth Third filed a motion to dismiss the original complaint. Doc. No. 11. In its motion, Fifth Third argued that Plaintiffs' state law claims were completely preempted by ERISA and that they had abandoned their lone ERISA claim by moving to voluntarily dismiss it. After Plaintiffs filed their amended complaint, Fifth Third moved to dismiss the ERISA claim on the grounds that Plaintiffs had failed to exhaust their administrative remedies. Doc. No. 19.

On March 11, 2003, the Court issued an order (Doc. No. 24) which resolved both of Fifth Third's motions to dismiss. In that order, the Court agreed that Plaintiffs' state law claims were completely preempted by ERISA for the reasons stated in its order denying the motion to remand. See id. at 5-6. The Court, therefore, granted Fifth Third's motion to dismiss Plaintiffs' state law claims. The Court then found that Plaintiffs would not be required to exhaust their administrative remedies on the grounds of futility. The Court, therefore, denied Fifth Third's motion to dismiss Plaintiffs' ERISA claim. Id. at 13.

Plaintiffs now move the Court to reconsider that part of its March 11, 2003 order which dismissed their state law

breach of contract claim. Doc. No. 64. Plaintiffs argue that a recent decision by the Sixth Circuit Court of Appeals, Penny/Ohlmann/Nieman, Inc. v. Miami Valley Pension Corp., 399 F.3d 692 (6th Cir. 2005)("PONI"), has significantly narrowed the scope of ERISA preemption. Plaintiffs contend that pursuant to this decision, their breach of contract claim is no longer preempted by ERISA. The Court disagrees.

ERISA has traditionally been interpreted broadly to preempt any state law that "relates to" an employee benefit plan. Cromwell v. Equicor-Equitable HCA Corp., 949 F.2d 1272, 1275 (6th Cir. 1991). Thus, in Cromwell, the Court stated that ERISA preempts "virtually all" state law claims relating to an employee benefit plan. Id. According to the Cromwell Court, the only state law claims not preempted by ERISA were those whose connection to the plan are merely remote, tenuous, or peripheral. Id.

In PONI, however, the Court stated that recent decisions by the U.S Supreme Court had narrowed the preemptive scope of ERISA from the broadest reach of its preemption provision. PONI, 399 F.3d at 697. Rather, the Court stated, in determining whether a state law claim is preempted by ERISA, courts must look at the objectives of ERISA to determine which state law claims do not survive preemption. Thus, the Court noted, that ERISA preempts state laws which mandate employee

4

benefit structures or their administration, provide alternative enforcement mechanisms, or bind employers or plan administrators to particular choices or preclude uniform administrative practice. Id. Not preempted by ERISA, however, are "traditional state-based laws of general applicability that do not implicate the relations among traditional ERISA plan entities, including the principals, the employer, the plan, the plan fiduciaries, and the beneficiaries." Id.

In PONI, the employer maintained three different retirement plans - a defined benefit pension plan, an ESOP, and a savings plan. The employer hired Miami Valley Pension Corp. ("MVP") to perform recordkeeping services for its plans, including "top heavy" testing to determine if too great a percentage of the plan's assets were dedicated to key employees. If a plan is top heavy, certain minimum vesting, benefit, and contribution requirements are triggered. MVP, however, performed the top heavy testing incorrectly and as a consequence, the employer failed to comply with its top heavy contribution requirements for a seven year period. The Internal Revenue Service did not disqualify the plans, but fined the employer $5,000. Additionally, the employer was required to make a minimum contribution of $137,087.07 to the plans and incurred an additional $35,000 in service and legal fees bringing the plans back into compliance. Id. at 695-96.

The employer sued MVP for breach of its service contract and for negligently misrepresenting its knowledge of the applicable law and ability to operate the plans in conformity with the law and the plan documents.  MVP moved to dismiss the employer's breach of contract claims on the grounds that the claim was completely preempted by ERISA.  The Court disagreed, however.  The Court noted that MVP was not a fiduciary of any of the plans, but rather was a non-fiduciary service provider.  The Court then found that a state law breach of contract claim versus MVP would not mandate any specific benefit structure, provide an alternative enforcement mechanism, or regulate the plan itself.  Id.  Moreover, because MVP was a non-fiduciary, the Court concluded that a breach of contract claim would not implicate the relations among traditional plan entities.  Id.  The Court found that MVP was simply a third party service provider whose services were no different from the consulting, actuarial or legal services provided to ERISA plans that other courts have allowed state law claims to go forward.  Id. at 701.

In this case, assuming for purposes of the present motion that Plaintiffs' breach of contract claim would not provide an alternative benefit structure, constitute an alternative enforcement mechanism, or regulate the plan itself, the claim is still preempted because it implicates the relations among traditional plan entities.  Indeed, in contrast to PONI,

6

here Plaintiffs' breach of contract claim involves and implicates the relations of quintessential plan entities - the plan beneficiaries and the employer.  See id. at 697.  Toledo Blade Newspaper Unions Pen. Plan v. Investment Perf. Serv., LLC, 373 F. Supp.2d 735, 747 (N.D.Ohio 2005), is distinguishable for the same reason.  Essentially PONI stands for the proposition that ERISA does not preempt state law breach of contract claims against third party, non-fiduciary service providers.  Since Plaintiffs are beneficiaries of the ESOP plan and their breach of contract claim is against the employer - both traditional plan entities - PONI is not applicable to save the claim from preemption.

Accordingly, Plaintiffs' motion for reconsideration is not well-taken and is **DENIED**.

**IT IS SO ORDERED**

Date October 5, 2005              s/Sandra S. Beckwith
                                  Sandra S. Beckwith, Chief Judge
                                    United States District Court