UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| JOSEPH F. HUTCHISON, et al. | : | CASE NO. 1:01cv00789 |
| Plaintiffs | : | (Judge Beckwith) |
| v. | : | |
| FIFTH THIRD BANCORP | : | |
| Defendant | : | |

### AFFIDAVIT OF RICHARD G. MEYER OPPOSING DEFENDANT'S MOTION FOR ATTORNEY FEES

Comes now the Affiant, Richard G. Meyer, and having first been duly cautioned and sworn, states as follows:

1. Affiant is trial counsel for Plaintiffs, having replaced attorney Tom Schoenfeld in this capacity when Mr. Schoenfeld was appointed in-house counsel for an insurance company client.

2. On May 23, 2005, Affiant sent a settlement demand to attorney Patrick Fischer in the amount of $650,000. See a copy of this demand letter attached hereto as Exhibit A, explaining the rationale for this demand and identifying documents which supported settlement in this amount.

3. Mr. Fischer did not make an offer in response to this settlement demand until three months later, after all discovery was completed and all summary judgment

issues were fully briefed.

4. Prior to the May 23, 2005 settlement demand, Affiant had received limited document production from Fifth Third suggesting that Fifth Third had allocated approximately $1.2 million on stock value from the Suburban ESOP to its own employees. In the six months prior to this limited document discovery, Mr. Fischer had represented to Affiant that many of Fifth Third's documents regarding the Suburban Federal ESOP could not be located. As a result, according to Mr. Fischer, he was unable to document the $350,000 in stock value which Fifth Third claimed it had distributed to Fifth Third employees.

5. Shortly before May 23, 2005, pursuant to discovery, Affiant obtained documents from Fifth Third which disclosed the number of ESOP shares distributed to each participant, allowing Affiant for the first time to calculate Plaintiffs' damages. At that time, Mr. Fischer also expressed his frustration in not being able to locate Suburban ESOP documents which, in the ordinary course of business at Fifth Third, should have been maintained in various departments of Fifth Third Bank.

6. For the foregoing reasons, as soon as Affiant was able to compute an document Plaintiffs' damages, Affiant made a reasonable settlement demand to which Fifth Third made no counter-offer until three months later.

Further Affiant sayeth naught.

_____
Richard G. Meyer

2

The foregoing Affidavit was subscribed and sworn to before me by Richard G. Meyer on this 23rd day of November 2005.

My Commission
Expires:_____

_____
NOTARY PUBLIC

WILLIAM J. MORAN, JR., Attorney at Law
Notary Public, State of Ohio
My Commission Has No Expiration Date
Section 147.03

### CERTIFICATE OF SERVICE

I hereby certify that on November 23rd, 2005, I electronically filed the foregoing affidavit with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Patrick F. Fischer and Sue A. Erhart of Keating, Muething & Klekamp, P.L.L.

**s/ Richard G. Meyer**

3