UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **JOSEPH F. HUTCHISON, et al.** | ) | Case No. 1:01-789 |
| | ) | |
| Plaintiffs, | ) | (Judge Beckwith) |
| | ) | (Magistrate Judge Hogan) |
| -v- | ) | |
| | ) | |
| **FIFTH THIRD BANCORP,** | ) | **DEFENDANT'S MOTION TO RENEW** |
| | ) | **MOTION FOR ATTORNEY'S FEES** |
| Defendant. | ) | **AND AN AMENDED BILL OF COSTS** |

Pursuant to this Court's Order dated January 18, 2006 (T.d. 100) and in compliance with Federal Rule of Civil Procedure 54(d), Fifth Third Bancorp ("Fifth Third") moves to renew its Motion for an Award of Attorneys' Fees under the Employee Retirement Income Security Act of 1974 ("ERISA") and Moves to file an Amended Bill of Costs. Further, Fifth Third provides supplemental evidence of the fees and costs incurred since its original filings. This motion is supported by Defendant's Bill of Costs (T.d. 93), Defendant's motion for an award of attorneys' fees (T.d. 94), Defendant's reply memorandum in support of its motion for an award of attorneys' fees (T.d. 98), the attached memorandum, the Declaration of Sue A. Erhart and Amended Bill of Costs.

- 2 -

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | s/ Sue A. Erhart |
|  | Patrick F. Fischer (0039671) |
|  | Sue A. Erhart (0066639) |
|  | Christy M. Nageleisen (0076600) |
|  | One East Fourth Street, Suite 1400 |
|  | Cincinnati, Ohio 45202 |
|  | Tel: (513) 639-3929 |
| OF COUNSEL: | Fax: (513) 579-6457 |
|  | pfischer@kmklaw.com |
| KEATING, MUETHING & KLEKAMP, P.L.L. | serhart@kmklaw.com |
| One East Fourth Street, Suite 1400 | cnageleisen@kmklaw.com |
| Cincinnati, Ohio 45202 | Attorneys for Defendant |
| (513) 579-6400 | Fifth Third Bancorp |

## MEMORANDUM IN SUPPORT

**I.    INTRODUCTION**

On October 7, 2005, this Court granted Defendant Fifth Third's motion for summary judgment and denied Plaintiffs' cross motion for summary judgment. (T.d. 91). In that decision, this Court held that Defendant Fifth Third did not, as a matter of law, breach fiduciary duties under the Employee Retirement Income Security Act, 29 U.S.C. § 1104, when it amended the Suburban Bancorporation Employee Stock Ownership Plan (the "ESOP") to allow participation in the plan by Fifth Third employees. (*Id.* at p. 11). After the opinion was filed, Plaintiffs filed a notice of appeal and Defendant Fifth Third moved for an award of costs and attorney's fees pursuant to Fed. R. Civ. P. 54(D) and 29 U.S.C. § 1132(g). (T.d. 92, 93 & 94). On January 18, 2006, citing reasons of judicial economy, this Court denied without prejudice Fifth Third's motions for costs and attorney fees pending the outcome of Plaintiffs' appeal. Now that the appeal has concluded, Fifth Third renews its motion.

Plaintiffs' notice of appeal challenged four orders issued by this Court. The first of those orders denied the Plaintiffs' request to remand the case to state court because the various state law claims asserted in Plaintiffs' complaint were preempted by ERISA. (T.d. 9). The second order, dated March 10, 2003, dismissed the Plaintiffs' state law claims and the third order, issued on October 5, 2005, reaffirmed that decision. (T.d. 24 & 90). The fourth order, discussed above, granted summary judgment to Fifth Third on the remaining ERISA claim. (T.d. 91). Judgment was therefore entered in Fifth Third's favor.

Despite that the Plaintiffs' notice of appeal challenged all four Court orders, on appeal the Plaintiffs argued only one issue: they claimed that their state law breach of contract claim was not preempted by ERISA. Plaintiffs did not challenge the dismissal of the other various state law claims or, more importantly, the Court's granting of summary judgment to Fifth Third

on the ERISA claim. (T.d. 96). Relying on the 2004 Supreme Court Opinion in *Aetna Health, Inc. v. Davila*, 542 U.S. 2000 (2004) and consistent Sixth Circuit case law, the Sixth Circuit reaffirmed this Court's holding that the state law claims were preempted by ERISA. (*Hutchison v. Fifth Third Bancorp.* (Nov. 30, 2006), No. 05-04389, p. 4; attached as Exhibit A). Specifically, the Sixth Circuit held that:

> Affirmance is required because plaintiffs seek damages for the ERISA-regulated actions of an ERISA fiduciary, based on an alleged contract that the fiduciary entered into before it became a fiduciary with respect to plaintiffs. ERISA preempts in that situation because the state-law contract claim would bind fiduciaries to particular choices, thereby functioning as a regulation of the ERISA plan.

*Id.*

## II.     ARGUMENT

Pursuant to Fed. R. 54(D) and 20 U.S.C. § 1132(g), Defendant Fifth Third now files this motion to renew its motion for attorney fees and also files an Amended Bill of Costs. In support of this motion, Defendant adopts and incorporates the legal and factual support offered in Defendant's motion for Bill of Costs (T.d. 93), Defendant's motion for an award of attorneys' fees and memorandum in support (T.d. 94), and Defendant's reply memorandum in support of its motion for an award of attorneys' fees (T.d. 98). Further, Fifth Third hereby files an Amended Bill of Costs reflecting all of the costs incurred by Fifth Third in this action, including those incurred before and after the appeal. (Amended Bill of Costs is attached as Exhibit B.) Fifth Third also attaches to this memorandum the Declaration of Sue A. Erhart, which details the additional attorneys' fees that Fifth Third has incurred since its original motion for attorneys fess. (Declaration is attached as Exhibit C.) Fifth Third has incurred an additional $78,727.85 in attorneys' fees over and above the $206,531.24 that Fifth Third originally sought.

As more fully briefed in Defendant's previous memoranda in support of its motion for attorneys fees, Plaintiffs unreasonably pursed this litigation, refused to engage in realistic settlement negotiations, unpardonably fostered extended motion practice, and thereby inflated Fifth Third's legal fees. Plaintiffs are therefore responsible for the manner in which this case was handled and Plaintiffs and/or their counsel should be held responsible for all or some of Fifth Third's fees.

## III.     CONCLUSION

For these reasons and the reasons stated in Defendant's motion for an award of attorneys' fees and the memoranda in support, Fifth Third respectfully requests that this Court grant its motion to renew, accept Fifth Third's Amended Bill of Costs, and award Fifth Third its defense fees and costs. Specifically, Fifth Third seeks a total of $285,259.09 in attorneys' fees and $8,482.18 in costs.

Respectfully submitted,

s/ Sue A. Erhart
Patrick F. Fischer (0039671)
Sue A. Erhart (0066639)
Christy M. Nageleisen (0076600)
One East Fourth Street, Suite 1400
Cincinnati, Ohio 45202
Tel: (513) 639-3929
Fax: (513) 579-6457
pfischer@kmklaw.com
serhart@kmklaw.com
cnageleisen@kmklaw.com
Attorneys for Defendant,
Fifth Third Bancorp

OF COUNSEL:

KEATING, MUETHING & KLEKAMP, P.L.L.
One East Fourth Street, Suite 1400
Cincinnati, Ohio 45202
(513) 579-6400

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing **DEFENDANT'S MOTION TO RENEW MOTION FOR ATTORNEY'S FEES AND AN AMENDED BILL OF COSTS** was served upon Richard G. Meyer, William J. Moran, and John R. Kirk, Deters, Benzinger & Lavelle, PSC, Thomas More Park, 207 Thomas More Parkway, Crestview Hills, KY 41017-2596 via the Court's electronic docket, this 14th day of December, 2006.

                                                             s/ Sue A. Erhart
                                                             Sue A. Erhart

1876982.1