UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **JOSEPH F. HUTCHISON, et al.** : | | **CASE NO. 1:01cv00789** |
| **Plaintiffs** : | | **(Judge Beckwith)** |
| : | | |
| **v.** : | | |
| : | | **PLAINTIFFS' NOTICE** |
| **FIFTH THIRD BANCORP** : | | **OF STATUS OF APPEAL** |
| **Defendant** : | | |

Come now the Plaintiffs, by counsel, and notify the Court, in light of the renewed attorney fee petition (Doc. 101) of Defendant, Fifth Third Bancorp, that the within matter is still pending before the Sixth Circuit Court of Appeals by virtue of Plaintiffs/Appellants' Petition for Panel Rehearing filed on December 14, 2006.

### MEMORANDUM

On January 18, 2006, this Court issued an Order relating to Fifth Third Bancorp's initial attorney fee petition and bill of costs. (Doc. 100) In the interest of judicial economy, the Court in that Order delayed consideration of the fee petition pending resolution of the appellate proceedings in the Sixth Circuit. This case is still on appeal as the result of the Petition for Panel Rehearing filed on December 14, 2006. A copy of the Petition is attached hereto as Exhibit A.

The Petition addresses two substantive and critical issues arising from the Sixth Circuit's opinion affirming this Court's ERISA preemption rulings:

(1) The Sixth Circuit's ruling on the preemption issue was based in large part on a United States Supreme Court "complete preemption" opinion, whereas the issue in the case at hand involves only "defensive preemption" (an earlier Sixth Circuit opinion was subsequently overturned on the basis of this same erroneous confusion of complete and defensive preemption); and

(2) The Sixth Circuit opinion ignored the essential ERISA "dual capacity" doctrine which bears directly on the "traditional ERISA entities" component of ERISA defensive preemption, the dispositive issue in this Court's summary judgment opinion and in the Court of Appeals opinion.

In light of these two substantive and essential issues related to the Court of Appeals opinion, the Petition for Panel Rehearing is not frivolous or intended to delay the appellate proceedings, but is made in good faith. Therefore Plaintiffs request that the Court extend its Order of January 18, 2006, to the ultimate conclusion of all appellate proceedings, holding in abeyance Defendant's fee petition.

Respectfully submitted,

/s/ Richard G. Meyer
Richard G. Meyer
William J. Moran, Jr. #0059707
John R. Kirk
*Trial Attorneys for Plaintiffs*
Deters, Benzinger & LaVelle, P.S.C.
441 Vine Street, Suite 3500
Cincinnati, Ohio 45202-3007
Tel.: 513-241-4110 / Fax: 513-241-4551
E-mail: rmeyer@dbllaw.com

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true copy of the foregoing Notice of Status of Appeal was delivered via CM/ECF on December 29, 2006 to Patrick F. Fischer and Sue A. Erhart of Keating, Muething & Klekamp, P.L.L.

/s/ Richard G. Meyer
Richard G. Meyer

114268.1