52a

(4) by the Secretary, or by a participant, or beneficiary for appropriate relief in the case of a violation of 105(c) [29 USCS § 1025(c)];

(5) except as otherwise provided in subsection (b), by the Secretary

  (A) to enjoin any act or practice which violates any provision of this title, or
  (B) to obtain other appropriate equitable relief
    (i) to redress such violation or
    (ii) to enforce any provision of this title;

(6) by the Secretary to collect any civil penalty under paragraph (2), (4), (5), (6), or (7) of subsection (c) or under subsection (i) or (l);

(7) by a State to enforce compliance with a qualified medical child support order (as defined in section 609(a)(2)(A) [29 USCS § 1169(a)(2)(A)]);

(8) by the Secretary, or by an employer or other person referred to in section 101(f)(1) [29 USCS § 1021(f)(1)],
  (A) to enjoin any act or practice which violates subsection (f) of section 101 [29 USCS § 1021(f)], or
  (B) to obtain appropriate equitable relief (i) to redress such violation or (ii) to enforce such subsection; or

(9) in the event that the purchase of an insurance contract or insurance annuity in connection with termination of an individual's status as a participant covered under a pension plan with respect to all or any portion of the participant's pension benefit under such plan constitutes a violation of part 4 of this title [subtitle] or the terms of the plan, by the Secretary, by any individual who was a participant or beneficiary at the time of the alleged violation, or by a

53a

fiduciary, to obtain appropriate relief, including the posting of security if necessary, to assure receipt by the participant or beneficiary of the amounts provided or to be provided by such insurance contract or annuity, plus reasonable prejudgment interest on such amounts.

(b) Plans qualified under Internal Revenue Code; maintenance of actions involving delinquent contributions.

(1) In the case of a plan which is qualified under section 401(a), 403(a), or 405(a) of the Internal Revenue Code of 1986 (or with respect to which an application to so qualify has been filed and has not been finally determined) the Secretary may exercise his authority under subsection (a)(5) with respect to a violation of, or the enforcement of, parts 2 and 3 of this subtitle [29 USCS §§ 1051 et seq., §§ 1081 et seq.] (relating to participation, vesting, and funding), only if--
  (A) requested by the Secretary of the Treasury, or
  (B) one or more participants, beneficiaries, or fiduciaries, of such plan request in writing (in such manner as the Secretary shall prescribe by regulation) that he exercise such authority on their behalf. In the case of such a request under this paragraph he may exercise such authority only if he determines that such violation affects, or such enforcement is necessary to protect, claims of participants or beneficiaries to benefits under the plan.

(2) The Secretary shall not initiate an action to enforce section 515 [29 USCS § 1145].

(3) The Secretary is not authorized to enforce under this part any requirement of part 7 [29 USCS §§ 1181 et seq.] against a health insurance issuer offering health insurance coverage in connection with a group health plan (as defined in section 733(a)(1) [29 USCS § 1191b(a)(1)]). Nothing in this

54a

paragraph shall affect the authority of the Secretary to issue regulations to carry out such part.

(c) Administrator's refusal to supply requested information; penalty for failure to provide annual report in complete form.

(1) Any administrator

(A) who fails to meet the requirements of paragraph (1) or (4) of section 606, section 101(e)(1), section 101(f), or section 105(a) [29 USCS § 1166(a)(1) or (4), 1021(e)(1), 1021(f), or 1025(a)] with respect to a participant or beneficiary, or

(B) who fails or refuses to comply with a request for any information which such administrator is required by this title to furnish to a participant or beneficiary (unless such failure or refusal results from matters reasonably beyond the control of the administrator) by mailing the material requested to the last known address of the requesting participant or beneficiary within 30 days after such request may in the court's discretion be personally liable to such participant or beneficiary in the amount of up to $ 100 a day from the date of such failure or refusal, and the court may in its discretion order such other relief as it deems proper. For purposes of this paragraph, each violation described in subparagraph (A) with respect to any single participant, and each violation described in subparagraph (B) with respect to any single participant or beneficiary, shall be treated as a separate violation.

(2) The Secretary may assess a civil penalty against any plan administrator of up to $ 1,000 a day from the date of such plan administrator's failure or refusal to file the annual report required to be filed with the Secretary under section 101(b)(4) [29 USCS § 1021(b)(4)]. For purposes of this paragraph, an annual report that has been rejected under section 104(a)(4) [29 USCS § 1024(a)(4)] for failure to

55a

provide material information shall not be treated as having been filed with the Secretary.

(3) Any employer maintaining a plan who fails to meet the notice requirement of section 101(d) [29 USCS § 1021(d)] with respect to any participant or beneficiary or who fails to meet the requirements of section 101(e)(2) [29 USCS § 1021(e)(2)] with respect to any person or who fails to meet the requirements of section 302(d)(12)(E) [29 USCS § 1082(d)(12)(E)] with respect to any person may in the court's discretion be liable to such participant or beneficiary or to such person in the amount of up to $ 100 a day from the date of such failure, and the court may in its discretion order such other relief as it deems proper.

(4) The Secretary may assess a civil penalty of not more than $ 1,000 a day for each violation by any person of section 101(j), section 302(b)(7)(F)(vi), or section 514(e)(3) [29 USCS § 1021(j), 1082(b)(7)(F)(vi), or 1144(e)(3)].

(5) The Secretary may assess a civil penalty against any person of up to $ 1,000 a day from the date of the person's failure or refusal to file the information required to be filed by such person with the Secretary under regulations prescribed pursuant to section 101(g) [29 USCS § 1021(g)].

(6) If, within 30 days of a request by the Secretary to a plan administrator for documents under section 104(a)(6) [29 USCS § 1024(a)(6)], the plan administrator fails to furnish the material requested to the Secretary, the Secretary may assess a civil penalty against the plan administrator of up to $ 100 a day from the date of such failure (but in no event in excess of $ 1,000 per request). No penalty shall be imposed under this paragraph for any failure resulting from matters reasonably beyond the control of the plan administrator.

56a

(7) The Secretary may assess a civil penalty against a plan administrator of up to $100 a day from the date of the plan administrator's failure or refusal to provide notice to participants and beneficiaries in accordance with subsection (i) or (m) of section 101 [29 USCS § 1021]. For purposes of this paragraph, each violation with respect to any single participant or beneficiary shall be treated as a separate violation.

(8) The Secretary and the Secretary of Health and Human Services shall maintain such ongoing consultation as may be necessary and appropriate to coordinate enforcement under this subsection with enforcement under section 1144(c)(8) of the Social Security Act [42 USCS § 1320b-14(c)(8)].

(d) Status of employee benefit plan as entity.

(1) An employee benefit plan may sue or be sued under this title as an entity. Service of summons, subpena, or other legal process of a court upon a trustee or an administrator of an employee benefit plan in his capacity as such shall constitute service upon the employee benefit plan. In a case where a plan has not designated in the summary plan description of the plan an individual as agent for the service of legal process, service upon the Secretary shall constitute such service. The Secretary, not later than 15 days after receipt of service under the preceding sentence, shall notify the administrator or any trustee of the plan of receipt of such service.

(2) Any money judgment under this title against an employee benefit plan shall be enforceable only against the plan as an entity and shall not be enforceable against any other person unless liability against such person is established in his individual capacity under this title.

57a

(e) Jurisdiction.

(1) Except for actions under subsection (a)(1)(B) of this section, the district courts of the United States shall have exclusive jurisdiction of civil actions under this title brought by the Secretary or by a participant, beneficiary, fiduciary, or any person referred to in section 101(f)(1) [29 USCS § 1021(f)(1)]. State courts of competent jurisdiction and district courts of the United States shall have concurrent jurisdiction of actions under paragraphs (1)(B) and (7) of subsection (a) of this section.

(2) Where an action under this title is brought in a district court of the United States, it may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found, and process may be served in any other district where a defendant resides or may be found.

(f) Amount in controversy; citizenship of parties. The district courts of the United States shall have jurisdiction, without respect to the amount in controversy or the citizenship of the parties, to grant the relief provided for in subsection (a) of this section in any action.

(g) Attorney's fees and costs; awards in actions involving delinquent contributions.

(1) In any action under this title (other than an action described in paragraph 2) by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party.

(2) In any action under this title by a fiduciary for or on behalf of a plan to enforce section 515 [29 USCS § 1145] in which a judgment in favor of the plan is awarded, the court shall award the plan—

58a

(A) the unpaid contributions,
(B) interest on the unpaid contributions,
(C) an amount equal to the greater of--
   (i) interest on the unpaid contributions, or
   (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
(D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and
(E) such other legal or equitable relief as the court deems appropriate. For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of the Internal Revenue Code of 1986 [26 USCS § 6621].

(h) Service upon Secretary of Labor and Secretary of the Treasury. A copy of the complaint in any action under this title by a participant, beneficiary, or fiduciary (other than an action brought by one or more participants or beneficiaries under subsection (a)(1)(B) which is solely for the purpose of recovering benefits due such participants under the terms of the plan) shall be served upon the Secretary and the Secretary of the Treasury by certified mail. Either Secretary shall have the right in his discretion to intervene in any action, except that the Secretary of the Treasury may not intervene in any action under part 4 of this subtitle [29 USCS §§ 1101 et seq.]. If the Secretary brings an action under subsection (a) on behalf of a participant or beneficiary, he shall notify the Secretary of the Treasury.

(i) Administrative assessment of civil penalty. In the case of a transaction prohibited by section 406 [29 USCS § 1106] by a party in interest with respect to a plan to which this part

---

59a

applies, the Secretary may assess a civil penalty against such party in interest. The amount of such penalty may not exceed 5 percent of the amount involved in each such transaction (as defined in section 4975(f)(4) of the Internal Revenue Code of 1986 [26 USCS § 4975(f)(4)]) for each year or part thereof during which the prohibited transaction continues, except that, if the transaction is not corrected (in such manner as the Secretary shall prescribe in regulations which shall be consistent with section 4975(f)(5) of such Code [26 USCS § 4975(f)(5)]) within 90 days after notice from the Secretary (or such longer period as the Secretary may permit), such penalty may be in an amount not more than 100 percent of the amount involved. This subsection shall not apply to a transaction with respect to a plan described in section 4975(e)(1) of such Code [26 USCS § 4975(e)(1)].

(j) Direction and control of litigation by Attorney General. In all civil actions under this title, attorneys appointed by the Secretary may represent the Secretary (except as provided in section 518(a) of title 28, United States Code), but all such litigation shall be subject to the direction and control of the Attorney General.

(k) Jurisdiction of actions against the Secretary of Labor. Suits by an administrator, fiduciary, participant, or beneficiary of an employee benefit plan to review a final order of the Secretary, to restrain the Secretary from taking any action contrary to the provisions of this Act, or to compel him to take action required under this title, may be brought in the district court of the United States for the district where the plan has its principal office, or in the United States District Court for the District of Columbia.

(l) Civil penalties on violations by fiduciaries.
   (1) In the case of--

60a

(A) any breach of fiduciary responsibility under (or other violation of) part 4 [29 USCS §§ 1101 et seq.] by a fiduciary, or

(B) any knowing participation in such a breach or violation by any other person, the Secretary shall assess a civil penalty against such fiduciary or other person in an amount equal to 20 percent of the applicable recovery amount.

(2) For purposes of paragraph (1), the term "applicable recovery amount" means any amount which is recovered from a fiduciary or other person with respect to a breach or violation described in paragraph (1)--

(A) pursuant to any settlement agreement with the Secretary, or

(B) ordered by a court to be paid by such fiduciary or other person to a plan or its participants and beneficiaries in a judicial proceeding instituted by the Secretary under subsection (a)(2) or (a)(5).

(3) The Secretary may, in the Secretary's sole discretion, waive or reduce the penalty under paragraph (1) if the Secretary determines in writing that--

(A) the fiduciary or other person acted reasonably and in good faith, or

(B) it is reasonable to expect that the fiduciary or other person will not be able to restore all losses to the plan (or to provide the relief ordered pursuant to subsection (a)(9)) without severe financial hardship unless such waiver or reduction is granted.

(4) The penalty imposed on a fiduciary or other person under this subsection with respect to any transaction shall be reduced by the amount of any penalty or tax imposed on such fiduciary or other person with respect to such transaction

61a

under subsection (i) of this section and section 4975 of the Internal Revenue Code of 1986 [26 USCS § 4975].

(m) Penalty for improper distribution. In the case of a distribution to a pension plan participant or beneficiary in violation of section 206(e) [29 USCS § 1056(e)] by a plan fiduciary, the Secretary shall assess a penalty against such fiduciary in an amount equal to the value of the distribution. Such penalty shall not exceed $ 10,000 for each such distribution.

## 29 U.S.C. § 1144. Other laws

(a) Supersedure; effective date. Except as provided in subsection (b) of this section, the provisions of this title and title IV shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan described in section 4(a) [29 USCS § 1003(a)] and not exempt under section 4(b) [29 USCS § 1003(b)]. This section shall take effect on January 1, 1975.

## TITLE 26. INTERNAL REVENUE CODE
### SUBTITLE A. INCOME TAXES
### CHAPTER 1. NORMAL TAXES AND SURTAXES
### SUBCHAPTER D. DEFERRED COMPENSATION, ETC.
### PART I. PENSION, PROFIT-SHARING, STOCK BONUS PLANS, ETC.
### SUBPART B. SPECIAL RULES

## 26 U.S.C. § 415. Limitations on benefits and contributions under qualified plans.

(a) General rule.
(1) Trusts. A trust which is a part of a pension, profit-

62a

sharing, or stock bonus plan shall not constitute a qualified trust under section 401(a) [26 USCS § 401(a)] if—

(A) in the case of a defined benefit plan, the plan provides for the payment of benefits with respect to a participant which exceed the limitation of subsection (b), or

(B) in the case of a defined contribution plan, contributions and other additions under the plan with respect to any participant for any taxable year exceed the limitation of subsection (c).

(2) Section applies to certain annuities and accounts. In the case of—

(A) an employee annuity plan described in section 403(a) [26 USCS § 403(a)],

(B) an annuity contract described in section 403(b) [26 USCS § 403(b)], or

(C) a simplified employee pension described in section 408(k) [26 USCS § 408(k)], such a contract, plan, or pension shall not be considered to be described in section 403(a), 403(b), or 408(k) [26 USCS § 403(a), 403(b), or 408(k)], as the case may be, unless it satisfies the requirements of subparagraph (A) or subparagraph (B) of paragraph (1), whichever is appropriate, and has not been disqualified under subsection (g). In the case of an annuity contract described in section 403(b) [26 USCS § 403(b)], the preceding sentence shall apply only to the portion of the annuity contract which exceeds the limitation of subsection (b) or the limitation of subsection (c), whichever is appropriate.

(b) Limitation for defined benefit plans.

(1) In general. Benefits with respect to a participant exceed the limitation of this subsection if, when expressed as an annual benefit (within the meaning of paragraph (2)), such annual benefit is greater than the lesser of—

(A) $ 160,000, or

63a

(B) 100 percent of the participant's average compensation for his high 3 years.

(2) Annual benefit.

(A) In general. For purposes of paragraph (1), the term "annual benefit" means a benefit payable annually in the form of a straight life annuity (with no ancillary benefits) under a plan to which employees do not contribute and under which no rollover contributions (as defined in sections 402(c), 403(a)(4), 403(b)(8), 408(d)(3), and 457(e)(16) [26 USCS §§ 402(c), 403(a)(4), 403(b)(8), 408(d)(3), and 457(e)(16)]) are made.

(B) Adjustment for certain other forms of benefit. If the benefit under the plan is payable in any form other than the form described in subparagraph (A), or if the employees contribute to the plan or make rollover contributions (as defined in sections 402(c), 403(a)(4), 403(b)(8), 408(d)(3), and 457(e)(16) [26 USCS §§ 402(c), 403(a)(4), 403(b)(8), 408(d)(3), and 457(e)(16)]), the determinations as to whether the limitation described in paragraph (1) has been satisfied shall be made, in accordance with regulations prescribed by the Secretary, by adjusting such benefit so that it is equivalent to the benefit described in subparagraph (A). For purposes of this subparagraph, any ancillary benefit which is not directly related to retirement income benefits shall not be taken into account; and that portion of any joint and survivor annuity which constitutes a qualified joint and survivor annuity (as defined in section 417) shall not be taken into account.

(C) Adjustment to $ 160,000 limit where benefit begins before age 62. If the retirement income benefit under the plan begins before age 62, the determination as to whether the $ 160,000 limitation set forth in paragraph (1)(A) has been satisfied shall be made, in accordance with regulations prescribed by the Secretary, by reducing the limitation of paragraph (1)(A) so that such limitation (as so reduced) equals an annual benefit (beginning when such retirement income

64a

benefit begins) which is equivalent to a $ 160,000 annual benefit beginning at age 62.

(D) Adjustment to $ 160,000 limit where benefit begins after age 65. If the retirement income benefit under the plan begins after age 65, the determination as to whether the $ 160,000 limitation set forth in paragraph (1)(A) has been satisfied shall be made, in accordance with regulations prescribed by the Secretary, by increasing the limitation of paragraph (1)(A) so that such limitation (as so increased) equals an annual benefit (beginning when such retirement income benefit begins) which is equivalent to a $ 160,000 annual benefit beginning at age 65.

(E) Limitation on certain assumptions.

(i) For purposes of adjusting any limitation under subparagraph (C) and, except as provided in clause (ii), for purposes of adjusting any benefit under subparagraph (B), the interest rate assumption shall not be less than the greater of 5 percent or the rate specified in the plan.

(ii) For purposes of adjusting any benefit under subparagraph (B) for any form of benefit subject to section 417(e)(3) [26 USCS § 417(e)(3)], the interest rate assumption shall not be less than the greatest of—

(I) 5.5 percent,

(II) the rate that provides a benefit of not more than 105 percent of the benefit that would be provided if the applicable interest rate (as defined in section 417(e)(3) [26 USCS § 417(e)(3)] were the interest rate assumption, or

(III) the rate specified under the plan.

(iii) For purposes of adjusting any limitation under subparagraph (D), the interest rate assumption shall not be greater than the lesser of 5 percent or the rate specified in the plan.

(iv) For purposes of this subsection, no adjustments under subsection (d)(1) shall be taken into account before the year for which such adjustment first takes effect.

65a

(v) For purposes of adjusting any benefit or limitation under subparagraph (B), (C), or (D), the mortality table used shall be the table prescribed by the Secretary. Such table shall be based on the prevailing commissioners' standard table (described in section 807(d)(5)(A) [26 USCS § 807(d)(5)(A)]) used to determine reserves for group annuity contracts issued on the date the adjustment is being made (without regard to any other subparagraph of section 807(d)(5) [26 USCS § 807(d)(5)]).

(F) [Deleted]

(G) Special limitation for qualified police or firefighters. In the case of a qualified participant, subparagraph (C) of this paragraph shall not apply.

(H) Qualified participant defined. For purposes of subparagraph (G), the term "qualified participant" means a participant—

(i) in a defined benefit plan which is maintained by a State, Indian tribal government (as defined in section 7701(a)(40) [26 USCS § 7701(a)(40)]), or any political subdivision thereof,

(ii) with respect to whom the period of service taken into account in determining the amount of the benefit under such defined benefit plan includes at least 15 years of service of the participant—

(I) as a full-time employee of any police department or fire department which is organized and operated by the State, Indian tribal government (as so defined), or any political subdivision maintaining such defined benefit plan to provide police protection, firefighting services, or emergency medical services for any area within the jurisdiction of such State, Indian tribal government (as so defined), or any political subdivision, or

(II) as a member of the Armed Forces of the United States.

66a

(1) Exemption for survivor and disability benefits provided under governmental plans. Subparagraph (C) of this paragraph and paragraph (5) shall not apply to--

(i) income received from a governmental plan (as defined in section 414(d) [26 USCS § 414(d)]) as a pension, annuity, or similar allowance as the result of the recipient becoming disabled by reason of personal injuries or sickness, or

(ii) amounts received from a governmental plan by the beneficiaries, survivors, or the estate of an employee as the result of the death of the employee.

(3) Average compensation for high 3 years. For purposes of paragraph (1), a participant's high 3 years shall be the period of consecutive calendar years (not more than 3) during which the participant had the greatest aggregate compensation from the employer. In the case of an employee within the meaning of section 401(c)(1) [26 USCS § 401(c)(1)], the preceding sentence shall be applied by substituting for "compensation from the employer" the following: "the participant's earned income (within the meaning of section 401(c)(2) [26 USCS § 401(c)(2)] but determined without regard to any exclusion under section 911 [26 USCS § 911])".

(4) Total annual benefits not in excess of $ 10,000. Notwithstanding the preceding provisions of this subsection, the benefits payable with respect to a participant under any defined benefit plan shall be deemed not to exceed the limitation of this subsection if--

(A) the retirement benefits payable with respect to such participant under such plan and under all other defined benefit plans of the employer do not exceed $ 10,000 for the plan year, or for any prior plan year, and

(B) the employer has not at any time maintained a defined contribution plan in which the participant participated.

67a

(5) Reduction for participation or service of less than 10 years.

(A) Dollar limitation. In the case of an employee who has less than 10 years of participation in a defined benefit plan, the limitation referred to in paragraph (1)(A) shall be the limitation determined under such paragraph (without regard to this paragraph) multiplied by a fraction--

(i) the numerator of which is the number of years (or part thereof) of participation in the defined benefit plan of the employer, and

(ii) the denominator of which is 10.

(B) Compensation and benefits limitations. The provisions of subparagraph (A) shall apply to the limitations under paragraphs (1)(B) and (4), except that such subparagraph shall be applied with respect to years of service with an employer rather than years of participation in a plan.

(C) Limitation on reduction. In no event shall subparagraph (A) or (B) reduce the limitations referred to in paragraphs (1) and (4) to an amount less than 1/10 of such limitation (determined without regard to this paragraph).

(D) Application to changes in benefit structure. To the extent provided in regulations, subparagraph (A) shall be applied separately with respect to each change in the benefit structure of a plan.

(6) Computation of benefits and contributions. The computation of--

(A) benefits under a defined contribution plan, for purposes of section 401(a)(4) [26 USCS § 401(a)(4)],

(B) contributions made on behalf of a participant in a defined benefit plan, for purposes of section 401(a)(4) [26 USCS § 401(a)(4)], and

(C) contributions and benefits provided for a participant in a plan described in section 414(k) [26 USCS § 414(k)], for purposes of this section shall not be made on a

68a

basis inconsistent with regulations prescribed by the Secretary.

(7) Benefits under certain collectively bargained plans. For a year, the limitation referred to in paragraph (1)(B) shall not apply to benefits with respect to a participant under a defined benefit plan (other than a multiemployer plan)—

(A) which is maintained for such year pursuant to a collective bargaining agreement between employee representatives and one or more employers,

(B) which, at all times during such year, has at least 100 participants,

(C) under which benefits are determined solely by reference to length of service, the particular years during which service was rendered, age at retirement, and date of retirement,

(D) which provides that an employee who has at least 4 years of service has a nonforfeitable right to 100 percent of his accrued benefit derived from employer contributions, and

(E) which requires, as a condition of participation in the plan, that an employee complete a period of not more than 60 consecutive days of service with the employer or employers maintaining the plan.

This paragraph shall not apply to a participant whose compensation for any 3 years during the 10-year period immediately preceding the year in which he separates from service exceeded the average compensation for such 3 years of all participants in such plan. This paragraph shall not apply to a participant for any period for which he is a participant under another plan to which this section applies which is maintained by an employer maintaining this plan. For any year for which the paragraph applies to benefits with respect to a participant, paragraph (1)(A) and subsection (d)(1)(A) shall be applied with respect to such participant by substituting one-half the amount otherwise applicable for such year under paragraph (1)(A) for "$160,000".

69a

(8) Social security retirement age defined. For purposes of this subsection, the term "social security retirement age" means the age used as the retirement age under section 216(l) of the Social Security Act [42 USCS § 416(l)], except that such section shall be applied—

(A) without regard to the age increase factor, and

(B) as if the early retirement age under section 216(l)(2) of such Act [42 USCS § 416(l)(2)] were 62.

(9) Special rule for commercial airline pilots.

(A) In general. Except as provided in subparagraph (B), in the case of a participant who is a commercial airline pilot, if, as of the time of the participant's retirement, regulations prescribed by the Federal Aviation Administration require an individual to separate from service as a commercial airline pilot after attaining any age occurring on or after age 60 and before age 62, paragraph (2)(C) shall be applied by substituting such age for age 62.

(B) Individuals who separate from service before age 60. If a participant described in subparagraph (A) separates from service before age 60, the rules of paragraph (2)(C) shall apply.

(10) Special rule for State, Indian tribal, and local government plans.

(A) Limitation to equal accrued benefit. In the case of a plan maintained for its employees by any State or political subdivision thereof, or by any agency or instrumentality of the foregoing, or a governmental plan described in the last sentence of section 414(d) [26 USCS § 414(d)] (relating to plans of Indian tribal governments), the limitation with respect to a qualified participant under this subsection shall not be less than the accrued benefit of the participant under the plan (determined without regard to any amendment of the plan made after October 14, 1987).

(B) Qualified participant. For purposes of this paragraph, the term "qualified participant" means a

70a

participant who first became a participant in the plan maintained by the employer before January 1, 1990.

(C) Election.

(i) In general. This paragraph shall not apply to any plan unless each employer maintaining the plan elects before the close of the 1st plan year beginning after December 31, 1989, to have this subsection (other than paragraph (2)(G)) [sic].

(ii) Revocation of election. An election under clause (i) may be revoked not later than the last day of the third plan year beginning after the date of the enactment of this clause [enacted Aug. 20, 1996]. The revocation shall apply to all plan years to which the election applied and to all subsequent plan years. Any amount paid by a plan in a taxable year ending after the revocation shall be includible in income in such taxable year under the rules of this chapter [26 USCS §§ 1 et seq.] in effect for such taxable year, except that, for purposes of applying the limitations imposed by this section, any portion of such amount which is attributable to any taxable year during which the election was in effect shall be treated as received in such taxable year.

(11) Special limitation rule for governmental and multiemployer plans. In the case of a governmental plan (as defined in section 414(d) [26 USCS § 414(d)]) or a multiemployer plan (as defined in section 414(f) [26 USCS § 414(f)]), subparagraph (B) of paragraph (1) shall not apply. Subparagraph (B) of paragraph (1) shall not apply to a plan maintained by an organization described in section 3121(w)(3)(A) [26 USCS § 3121(w)(3)(A)] except with respect to highly compensated benefits. For purposes of this paragraph, the term "highly compensated benefits" means any benefits accrued for an employee in any year on or after the first year in which such employee is a highly compensated employee (as defined in section 414(q) [26 USCS § 414(q)]) of the organization described in section 3121(w)(3)(A) [26

71a

USCS § 3121(w)(3)(A)]. For purposes of applying paragraph (1)(B) to highly compensated benefits, all benefits of the employee otherwise taken into account (without regard to this paragraph) shall be taken into account.

(c) Limitation for defined contribution plans.

(1) In general. Contributions and other additions with respect to a participant exceed the limitation of this subsection if, when expressed as an annual addition (within the meaning of paragraph (2)) to the participant's account, such annual addition is greater than the lesser of—

(A) $ 40,000, or

(B) 100 percent of the participant's compensation.

(2) Annual addition. For purposes of paragraph (1), the term "annual addition" means the sum for any year of—

(A) employer contributions,

(B) the employee contributions, and

(C) forfeitures.

For the purposes of this paragraph, employee contributions under subparagraph (B) are determined without regard to any rollover contributions (as defined in sections 402(c), 403(a)(4), 403(b)(8), 408(d)(3), and 457(e)(16) [26 USCS §§ 402(c), 403(a)(4), 403(b)(8), 408(d)(3), and 457(e)(16)]) without regard to employee contributions to a simplified employee pension plan which are excludable from gross income under section 408(k)(6) [26 USCS § 408(k)(6)]. Subparagraph (B) of paragraph (1) shall not apply to any contribution for medical benefits (within the meaning of section 419A(f)(2) [26 USCS § 419A(f)(2)]) after separation from service which is treated as an annual addition.

(3) Participant's compensation. For purposes of paragraph (1)—

(A) In general. The term "participant's compensation" means the compensation of the participant from the employer for the year.

72a

(B) Special rule for self-employed individuals. In the case of an employee within the meaning of section 401(c)(1) [26 USCS § 401(c)(1)], subparagraph (A) shall be applied by substituting "the participant's earned income (within the meaning of section 401(c)(2) [26 USCS § 401(c)(2)] but determined without regard to any exclusion under section 911 [26 USCS § 911])" for "compensation of the participant from the employer".

(C) Special rules for permanent and total disability. In the case of a participant in any defined contribution plan—

(i) who is permanently and totally disabled (as defined in section 22(e)(3) [26 USCS § 22(e)(3)]),

(ii) who is not a highly compensated employee (within the meaning of section 414(q) [26 USCS § 414(q)]), and

(iii) with respect to whom the employer elects, at such time and in such manner as the Secretary may prescribe, to have this subparagraph apply, the term "participant's compensation" means the compensation the participant would have received for the year if the participant was paid at the rate of compensation paid immediately before becoming permanently and totally disabled. This subparagraph shall apply only if contributions made with respect to amounts treated as compensation under this subparagraph are nonforfeitable when made. If a defined contribution plan provides for the continuation of contributions on behalf of all participants described in clause (i) for a fixed or determinable period, this subparagraph shall be applied without regard to clauses (ii) and (iii).

(D) Certain deferrals included. The term "participant's compensation" shall include—

(i) any elective deferral (as defined in section 402(g)(3) [26 USCS § 402(g)(3)]), and

(ii) any amount which is contributed or deferred by the employer at the election of the employee and

73a

which is not includible in the gross income of the employee by reason of section 125, 132(f)(4), or 457 [26 USCS § 125, 132(f)(4), or 457].

(E) Annuity contracts. In the case of an annuity contract described in section 403(b) [26 USCS § 403(b)], the term "participant's compensation" means the participant's includible compensation determined under section 403(b)(3) [26 USCS § 403(b)(3)].

(4) [Deleted]

(5) Repealed.

(6) Special rule for employee stock ownership plans. If no more than one-third of the employer contributions to an employee stock ownership plan (as described in section 4975(e)(7) [26 USCS § 4975(e)(7)]) for a year which are deductible under paragraph (9) of section 404(a) [26 USCS § 404(a)] are allocated to highly compensated employees (within the meaning of section 414(q) [26 USCS § 414(q)]), the limitations imposed by this section shall not apply to—

(A) forfeitures of employer securities (within the meaning of section 409 [26 USCS § 409]) under such an employee stock ownership plan if such securities were acquired with the proceeds of a loan (as described in section 404(a)(9)(A) [26 USCS § 404(a)(9)(A)]), or

(B) employer contributions to such an employee stock ownership plan which are deductible under section 404(a)(9)(B) [26 USCS § 404(a)(9)(B)] and charged against the participant's account.

The amount of any qualified gratuitous transfer (as defined in section 664(g)(1) [26 USCS § 664(g)(1)]) allocated to a participant for any limitation year shall not exceed the limitations imposed by this section, but such amount shall not be taken into account in determining whether any other amount exceeds the limitations imposed by this section.

(7) Special rules relating to church plans.

(A) Alternative contribution limitation.

74a

(i) In general. Notwithstanding any other provision of this subsection, at the election of a participant who is an employee of a church or a convention or association of churches, including an organization described in section 414(e)(3)(B)(ii) [26 USCS § 414(e)(3)(B)(ii)], contributions and other additions for an annuity contract or retirement income account described in section 403(b) [26 USCS § 403(b)] with respect to such participant, shall be treated as not exceeding the limitation of paragraph (1) if such annual addition to such participant's account, shall be treated as not exceeding the limitation of paragraph (1) if such annual addition is not in excess of $ 10,000.

(ii) $ 40,000 aggregate limitation. The total amount of additions with respect to any participant which may be taken into account for purposes of this subparagraph for all years may not exceed $ 40,000.

(B) Number of years of service for duly ordained, commissioned, or licensed ministers or lay employees. For purposes of this paragraph--

(i) all years of service by--

(I) a duly ordained, commissioned, or licensed minister of a church, or

(II) a lay person,

as an employee of a church, a convention or association of churches, including an organization described in section 414(e)(3)(B)(ii) [26 USCS § 414(e)(3)(B)(ii)], shall be considered as years of service for 1 employer, and

(ii) all amounts contributed for annuity contracts by each such church (or convention or association of churches) or such organization during such years for such minister or lay person shall be considered to have been contributed by 1 employer.

(C) Foreign missionaries. In the case of any individual described in subparagraph (B) performing services outside the United States, contributions and other additions for an annuity contract or retirement income account described in

75a

section 403(b) [26 USCS § 403(b)] with respect to such employee, when expressed as an annual addition to such employee's account, shall not be treated as exceeding the limitation of paragraph (1) if such annual addition is not in excess of $ 3,000. This subparagraph (1) shall not apply with respect to any taxable year to any individual whose adjusted gross income for such taxable year (determined separately and without regard to community property laws) exceeds $ 17,000.

(D) Annual addition. For purposes of this paragraph, the term "annual addition" has the meaning given such term by paragraph (2).

(E) Church, convention or association of churches. For purposes of this paragraph, the terms "church" and "convention or association of churches" have the same meaning as when used in section 414(e) [26 USCS § 414(e)].

(d) Cost-of-living adjustments.

(1) In general. The Secretary shall adjust annually--

(A) the $ 40,000 amount in subsection (c)(1)(A),

(B) the $ 160,000 amount in subsection (b)(1)(A),

(C) the $ 40,000 amount in subsection (c)(1)(A), for increases in the cost-of-living in accordance with regulations prescribed by the Secretary.

(2) Method. The regulations prescribed under paragraph (1) shall provide for--

(A) an adjustment with respect to any calendar year based on the increase in the applicable index for the calendar quarter ending September 30 of the preceding calendar year over such index for the base period, and

(B) adjustment procedures which are similar to the procedures used to adjust benefit amounts under section 215(i)(2)(A) of the Social Security Act [42 USCS § 415(i)(2)(A)].

(3) Base period. For purposes of paragraph (2)--

76a

(A) $ 160,000 amount. The base period taken into account for purposes of paragraph (1)(A) is the calendar quarter beginning July 1, 2001.

(B) Separations after December 31, 1994. The base period taken into account for purposes of paragraph (1)(B) with respect to individuals separating from service with the employer before January 1, 1995, is the calendar quarter beginning October 1 of the calendar year preceding the calendar year in which such separation occurs.

(C) Separations before January 1, 1995. The base period taken into account for purposes of paragraph (1)(B) with respect to individuals separating from service with the employer after December 31, 1994, is the calendar quarter beginning July 1 of the calendar year preceding the calendar year in which such separation occurs.

(D) $ 40,000 amount. The base period taken into account for purposes of paragraph (1)(C) is the calendar quarter beginning July 1, 2001.

(4) Rounding.

(A) $ 160,000 amount. Any increase under subparagraph (A) of paragraph (1) which is not a multiple of $ 5,000 shall be rounded to the next lowest multiple of $5,000. This subparagraph shall also apply for purposes of any provision of this title that provides for adjustments in accordance with the method contained in this subsection, except to the extent provided in such provision.

(B) $ 40,000 amount. Any increase under subparagraph (C) of paragraph (1) which is not a multiple of $ 1,000 shall be rounded to the next lowest multiple of $1,000.

(e) [Repealed]

(f) Combining of plans.
(1) In general. For purposes of applying the limitations

77a

of subsections (b) and (c)—
(A) all defined benefit plans (whether or not terminated) of an employer are to be treated as one defined benefit plan, and
(B) all defined contribution plans (whether or not terminated) of an employer are to be treated as one defined contribution plan.

(2) Annual compensation taken into account for defined benefit plans. If the employer has more than one defined benefit plan—
(A) subsection (b)(1)(B) shall be applied separately with respect to each such plan, but
(B) in applying subsection (b)(1)(B) to the aggregate of such defined benefit plans for purposes of this subsection, the high 3 years of compensation taken into account shall be the period of consecutive calendar years (not more than 3) during which the individual had the greatest aggregate compensation from the employer.

(3) Exception for multiemployer plans. Notwithstanding paragraph (1) and subsection (g), a multiemployer plan (as defined in section 414(f)) shall not be combined or aggregated—
(A) with any other plan which is not a multiemployer plan for purposes of applying subsection (b)(1)(B) to such other plan, or
(B) with any other multiemployer plan for purposes of applying the limitations established in this section.

(g) Aggregation of plans. Except as provided in subsection (f)(3), the Secretary, in applying the provisions of this section to benefits or contributions under more than one plan maintained by the same employer, and to any trusts, contracts, accounts, or bonds referred to in subsection '(a)(2), with respect to which the participant has the control required under section 414(b) or (c), as modified by subsection (h), shall,

78a

under regulations prescribed by the Secretary, disqualify one or more trusts, plans, contracts, accounts, or bonds, or any combination thereof until such benefits or contributions do not exceed the limitations contained in this section. In addition to taking into account such other factors as may be necessary to carry out the purposes of subsection (f), the regulations prescribed under this paragraph shall provide that no plan which has been terminated shall be disqualified until all other trusts, plans, contracts, accounts, or bonds have been disqualified.

(h) 50 percent control. For purposes of applying subsections (b) and (c) of section 414 [26 USCS § 414] to this section, the phrase "more than 50 percent" shall be substituted for the phrase "at least 80 percent" each place it appears in section 1563(a)(1) [26 USCS § 1563(a)(1)].

(i) Records not available for past periods. Where for the period before January 1, 1976, or (if later) the first day of the first plan year of the plan, the records necessary for the application of this section are not available, the Secretary may by regulations prescribe alternative methods for determining the amounts to be taken into account for such period.

(j) Regulations; definition of year. The Secretary shall prescribe such regulations as may be necessary to carry out the purposes of this section, including, but not limited to, regulations defining the term "year" for purposes of any provision of this section.

(k) Special rules.

(1) Defined benefit plan and defined contribution plan. For purposes of this title, the term "defined contribution plan" or "defined benefit plan" means a defined contribution plan (within the meaning of section 414(i) [26 USCS § 414(i)]) or a defined benefit plan (within the meaning of section 414(j)

79a

[26 USCS § 414(j)], whichever applies, which is—

(A) a plan described in section 401(a) [26 USCS § 401(a)] which includes a trust which is exempt from tax under section 501(a) [26 USCS § 501(a)],

(B) an annuity plan described in section 403(a) [26 USCS § 403(a)],

(C) an annuity contract described in section 403(b) [26 USCS § 403(b)], or

(D) a simplified employee pension.

(2) Contributions to provide cost-of-living protection under defined benefit plans.

(A) In general. In the case of a defined benefit plan which maintains a qualified cost-of-living arrangement—

(i) any contribution made directly by an employee under such an arrangement shall not be treated as an annual addition for purposes of subsection (c), and

(ii) any benefit under such arrangement which is allocable to an employer contribution which was transferred from a defined contribution plan and to which the requirements of subsection (c) were applied shall, for purposes of subsection (b), be treated as a benefit derived from an employee contribution (and subsection (c) shall not again apply to such contribution by reason of such transfer).

(B) Qualified cost-of-living arrangement defined. For purposes of this paragraph, the term "qualified cost-of-living arrangement" means an arrangement under a defined benefit plan which—

(i) provides a cost-of-living adjustment to a benefit provided under such plan or a separate plan subject to the requirements of section 412, and

(ii) meets the requirements of subparagraphs (C), (D), (E), and (F) and such other requirements as the Secretary may prescribe.

(C) Determination of amount of benefit. An arrangement meets the requirement of this subparagraph only

80a

if the cost-of-living adjustment of participants is based—

(i) on increases in the cost-of-living after the annuity starting date, and

(ii) on average cost-of-living increases determined by reference to 1 or more indexes prescribed by the Secretary, except that the arrangement may provide that the increase for any year will not be less than 3 percent of the retirement benefit (determined without regard to such increase).

(D) Arrangement elective; time for election. An arrangement meets the requirements of this subparagraph only if it is elective, it is available under the same terms to all participants, and it provides that such election may at least be made in the year in which the participant—

(i) attains the earliest retirement age under the defined benefit plan (determined without regard to any requirement of separation from service), or

(ii) separates from service.

(E) Nondiscrimination requirements. An arrangement shall not meet the requirements of this subparagraph if the Secretary finds that a pattern of discrimination exists with respect to participation.

(F) Special rules for key employees.

(i) In general. An arrangement shall not meet the requirements of this paragraph if any key employee is eligible to participate.

(ii) Key employee. For purposes of this subparagraph, the term "key employee" has the meaning given such term by section 416(i)(1) [26 USCS § 416(i)(1)], except that in the case of a plan other than a top-heavy plan (within the meaning of section 416(g) [26 USCS § 416(g)]), such term shall not include an individual who is a key employee solely by reason of section 416(i)(1)(A)(i) [26 USCS § 416(i)(1)(A)(i)].

81a

(3) Repayments of cashouts under governmental plans. In the case of any repayment of contributions (including interest thereon) to the governmental plan with respect to an amount previously refunded upon a forfeiture of service credit under the plan or under another governmental plan maintained by a State or local government employer within the same State, any such repayment shall not be taken into account for purposes of this section.

(4) Special rules for sections 403(b) and 408. For purposes of this section, any annuity contract described in section 403(b) [26 USCS § 403(b)] for the benefit of a participant shall be treated as a defined contribution plan maintained by each employer with respect to which the participant has the control required under subsection (b) or (c) of section 414 [26 USCS § 414] (as modified by subsection (h)). For purposes of this section, any contribution by an employer to a simplified employee pension plan for an individual for a taxable year shall be treated as an employer contribution to a defined contribution plan for such individual for such year.

(l) Treatment of certain medical benefits.

(1) In general. For purposes of this section, contributions allocated to any individual medical benefit account which is part of a pension or annuity plan shall be treated as an annual addition to a defined contribution plan for purposes of subsection (c). Subparagraph (B) of subsection (c)(1) shall not apply to any amount treated as an annual addition under the preceding sentence.

(2) Individual medical benefit account. For purposes of paragraph (1), the term "individual medical benefit account" means any separate account—

(A) which is established for a participant under a pension or annuity plan, and

82a

(B) from which benefits described in section 401(h) [26 USCS § 401(h)] are payable solely to such participant, his spouse, or his dependents.

(m) Treatment of qualified governmental excess benefit arrangements.

(1) Governmental plan not affected. In determining whether a governmental plan (as defined in section 414(d) [26 USCS § 414(d)]) meets the requirements of this section, benefits provided under a qualified governmental excess benefit arrangement shall not be taken into account. Income accruing to a governmental plan (or to a trust that is maintained solely for the purpose of providing benefits under a qualified governmental excess benefit arrangement) in respect of a qualified governmental excess benefit arrangement shall constitute income derived from the exercise of an essential governmental function upon which such governmental plan (or trust) shall be exempt from tax under section 115 [26 USCS § 115].

(2) Taxation of participant. For purposes of this chapter [26 USCS §§ 1 et seq.]—

(A) the taxable year or years for which amounts in respect of a qualified governmental excess benefit arrangement are includible in gross income by a participant, and

(B) the treatment of such amounts when so includible by the participant, shall be determined as if such qualified governmental excess benefit arrangement were treated as a plan for the deferral of compensation which is maintained by a corporation not exempt from tax under this chapter [26 USCS §§ 1 et seq.] and which does not meet the requirements for qualification under section 401 [26 USCS § 401].

(3) Qualified governmental excess benefit arrangement. For purposes of this subsection, the term "qualified governmental excess benefit arrangement" means

83a

a portion of a governmental plan if—

(A) such portion is maintained solely for the purpose of providing to participants in the plan that part of the participant's annual benefit otherwise payable under the terms of the plan that exceeds the limitations on benefits imposed by this section,

(B) under such portion no election is provided at any time to the participant (directly or indirectly) to defer compensation, and

(C) benefits described in subparagraph (A) are not paid from a trust forming a part of such governmental plan unless such trust is maintained solely for the purpose of providing such benefits.

(n) Special rules relating to purchase of permissive service credit.

(1) In general. If a participant makes 1 or more contributions to a defined benefit governmental plan (within the meaning of section 414(d) [26 USCS § 414(d)]) to purchase permissive service credit under such plan, then the requirements of this section shall be treated as met only if—

(A) the requirements of subsection (b) are met, determined by treating the accrued benefit derived from all such contributions as an annual benefit for purposes of subsection (b), or

(B) the requirements of subsection (c) are met, determined by treating all such contributions as annual additions for purposes of subsection (c).

(2) Application of limit. For purposes of—

(A) applying paragraph (1)(A), the plan shall not fail to meet the reduced limit under subsection (b)(2)(C) solely by reason of this subsection, and

(B) applying paragraph (1)(B), the plan shall not fail to meet the percentage limitation under subsection (c)(1)(B) solely by reason of this subsection,"

84a

(3) Permissive service credit. For purposes of this subsection—

(A) In general. The term "permissive service credit" means service credit—

(i) recognized by the governmental plan for purposes of calculating a participant's benefit under the plan,

(ii) which such participant has not received under such governmental plan, and

(iii) which such participant may receive only by making a voluntary additional contribution, in an amount determined under such governmental plan, which does not exceed the amount necessary to fund the benefit attributable to such service credit. Such term may include service credit for periods for which there is no performance of service, and, notwithstanding clause (ii), may include service credited in order to provide an increased benefit for service credit which a participant is receiving under the plan.

(B) Limitation on nonqualified service credit. A plan shall fail to meet the requirements of this section if—

(i) more than 5 years of nonqualified service credit are taken into account for purposes of this subsection, or

(ii) any nonqualified service credit is taken into account under this subsection before the employee has at least 5 years of participation under the plan.

(C) Nonqualified service credit. For purposes of subparagraph (B), the term "nonqualified service credit" means permissive service credit other than that allowed with respect to—

(i) service (including parental, medical, sabbatical, and similar leave) as an employee of the Government of the United States, any State or political subdivision thereof, or any agency or instrumentality of any of the foregoing (other than military service or service for

85a

credit which was obtained as a result of a repayment described in subsection (k)(3)),

(ii) service (including parental, medical, sabbatical, and similar leave) as an employee (other than as an employee described in clause (i)) of an educational organization described in section 170(b)(1)(A)(ii) [26 USCS § 170(b)(1)(A)(ii)] which is a public, private, or sectarian school which provides elementary or secondary education (through grade 12), or a comparable level of education, as determined under the applicable law of the jurisdiction in which the service was performed,

(iii) service as an employee of an association of employees who are described in clause (i), or

(iv) military service (other than qualified military service under section 414(u) [26 USCS § 414(u)]) recognized by such governmental plan.

In the case of service described in clause (i), (ii), or (iii), such service will be nonqualified service if recognition of such service would cause a participant to receive a retirement benefit for the same service under more than one plan.

(D) Special rules for trustee-to-trustee transfers. In the case of a trustee-to-trustee transfer to which section 403(b)(13)(A) or 457(e)(17)(A) [26 USCS § 403(b)(13)(A) or 457(e)(17)(A)] applies (without regard to whether the transfer is made between plans maintained by the same employer)—

(i) the limitations of subparagraph (B) shall not apply in determining whether the transfer is for the purchase of permissive service credit, and

(ii) the distribution rules applicable under this title to the defined benefit governmental plan to which any amounts are so transferred shall apply to such amounts and any benefits attributable to such amounts.

86a

**TITLE 26 -- INTERNAL REVENUE**
**CHAPTER I -- INTERNAL REVENUE SERVICE,**
**DEPARTMENT OF THE TREASURY**
**SUBCHAPTER D -- MISCELLANEOUS EXCISE**
**TAXES PART 54 -- PENSION EXCISE TAXES**

**26 C.F.R. § 54.4975-7**

Other statutory exemptions.

(a) [Reserved]

(b) Loans to employee stock ownership plans--

(8) Release from encumbrance-

(b)(8)(i) of this section operates as illustrated in the following example:

(iv) Illustration. The general rule under paragraph

Example. Corporation X establishes an ESOP that borrows $750,000 from a bank. X guarantees the loan, which is for 15 years at 5% interest and is payable in level annual amounts of $72,256.72. Total payments on the loan are $1,083,850.80. The ESOP uses the entire loan proceeds to acquire 15,000 shares of X stock which is used as collateral for the loan. The number of securities to be released for the first year is 1,000 shares, i.e., 15,000 shares X $72,256.72/$1,083,850.80 = 15,000 shares X 1/15. The number of securities to be released for the second year is 1,000 shares, i.e., 14,000 shares X $72,256.72/$1,011,594.08 = 14,000 shares X 1/14. If all loan payments are made as originally scheduled, the number of securities released in each succeeding year of the loan will also be 1,000.