UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **JOSEPH F. HUTCHISON, et al.,** | ) | Case No. 1:01-789 |
| | ) | |
| Plaintiffs, | ) | (Judge Beckwith) |
| | ) | |
| -v- | ) | (Magistrate Judge Hogan) |
| | ) | |
| **FIFTH THIRD BANCORP,** | ) | DEFENDANT FIFTH THIRD'S REPLY |
| | ) | MEMORANDUM IN SUPPORT OF |
| Defendant. | ) | DEFENDANT'S SECOND AMENDED |
| | ) | <u>BILL OF COSTS</u> |
| | ) | |
| | ) | |

  Plaintiffs do not dispute the necessity or reasonableness of the cost items listed in Fifth Third's Second Amended Bill of Costs. Rather, Plaintiffs dispute Fifth Third's right to recover these costs under Federal Rule 54(d). Fifth Third, however, is presumptively entitled to recoup such costs under federal law and the Plaintiffs have failed to meet their burden of proving that costs are not warranted in this case.

  Rule 54(d) of the Federal Rules of Civil Procedure provides that "costs shall be allowed as of course to the prevailing party unless the court otherwise directs." The United States Court of Appeals for the Sixth Circuit has interpreted this rule as creating a presumption in favor of awarding costs. *White & White v. American Hospitality Supply Corp.*, 786 F.2d 728, 730 (6th Cir., 1986). Pursuant to this rule, the "prevailing party is *prima facie* entitled to costs unless the judgment recovered was insignificant in comparison to the amount actually sought." *Lewis v. Pennington*, 400 F.2d 806, 819 (6th Cir. 1968). In order to avoid the payment of costs, the unsuccessful party bears the burden of showing circumstances sufficient to overcome the presumption favoring costs to the prevailing party. *White*, 786 F.2d at 732. Such circumstances include:

> (1) where taxable expenditures are unnecessary or are unreasonably large; (2) where the prevailing party should be penalized for unnecessarily prolonging the trial or injecting unmeritorious issues; (3) where the prevailing party's recovery is so insignificant that the judgment amounts to a victory for the nonprevailing party; and (4) where the case is "close and difficult."

*Id.* at 730-31.

Plaintiffs have failed to meet their burden of identifying circumstances sufficient to overcome the presumption favoring an award of costs. Plaintiffs claim in a blanket statement that costs should not be awarded because: "(1) Plaintiffs initiated and pursued their claims against Defendant in good faith; (2) This litigation presented close and difficult issues such that it was difficult to discern the law of the case; and (3) Plaintiffs brought this action to assert the interests of all beneficiaries (67 beneficiaries in all) of an Employee Stock Ownership Plan, whose assets totaling approximately $467,000 in value were taken by Defendant without compensation." Memorandum in Opp., p. 1. This statement does not come close to satisfying the burden Plaintiffs carry.

First, the Sixth Circuit has held that good faith alone is insufficient to deny the prevailing party an award of costs. *White*, 786 F.2d at 731. The fact that a claim was brought in good faith simply does not overcome the fact that Plaintiffs' claims were defeated on summary judgment.

Second, the legal issues involved in this case were anything but close and difficult. As the Court is well aware, the gist of Plaintiffs' allegations – at least before they altered their theory on appeal – was that Fifth Third had effected a "transfer" of plan assets and thus was required to make a distribution to the former members of the Suburban ESOP. That position has been shown to be wholly without merit. Indeed, the facts establish that the Suburban ESOP was not merged into any other plans of Fifth Third. Rather, Fifth Third amended the Suburban ESOP to allow other Fifth Third employees to participate.

Third, no assets were improperly taken by Defendant without compensation. This was confirmed in this Court's Order granting summary judgment in favor of Fifth Third and an appellate decision upholding that Order. The fact that Plaintiffs reiterate this argument – yet again – after all that has transpired is not only ridiculous, but also it demonstrates one of the reasons why Fifth Third is entitled to costs: Plaintiffs have repeatedly pursued a damages claim that they were not legally entitled to recover on.

In addition to the foregoing, Plaintiffs argue – without citing any legal authority – that Fifth Third cannot recover its copy costs. This is incorrect. Fifth Third is entitled to receive copying costs, as this is one of the cost items allowable under 28 U.S.C. § 1920. Sections 3 and 4 specifically permit an award of costs for: "Fees and disbursements for printing and witnesses" and "Fees for exemplification and copies of papers necessarily obtained for use in this case."

Plaintiffs provided a detailed schedule of costs, which identifies: (1) a $1,604.20 for printing costs incurred in producing Fifth Third's brief in opposition to Plaintiffs' motion for writ of certiorari; (2) a CopyPlex fee for reproduction of documents in the amount of $2,672.84; and (3) internal reproduction costs in the total amount of $3,336.39. The later cost includes reproduction costs for the life of the litigation, which has now lasted more than six years, and specifically accounts for the costly reproduction of a voluminous appendix filed in support of Fifth Third's motion for summary judgment (which was so large it had to be manually filed). Notably, the Plaintiffs do not oppose the necessity and reasonableness of these costs – likely because they are rather insignificant in light of the length of the litigation. Further, even if this Court determines that all of the reproduction costs should not be awarded, the law supports a percentage reduction of the copy costs. *See e.g., Summit Tech., Inc. v. Nikdek Co.* 435 F.3d 1371, 1378-1380 (Fed. Cir. 2006) (reducing copying costs by 50% in a complex patent litigation

matter because in such cases "parties cannot be expected to track the identity of each photocopied page along with a record of its relevance to the litigation."); *In re Merritt Meridian Constr. Corp.* 95 F.3d 153, 173 (2nd Cir. 1996) (affirming 70% reduction of non-itemized copying costs to reflect court's estimate of the cost of photocopying exhibits and papers submitted for trial); *Rice v. Sunrise Express, Inc.*, 237 F.Supp.2d 962, 981 (N.D. Ind. 2002) (reducing copy costs by 20% to account for possibility that some were made for convenience of counsel).

For these reasons and the reasons stated in Fifth Third's previous memoranda seeking attorneys' fess and costs, Fifth Third respectfully requests that this Court order the Plaintiffs to pay Fifth Third's costs in the amount of $10,415.18.

Respectfully submitted,

s/ Christy M. Nageleisen
Patrick F. Fischer (0039671)
Sue A. Erhart (0066639)
Christy M. Nageleisen (0076600)
One East Fourth Street, Suite 1400
Cincinnati, Ohio 45202
Tel: (513) 639-3929
Fax: (513) 579-6457
pfischer@kmklaw.com
serhart@kmklaw.com
cnageleisen@kmklaw.com
Attorneys for Defendant,
Fifth Third Bancorp

OF COUNSEL:

KEATING, MUETHING & KLEKAMP, P.L.L.
One East Fourth Street, Suite 1400
Cincinnati, Ohio 45202
(513) 579-6400

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing DEFENDANT FIFTH THIRD'S REPLY MEMORANDUM IN SUPPORT OF DEFENDANT'S SECOND AMENDED BILL OF COSTS was served upon Richard G. Meyer, William J. Moran, and John R. Kirk, Deters,

- 5 -

Benzinger & Lavelle, PSC, Thomas More Park, 207 Thomas More Parkway, Crestview Hills, KY 41017-2596 via the Court's electronic docket, this 11th day of February, 2008.

                                                ___s/ Christy M. Nageleisen_____
                                                Christy M. Nageleisen

2369947.1